**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Liana W. Chen (CA Bar No. 296965)
Ruben Peña (CA Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com
ruben@KRInternetLaw.com

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **TRADESHIFT, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**BUYERQUEST, INC.**, an Ohio corporation,<br><br>Defendant. | Case No. 3:20-cv-01294-RS<br><br>**DEFENDANT BUYERQUEST, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. RULE CIV. PROC. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Time: 1:30 p.m.<br>Date: May 21, 2020<br>Before: The Hon. Richard Seeborg<br>Ctrm.: 3—17th Floor |

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 21, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 3, 17th Floor, located at the San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant BuyerQuest, Inc. ("Defendant" or "BuyerQuest") will and hereby does move this Court to dismiss the Complaint of Plaintiff Tradeshift, Inc. ("Plaintiff" or "Tradeshift") without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

The Court should grant BuyerQuest's motion for the following reasons:

1. The Court should dismiss Tradeshift's breach of contract claim because Tradeshift has not adequately alleged the contract at issue and has not alleged, and cannot allege, the conduct that amounted to a breach.
2. The Court should dismiss Tradeshift's claim for intentional interference with contractual relations because Tradeshift has not alleged, and cannot allege, how BuyerQuest's conduct caused a breach of a third-party contract.
3. The Court should dismiss Tradeshift's claim for breach of the implied covenant of good faith and fair dealing because Tradeshift has not adequately alleged the contract at issue and has not alleged, and cannot allege, BuyerQuest's conscious and deliberate misconduct or how BuyerQuest's alleged misconduct amounted to more than a contractual breach.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, and the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

//

//

//

//

Respectfully Submitted,

DATED: March 18, 2020

**KRONENBERGER ROSENFELD, LLP**

By: s/Karl S. Kronenberger
Karl S. Kronenberger

Attorneys for Defendant BuyerQuest, Inc.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

## TABLE OF CONTENTS

INTRODUCTION ..... 1
STATEMENT OF THE ISSUES ..... 2
BACKGROUND ..... 2
ARGUMENT ..... 2
A. Standard for Evaluating a Motion under rule 12(b)(6) ..... 2
B. Tradeshift has not stated a breach of contract claim where it has not identified the relevant contractual terms nor described BuyerQuest's supposed breach ..... 3
C. Tradeshift has not alleged sufficient facts to state a claim for intentional interference with contractual relations ..... 5
1. Tradeshift has not alleged the necessary intent or causation ..... 5
2. BuyerQuest cannot be liable because it is a part of the contract at issue ..... 7
D. Tradeshift has not alleged sufficient facts to state a claim for breach of the implied covenant of good faith and fair dealing ..... 8
E. Tradeshift fails to allege facts for punitive or statutory damages ..... 10
CONCLUSION ..... 10

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

## TABLE OF AUTHORITIES

**Cases**

*Aliya Medcare Fin., LLC v. Nickell*,
156 F. Supp. 3d 1105 (C.D. Cal. 2015) ........ 6

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal. 4th 503 (1994) ........ 7

*Bank of N.Y. v. Fremont Gen. Corp.*,
523 F.3d 902 (9th Cir. 2008) ........ 5

*Becerra v. Dr Pepper/Seven Up, Inc.*,
945 F.3d 1225 (9th Cir. 2019) ........ 3

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) ........ 9

*Celebrity Chefs Tour, LLC v. Macy's, Inc.*,
No. 13-CV-2714 JLS KSC, 2014 WL 1660674 (S.D. Cal. Apr. 25, 2014) ........ 6

*Claridge v. RockYou, Inc.*,
785 F. Supp. 2d 855 (N.D. Cal. 2011) ........ 9

*Dryden v. Tri-Valley Growers*,
65 Cal. App. 3d 990 (1977) ........ 6

*E.D.C. Techs., Inc. v. Seidel*,
216 F. Supp. 3d 1012 (N.D. Cal. 2016) ........ 3

*Enterprises, Inc. v. San Diego Unified Port Dist.*,
106 Cal. App. 4th 1219 (2003) ........ 6

*Fortaleza v. PNC Fin. Servs. Grp., Inc.*,
642 F. Supp. 2d 1012 (N.D. Cal. 2009) ........ 8

*Fortinet Inc. v. FireEye Inc.*,
No. 5:13-CV-02496-EJD, 2014 WL 4955087 (N.D. Cal. Sept. 30, 2014) ........ 6

