UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC., <br> Plaintiff, <br> v. <br> BUYERQUEST, INC., <br> Defendant. | Case No. 20-cv-01294-RS <br><br> **INITIAL CASE MANAGEMENT SCHEDULING ORDER** |

The parties submitted a comprehensive Joint Case Management Statement on May 27, 2020 which rendered the Initial Case Management Conference unnecessary. The conference scheduled for June 4, 2020 is therefore vacated. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the parties' Joint Case Management Statement having been considered and good cause appearing, IT IS HEREBY ORDERED THAT:

1. ALTERNATIVE DISPUTE RESOLUTION.

MEDIATION. The parties will seek to engage in private mediation in the next 120 days.

2. AMENDING THE PLEADINGS.

The deadline to amend the pleadings or join parties without seeking leave from the Court shall be August 31, 2020.

3. DISCOVERY.

On or before February 19, 2021, all non-expert discovery shall be completed by the parties. Discovery shall be limited as follows: (a) ten (10) non-expert depositions per party; (b) twenty-five (25) interrogatories per party, including all discrete subparts; (c) a reasonable number of

requests for production of documents or for inspection per party; and (d) twenty-five (25) requests for admission per party (excluding requests concerning authentication of documents, on which there is no limit).

Per the parties' request, each side may take 30 hours of deposition time on the record, including 30(b)(6) depositions but excluding third-party depositions and expert depositions. The parties shall meet and confer in good faith on the proper time limits for expert depositions closer to the time for those depositions.

Also in keeping with the parties' proposal, the Court hereby imposes the following additional discovery rules:

> Within three days after the disclosure of any expert report, the disclosing party shall send the opposing party—by FTP link or overnight mail—a copy of all documents cited in the expert report.

> Communications between counsel and retained testifying expert witness shall not be subject to discovery, unless the communications: (i) identify facts or data that counsel provided and that the expert considered or relied upon forming the opinions to be expressed; and/or (ii) identify assumptions that counsel provided and that the expert relied upon in forming the opinions to be expressed.

> Communications between counsel and a retained expert during deposition shall not be discoverable. Communications and documents exchanged between counsel and non-testifying retained consulting expert witnesses are not discoverable. In addition, any draft reports, notes, working papers, or other preparatory materials, in whatever form, prepared by any retained expert or any person working with a retained expert, shall not be subject to discovery.

> The parties shall not be required to identify in a privilege log any communications between a party and its outside counsel concerning this action, which occurred after the filing of this lawsuit.

4.   DISCOVERY DISPUTES.

Discovery disputes will be referred to a Magistrate Judge.  After the parties have met and conferred, the parties shall prepare a joint letter of not more than 5 pages explaining the dispute.  Up to 12 pages of attachments may be added.  The joint letter must be electronically filed under the Civil Events category of "Motions and Related Filings > Motions--General > Discovery Letter Brief."  The Magistrate Judge to whom the matter is assigned will advise the parties of how that

Judge intends to proceed. The Magistrate Judge may issue a ruling, order more formal briefing, or set a telephone conference or a hearing. After a Magistrate Judge has been assigned, all further discovery matters shall be filed pursuant to that Judge's procedures.

5. EXPERT WITNESSES.

The disclosure and discovery of expert witnesses shall proceed as follows:

   a. On or before March 26, 2021, parties will designate experts in accordance with Federal Rule of Civil Procedure 26(a)(2).

   b. On or before April 23, 2021, parties will designate their supplemental and rebuttal experts in accordance with Federal Rule of Civil Procedure 26(a)(2).

   c. On or before May 28, 2021, all discovery of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4) shall be completed.

6. FURTHER CASE MANAGEMENT CONFERENCE.

A Further Case Management Conference shall be held on **January 28, 2021 at 10:00 a.m.** in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. The parties shall file a Joint Case Management Statement at least one week prior to the Conference.

7. PRETRIAL MOTIONS.

All dispositive pretrial motions must be filed and served pursuant to Civil Local Rule 7. Each party is limited to one motion for summary judgment absent leave of Court. All pretrial motions shall be heard no later than August 5, 2021. The Court encourages the participation at oral argument of lawyers who are early in their professional career (e.g., 0-10 years of experience).

8. PRETRIAL CONFERENCE.

The final pretrial conference will be held on **October 20, 2021 at 10:00 a.m.**, in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. Each party or lead counsel who will try the case shall attend personally.

9. TRIAL DATE.

A jury trial shall commence on **November 1, 2021 at 9:00 a.m.**, in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

**IT IS SO ORDERED**.

Dated:  June 2, 2020

_____
RICHARD SEEBORG
United States District Judge