UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BUYERQUEST, INC.,<br><br>    Defendant. | Case No. 20-cv-01294-RS (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 61 |

Defendant BuyerQuest moves to compel further responses to its requests for production ("RFPs") to Plaintiff Tradeshift. There are three RFPs at issue:

> RFP 33: "ALL DOCUMENTS RELATED TO ALL payments made by YOU to BUYERQUEST under the BUYERQUEST AGREEMENTS INCLUDING DOCUMENTS sufficient to show the DATE and amount of ALL such payments."
>
> RFP 34: "ALL DOCUMENTS RELATED TO ALL payments made to YOU by SMUCKER under the SMUCKER SERVICES AGREEMENT INCLUDING DOCUMENTS sufficient to show the DATE and amount of ALL such payments."
>
> RFP 35: "ALL COMMUNICATIONS RELATED TO YOUR payments to BUYERQUEST under the BUYERQUEST AGREEMENTS INCLUDING ALL COMMUNICATIONS RELATED TO any inability OR failure to pay, any delay in payment, AND/OR any other explanation or reason RELATED TO whether or not YOU could OR would make any payment to BUYERQUEST under the terms of the BUYERQUEST AGREEMENTS."

BuyerQuest states that its contract with Tradeshift included a software subscription and consulting services component by which BuyerQuest would license its software and provide consulting services to Smucker through Tradeshift. Tradeshift would invoice Smucker, receive

direct payment from Smucker, and then pay BuyerQuest its fees. For example, software subscription fees were payable to BuyerQuest "net 15 from the date of receipt from" Smucker. BuyerQuest argues that two of Tradeshift's payments to BuyerQuest were late under the contract. During meet and confer concerning these RFPs, Tradeshift agreed to produce documents showing the amounts and dates of payments, but not all the documents and communications related to the payments.

In moving to compel, BuyerQuest offers three theories of relevance. The Court discusses each in turn. First, BuyerQuest argues that the RFPs are relevant to Tradeshift's first claim for relief for breach of contract, and specifically to Tradeshift's allegation in paragraph 30 of the Complaint that it substantially complied with all conditions, covenants and promises required on its part, except to the extent they were excused by BuyerQuest's refusal to perform.

Under this theory of relevance, the identification of the dates and amounts of payments from Smucker and what they were for is all that appears to be relevant for RFP 34 because all BuyerQuest needs to know is whether the payment from Smucker triggered an obligation for Tradeshift to pay BuyerQuest. For untimely[1] payments to BuyerQuest, Defendant is entitled under RFPs 33 and 35 to documents and communications concerning why the payment was untimely because BuyerQuest is entitled to take discovery into Tradeshift's allegation that it substantially complied with its obligations except to the extent that it was excused by BuyerQuest's refusal to perform. Documents concerning why the payment was untimely could be relevant to substantial compliance (for example, if Tradeshift deliberately slowed down payment, or if it was an ordinary delay) and to excuse (for example, if BuyerQuest's refusal to perform had any causal relationship to why the payment was late). However, RFPs 33 and 35 go way beyond this and appear to ask for every document or communication about a payment, which is overbroad.

Second, BuyerQuest argues that these RFPs are relevant to Tradeshift's second cause of action for breach of the implied covenant. BuyerQuest argues that "Tradeshift must prove that BuyerQuest acted not by an honest mistake, bad judgment or negligence but rather by a conscious

---

[1] The parties agree that the two payments to BuyerQuest were untimely and that there were no timely payments.

2

and deliberate act, which unfairly frustrates the agreed common purpose." However, that argument does not make sense. Internal Tradeshift documents that BuyerQuest has never seen cannot be evidence of BuyerQuest's motives. BuyerQuest's own documents will show its motives. Even if internal Tradeshift documents validate concerns that BuyerQuest had at the time, it remains true that BuyerQuest was not aware of those documents. The notion that BuyerQuest needs to take discovery to learn what its motives were or what the reasons for its actions were fundamentally does not make any sense.

Third, BuyerQuest argues that these RFPs are relevant to Tradeshift's second cause of action for intentional interference with contractual relations. BuyerQuest points to its interrogatory 11, which asked Tradeshift to identify the misrepresentations it claims BuyerQuest made to Smucker in the course of committing this tort. Tradeshift's response references multiple instances of BuyerQuest asserting that Tradeshift does not pay its bills.[2] However, RFPs 33, 34 and 35 do not line up very well with this theory of relevance. RFP 34 is about payments *to Tradeshift*, not its payments or failure to pay others. And RFPs 33 and 35 are about Tradeshift's payments to one specific company (BuyerQuest), not its payments to vendors generally or even about Tradeshift's financial condition. As with the first theory of relevance, the Court finds that documents concerning why Tradeshift's payments to BuyerQuest were late are relevant. If they were late because Tradeshift was short on cash, that tends to show that BuyerQuest's assertions about Tradeshift's financial conditions were not false. By contrast, if payments were late for other reasons, that tends to support Tradeshift's claim that BuyerQuest's representations were false. The Court again thinks that RFPs 33 and 35 are overbroad is asking for every communication about payments.

Accordingly, the Court orders Tradeshift to produce documents showing the amounts and dates of payments and what they were for in response to RFPs 33, 34 and 35, as well as documents and communications concerning why any payment to BuyerQuest was untimely in response to

---

[2] Tradeshift argues that the false representations were only about Tradeshift's technical capabilities and that BuyerQuest is just citing a single line from a single document mentioned in the interrogatory response. However, that is not an accurate characterization of the interrogatory response.

3

RFPs 33 and 35.  BuyerQuest's motion to compel is otherwise denied.

**IT IS SO ORDERED.**

Dated: March 17, 2021

THOMAS S. HIXSON
United States Magistrate Judge