*Gilmore v. Lycoming Fire Ins. Co.*,
55 Cal. 123 (1880) ........ 4

*Hamilton San Diego Apartments v. RBC Capital Markets Corp.*,
No. 312CV2259JMBLM, 2013 WL 12090313 (S.D. Cal. Mar. 5, 2013) (dismissing ........ 8

*Heimrich v. Dep't of the Army*,
947 F.3d 574 (9th Cir. 2020) ........ 2

*Jenni Rivera Enterprises, LLC v. Latin World Entm't Holdings, Inc.*,
36 Cal. App. 5th 766 (2019) .......... 5

*Maritz Inc. v. Carlson Mktg. Grp., Inc.*,
No. C 07-05585 JSW, 2009 WL 3561521 (N.D. Cal. Oct. 30, 2009) .......... 7

*Mintz v. Blue Cross of California*,
172 Cal. App. 4th 1594 (2009) .......... 7

*Nasseri v. Wells Fargo Bank, N.A.*,
147 F. Supp. 3d 937 (N.D. Cal. 2015) .......... 4, 9

*Nat'l Funding, Inc. v. Commercial Credit Counseling Servs., Inc.*,
No. CV 18-6437-MWF (ASX), 2018 WL 6444899 (C.D. Cal. Nov. 6, 2018) .......... 6

*Nayab v. Capital One Bank (USA), N.A.*,
942 F.3d 480 (9th Cir. 2019) .......... 3

*N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*,
685 F. Supp. 2d 1112 (S.D. Cal. 2010) .......... 3-4

*PM Grp., Inc. v. Stewart*,
154 Cal. App. 4th 55 (2007) .......... 7

*Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*,
715 F. Supp. 2d 1079 (E.D. Cal. 2010) .......... 3, 4

*Reeves v. Hanlon*,
33 Cal. 4th 1140 (2004) .......... 5

*Rockridge Tr. v. Wells Fargo, N.A.*,
985 F. Supp. 2d 1110 (N.D. Cal. 2013) .......... 8

*Rosado v. eBay Inc.*,
53 F. Supp. 3d 1256 (N.D. Cal. 2014) .......... 9

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
732 F. Supp. 2d 952 (N.D. Cal. 2010) .......... 8

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .......... 3

*Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*,
675 F. App'x 725 (9th Cir. 2017) .......... 6

*Terpin v. AT&T Mobility, LLC*,
399 F. Supp. 3d 1035 (C.D. Cal. 2019) .......... 9

*United States v. Agbayani Constr. Corp.*,
No. 14-CV-02503-MEJ, 2014 WL 3866095 (N.D. Cal. Aug. 5, 2014) .......... 6, 10

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

*W. Air Charter, Inc. v. Schembari*,
No. CV 17-00420-AB (KSX), 2017 WL 10638759 (C.D. Cal. Oct. 6, 2017).................. 5

*Wilson v. Fla. Dep't of Revenue*,
No. 14-CV-04726-JCS, 2015 WL 136557 (N.D. Cal. Jan. 8, 2015).............................. 6

**Statutes**

California Civil Code §3294........................................................................................ 10

**Rules**

Fed. Rule Civ. Proc. 9 ..................................................................................................... 6

Fed. Rule Civ. Proc. 12(b)(6) ........................................................................... *passim*

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant BuyerQuest, Inc. ("BuyerQuest") requests that the Court dismiss the Complaint of Plaintiff Tradeshift, Inc. ("Tradeshift") in its entirety without leave to amend pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. While Tradeshift sets forth legal elements and conclusions in its Complaint, it fails to adequately allege any facts supporting its claims for breach of contract, tortious interference with contractual relations, and breach of the covenant of good faith and fair dealing.

As brief background, Tradeshift and BuyerQuest entered into a Reseller Order Form ("RoF"), whereby Tradeshift agreed to resell BuyerQuest's e-procurement software to third party Smucker. Despite arguing that BuyerQuest breached its contract, Tradeshift does not attach the RoF to its Complaint or set forth the relevant provisions of the RoF in its Complaint. Then, Tradeshift circularly argues that BuyerQuest breached the RoF because it did not comply with select summarized provisions of the RoF, without actually describing the factual conduct that amounted to the purported non-compliance.

Given these threadbare allegations, and because Tradeshift will be unable to amend with the basic facts, Tradeshift's Complaint should be dismissed as follows:

1. The Court should dismiss Tradeshift's breach of contract claim because Tradeshift has not adequately alleged the contract at issue and has not alleged, and cannot allege, any conduct by BuyerQuest that amounted to a breach.
2. The Court should dismiss Tradeshift's claim for intentional interference with contractual relations because Tradeshift has not alleged, and cannot allege, how BuyerQuest's conduct caused a breach of a third-party contract.
3. The Court should dismiss Tradeshift's claim for breach of the implied covenant of good faith and fair dealing because Tradeshift has not adequately alleged the contract at issue and has not alleged, and cannot allege, BuyerQuest's conscious and deliberate misconduct or how BuyerQuest's alleged misconduct

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

amounted to more than a contractual breach.

## STATEMENT OF THE ISSUES

At issue in this motion is whether the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## BACKGROUND

On June 8, 2019, Tradeshift entered into the Smucker Services Agreement, under which Tradeshift agreed to provide e-procurement software to Smucker. (Compl. ¶9.) Indeed, Tradeshift and BuyerQuest had jointly responded to Smucker's vendor search, identifying BuyerQuest as a "'key subcontractor' to Tradeshift in the Smucker Services Agreement." (Compl. ¶¶8–9.)

Concurrently, Tradeshift entered into several agreements with BuyerQuest to resell BuyerQuest's e-procurement software to Smucker. (Compl. ¶¶12–14.) The 37-page RoF was one of these agreements. (Compl. ¶14.) Tradeshift did not attach the RoF to its Complaint or set forth all of the relevant provisions of the RoF verbatim in its Complaint. Rather, Tradeshift selectively quoted from three provisions of the RoF and summarized two other provisions. (Compl. ¶15.) While Tradeshift has alleged that BuyerQuest "disparaged" Tradeshift and "misrepresented" Tradeshift's products, the Complaint is devoid of any facts describing the alleged misrepresentation or disparagement. (Compl. ¶37.) Similarly, while Tradeshift has alleged that BuyerQuest communicated with Smucker without including Tradeshift, there are no alleged facts regarding these supposed communications. (Compl. ¶37.)

On January 16, 2020, Smucker terminated its contract with Tradeshift, explaining that Tradeshift had "made certain intentional and material misrepresentations about its product capabilities that rendered the agreement voidable." (Compl. ¶17.)

## ARGUMENT

### A. Standard for Evaluating a Motion under Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Heimrich v.*

*Dep't of the Army*, 947 F.3d 574, 577 (9th Cir. 2020). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 496 (9th Cir. 2019). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *See Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019).

The Ninth Circuit has set forth two principles for evaluating facial plausibility. First, to be entitled to the presumption of truth, a complaint's allegations may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *See id.*

As explained herein, Tradeshift has failed to allege sufficient allegations of underlying facts, and Tradeshift will be unable to cure these defects.

**B. Tradeshift has not stated a breach of contract claim where it has not identified the relevant contractual terms nor described BuyerQuest's supposed breach.**

The elements of a cause of action for breach of contract under California law are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *See E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012, 1015 (N.D. Cal. 2016).

To determine whether a plaintiff has stated a claim for breach of contract, a court must compare the allegations in the complaint with the terms of the contract. *See Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1085 (E.D. Cal. 2010). To allow a court to perform this comparison, the plaintiff must plead the contract either by its terms, set out verbatim in the complaint or a copy of the contract attached to the

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

complaint and incorporated therein by reference, or by its legal effect. *See N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010). "[W]here a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in *haec verba*, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." *Nasseri v. Wells Fargo Bank, N.A.*, 147 F. Supp. 3d 937, 941 (N.D. Cal. 2015) (quoting *Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880)).[1] The fact that the contract at issue may contain a confidentiality provision is not a defense to the requirement of pleading the contract. *See N. Cty. Commc'ns Corp.*, 685 F. Supp. 2d at 1122.

Here, Tradeshift has strategically omitted both the contact as an exhibit and the substantive contract terms and their legal effect. Instead, Tradeshift only partially quotes from three provisions of the RoF and generalizes two other provisions. (Compl. ¶15.) This is not an adequate description for a breach of contract claim. In particular, Tradeshift's limited description of the RoF makes it is impossible for BuyerQuest and the Court to "compare the allegations of the complaint with the terms of the contract" to determine whether Tradeshift has alleged conduct that amounted to a breach. *See Raisin Bargaining Ass'n,* 715 F. Supp. 2d at 1085.

Also making the comparison impossible, Tradeshift has not actually described any conduct by BuyerQuest that amounted to a breach. Rather, Plaintiff circularly alleges that BuyerQuest breached the RoF by not complying with its provisions. As an example, Tradeshift alleges that the RoF required BuyerQuest to "'support any change request through the Change Control Process"; Tradeshift then alleges that BuyerQuest breached the RoF by "failing to follow the Change Control Process." (*Compare* Compl. ¶15 *with* ¶31.) This allegation is entirely circular and provides no notice to BuyerQuest or the Court of BuyerQuest's conduct that allegedly amounted to a breach. Similarly, Tradeshift alleges

[1] Likewise, to plead a contract by its legal effect, the plaintiff must allege the substance of its relevant terms. *See N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010).



KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

that the RoF required BuyerQuest to "support Tradeshift with 'planning, configuration, deliverables, integrations, change, requests, and product updates'"; Tradeshift then alleges that BuyerQuest breached the RoF by "failing to support Tradeshift with planning, configurations, deliverables, integrations, change requests and product updates necessary for other Smucker project implementation." (*Compare* Compl. ¶15 *with* ¶31.) Again, this allegation is entirely circular and provides no notice to BuyerQuest or the Court of BuyerQuest's conduct that allegedly amounted to a breach. Importantly, Tradeshift will be unable to amend its Complaint to allege sufficient facts because none exist.

In sum, Tradeshift has not sufficiently identified the RoF's terms or BuyerQuest's alleged breach. As such, the claim should be dismissed without leave to amend.

**C. Tradeshift has not alleged sufficient facts to state a claim for intentional interference with contractual relations.**

To state a claim for intentional interference with contractual relations, a plaintiff must allege: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship, (4) actual breach or disruption of the contractual relationship, and (5) resulting damage. *See Reeves v. Hanlon*, 33 Cal. 4th 1140, 1148 (2004).

**1. Tradeshift has not alleged the necessary intent or causation.**

To establish the requisite intent for an interference claim, the plaintiff must allege the defendant's knowledge that the interference was certain or substantially certain to occur as a result of its action. *See Reeves*, 33 Cal. 4th at 1148*; see also W. Air Charter, Inc. v. Schembari*, No. CV 17-00420-AB (KSX), 2017 WL 10638759, at *3 (C.D. Cal. Oct. 6, 2017) (setting up a competing business is not in and of itself an intentional act designed to induce a breach or disruption).

Relatedly, no liability can arise unless the defendant's intentional conduct *caused* the breach. *See Bank of N.Y. v. Fremont Gen. Corp.*, 523 F.3d 902, 909 (9th Cir. 2008); *Jenni Rivera Enterprises, LLC v. Latin World Entm't Holdings, Inc.*, 36 Cal. App. 5th 766,

792 (2019) (confirming the test is whether the conduct was a substantial factor in causing the damages). Where allegations make it just as possible that the contracting party "decided on its own" to breach a contract, an intentional interference claim should be dismissed. *See Celebrity Chefs Tour, LLC v. Macy's, Inc.*, No. 13-CV-2714 JLS KSC, 2014 WL 1660674, at *7 (S.D. Cal. Apr. 25, 2014); *see also Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997 (1977) ("[A] plaintiff . . . must allege . . . that the contract would otherwise have been performed."); *Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017) (affirming dismissal of claims without leave to amend where the complaint made clear that plaintiff's relationship soured before defendant's alleged misconduct); *Tuchscher Develop. Enterprises, Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1241 (2003) (finding discussions with contracting party did not satisfy the plaintiff's burden as to causation).

Importantly, where an interference claim is premised on misrepresentation or fraud, the plaintiff must satisfy the heightened pleading requirements of Rule 9. *See United States v. Agbayani Constr. Corp.*, No. 14-CV-02503-MEJ, 2014 WL 3866095, at *3 (N.D. Cal. Aug. 5, 2014) (holding allegations of general false representations were insufficient where they did not identify the specific false allegations, who made them, when and where they were made, or how they were made). Regardless of which pleading standard applies, conclusory allegations will not suffice to establish the requisite intent or causation. *See Aliya Medcare Fin., LLC v. Nickell*, 156 F. Supp. 3d 1105, 1135 (C.D. Cal. 2015); *Fortinet Inc. v. FireEye Inc.*, No. 5:13-CV-02496-EJD, 2014 WL 4955087, at *9 (N.D. Cal. Sept. 30, 2014) (granting motion to dismiss where conclusory allegations only stated that the defendant "solicited, induced, and encouraged" employees but did not provide factual allegations as to how); *Wilson v. Fla. Dep't of Revenue*, No. 14-CV-04726-JCS, 2015 WL 136557, at *11 (N.D. Cal. Jan. 8, 2015) (noting failure to allege specific facts); *Nat'l Funding, Inc. v. Commercial Credit Counseling Servs., Inc.*, No. CV 18-6437-MWF (ASX), 2018 WL 6444899, at *5 (C.D. Cal. Nov. 6, 2018) (finding legal conclusions insufficient).

In this case, Tradeshift has not stated a valid claim for interference for several

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

reasons. First, Tradeshift's own allegations show that BuyerQuest did not cause Smucker to terminate its contract with Tradeshift; rather, as conceded in the Complaint, Smucker explained that it terminated the contract solely due to Tradeshift's "intentional and material misrepresentations" about its products. (Compl. ¶17.) Further, Tradeshift has not alleged any intentional acts by BuyerQuest designed to induce a breach or disruption of Tradeshift's contract with Smucker, and Tradeshift certainly has not done so with the required specificity. While Tradeshift has alleged that BuyerQuest "disparaged" Tradeshift and "misrepresented" Tradeshift's products, the Complaint is utterly devoid of any facts describing the alleged misrepresentation or disparagement. (Compl. ¶37.) Similarly, while Tradeshift has alleged that BuyerQuest communicated with Smucker without including Tradeshift, there are no alleged facts regarding these supposed communications (*i.e.*, they cannot be viewed as an intentional act that would cause a breach). (Compl. ¶37.) Moreover, Tradeshift has not alleged how this generalized conduct was a substantial factor in causing Smucker to terminate its agreement with Tradeshift. Simply communicating with a party to a contract is not an "intentional" or tortious act, and the Complaint by itself shows that Smucker terminated the contract due to Tradeshift's own conduct. Given these incurable deficiencies, the Court should dismiss without leave to amend.

**2. BuyerQuest cannot be liable because it is a part of the contract at issue.**

"The tort duty not to interfere with [a] contract falls only on strangers-interlopers who have no legitimate interest in the scope or course of the contract's performance." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994). In other words, where a contract provides for a company's performance, neither the company nor its agents can be liable for the tort of interfering with the contract. *See PM Grp., Inc. v. Stewart*, 154 Cal. App. 4th 55, 65 (2007); *Maritz Inc. v. Carlson Mktg. Grp., Inc.*, No. C 07-05585 JSW, 2009 WL 3561521, *4 (N.D. Cal. Oct. 30, 2009); *Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1607 (2009) (finding representative of contracting party could not be held liable). Likewise, permitting a plaintiff to assert both a breach of contract claim and an intentional interference with contractual relationship claim is impermissibly duplicative

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

where the interference is a foreseeable consequence of the defendant's breach of contract. *See Hamilton San Diego Apartments v. RBC Capital Markets Corp.*, No. 312CV2259JMBLM, 2013 WL 12090313, at *5 (S.D. Cal. Mar. 5, 2013) (dismissing tort claim).

While Tradeshift has not attached its contract with Smucker or BuyerQuest, it alleges that Tradeshift and BuyerQuest jointly responded to Smucker, and that "BuyerQuest was identified as a 'key subcontractor' to Tradeshift in the Smucker Services Agreement." (Compl. ¶¶8-9.) Moreover, the alleged misconduct is essentially the same for the breach of contract and tort claims, namely that BuyerQuest communicated with Smucker in purported violation of BuyerQuest's contract with Tradeshift. (Compl. ¶¶23, 27, 31, 37, 43.) Thus, BuyerQuest cannot be liable for breaching the Smucker contract where the tort claim is essentially a breach of contract claim in disguise, and Tradeshift's intentional interference claim is wholly duplicative of its breach of contract claim.

Thus, a claim for intentional interference should be dismissed without leave to amend.

**D. Tradeshift has not alleged sufficient facts to state a claim for breach of the implied covenant of good faith and fair dealing.**

A claim for breach of the implied covenant of good faith and fair dealing requires that: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

As with the above claims, vague allegations are insufficient to support a claim for breach of the implied covenant as the allegations "must be pleaded with specificity" and must identify the contractual provision that was frustrated. *See Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1156 (N.D. Cal. 2013); *Fortaleza v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1022 (N.D. Cal. 2009). In particular, the allegations of a

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

defendant's conduct cannot be pled in a conclusory manner. *See Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 865 (N.D. Cal. 2011). Rather, the plaintiff must allege specific facts establishing "a conscious and deliberate act" by the defendant, which show that the defendant "lacked subjective good faith in the validity of its act or the act was intended to and did frustrate the common purpose of the agreement." *Rosado v. eBay Inc.*, 53 F. Supp. 3d 1256, 1267 (N.D. Cal. 2014); *Nasseri v. Wells Fargo Bank, N.A.*, 147 F. Supp. 3d 937, 942 (N.D. Cal. 2015) (quoting *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)).

Notably, the cause of action requires "something beyond" the mere breach of a contractual duty. *See Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035, 1050 (C.D. Cal. 2019) (quoting *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (1990) (*Careau*)). If the claim's "allegations do not go beyond the statement of a mere contractual breach and, relying on the same alleged acts, simply seek the same damages or other relief" already claimed in a concurrent claim for breach of contract, the claim should be disregarded as superfluous. *Nasseri*, 147 F. Supp. 3d at 943 (quoting *Careau*, 222 Cal. App. 3d at 1395).

Tradeshift's claim for breach of the implied covenant of good faith and fair dealing fails for multiple reasons. First, Tradeshift does not specify any contractual provision that BuyerQuest supposedly frustrated, let alone with the required specificity. As with the breach of contract claim, Tradeshift's threadbare description of the RoF makes it impossible for BuyerQuest and the Court to understand BuyerQuest's obligations under the RoF and Tradeshift's benefits that were supposedly frustrated.

Second, Tradeshift fails to provide any details about how BuyerQuest engaged in deliberate and conscious acts to frustrate Tradeshift's rights under the RoF. Rather, Tradeshift's allegations are entirely conclusory and lack any details. In fact, the entirety of Tradeshift's description consists of the following: 1) that BuyerQuest "took steps to encourage Smucker to wrongfully terminate the Smucker Services Agreement so that BuyerQuest could do a direct deal with Smucker without Tradeshift for the Smucker

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

project," 2) that BuyerQuest "refused to communicate with, cooperate with, or support Tradeshift," and 3) that "BuyerQuest manufactured an excuse not to perform its obligations under the BuyerQuest Agreements and thus deprived Tradeshift of its benefit under those agreements." (Compl. ¶43.) Such conclusory statements that BuyerQuest "took steps," "manufactured an excuse," and "refused to communicate and cooperate," without more, simply do not put BuyerQuest or the Court on notice as to how BuyerQuest acted consciously, deliberately, and with subjective bad faith to frustrate the RoF.

Finally, even if Tradeshift amends the Complaint to adequately attach or describe the RoF and to adequately describe BuyerQuest's supposedly misconduct (which is unrealistic as no such facts exist), those allegations would still be entirely duplicative of Tradeshift's breach of contract claim. More specifically, in both claims, Tradeshift alleges that BuyerQuest failed to communicate with or cooperate with Tradeshift and refused "to perform any of its work or obligations following Smucker's purported termination of the Smucker Services Agreement." (*Compare* Compl. ¶¶31–32 *with* ¶43.) Thus, even if the Court found Tradeshift's allegations to be comprehensible and sufficiently detailed, they do not and cannot go beyond a statement of a mere contractual breach.

For all of these reasons, Tradeshift's claim for breach of the implied covenant of good faith and fair dealing should be dismissed without leave to amend.

**E. Tradeshift fails to allege facts for punitive or statutory damages.**

While tort claims permit punitive damages, the plaintiff must allege and prove by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice. California Civil Code §3294; *United States v. Agbayani Constr. Corp.*, No. 14-CV-02503-MEJ, 2014 WL 3866095, at *3 (N.D. Cal. Aug. 5, 2014). Moreover, statutory damages by definition rely on statute language authorizing such damages. Here, Tradeshift fails to allege any facts supporting punitive or statutory damages, and there is no indication that Tradeshift will be able to amend with sufficient facts. Thus, the claims for those damages should be dismissed without leave to amend.

**CONCLUSION**

For the reasons set forth above, the Court should dismiss Tradeshift's Complaint in its entirety without leave to amend.

Respectfully Submitted,

DATED: March 18, 2020

**KRONENBERGER ROSENFELD, LLP**

By: s/Karl S. Kronenberger
Karl S. Kronenberger

Attorneys for Defendant BuyerQuest, Inc.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108