ANTHONY D. PHILLIPS
APHILLIPS@GRSM.COM



ATTORNEYS AT LAW
275 BATTERY STREET, SUITE 2000
SAN FRANCISCO, CA 94111
WWW.GRSM.COM

April 6, 2021

**ELECTRONIC MAIL AND ECF**

The Honorable Thomas Hixson
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom A - 15th Floor
San Francisco, CA 94102

   Re: *Tradeshift, Inc. v. BuyerQuest, Inc.*, No. 3:20-cv-01294-RS

## LETTER BRIEF RE: MOTION TO QUASH SUBPOENA FOR PERSONAL RECORDS OF NON-PARTY INDIVIDUAL JACK MULLOY

Dear Judge Hixson:

Pursuant to Your Honor's Discovery Standing Order (ECF 48-1), Defendant-BuyerQuest, Inc. and Non-Party individual Jack Mulloy hereby respectfully submit this Letter Brief requesting the Court quash a subpoena served by Plaintiff Tradeshift, Inc. to Google, LLC, seeking records respecting the personal e-mail (i.e. "Gmail") account of Non-Party individual Jack Mulloy.

### ATTESTATION

In compliance with Local Rule 37-1(a) and the Standing Order of the Honorable Thomas Hixson, the parties have conferred in good faith by telephone but could not resolve this dispute. The instant Letter Brief is submitted unilaterally out of necessity due to events which transpired earlier today, namely Google, LLC's representation to counsel that it would produce documents in response to the subpoena on April 7, 2021 unless a motion to quash was filed today.

DATED: April 6, 2021      GORDON REES SCULLY MANSUKHANI LLP

               */s/ Anthony D. Phillips*
               Anthony D. Phillips
               Attorneys for Defendant
               BUYERQUEST, INC.

## BUYERQUEST'S POSITION

**Requested Relief:** An order quashing Tradeshift's subpoena to Google, LLC for personal records of non-party individual, Jack Mulloy.

**Factual Background**: This case is about a software implementation project jointly undertaken by Tradeshift, Inc. ("Tradeshift") and BuyerQuest, Inc. ("BuyerQuest") pursuant to their June 2019 "Tradeshift/BuyerQuest Agreement". The project itself was undertaken for non-party J.M. Smucker ("Smucker"), pursuant to the June 2019 "Tradeshift/Smucker Agreement". In January 2020, Smucker concluded that Tradeshift could not perform, terminated the Tradeshift/Smucker Agreement and replaced Tradeshift with BuyerQuest - who successfully completed the project alone.

Tradeshift sued BuyerQuest for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing arising out of the Tradeshift/BuyerQuest Agreement and for Tortious Interference with the Tradeshift/Smucker Agreement. Tradeshift alleges that BuyerQuest disparaged it to Smucker, including by making false statements about its products, capabilities, and financial condition.

Jack Mulloy is the CEO of BuyerQuest, Inc. He is not a party to this action. Tradeshift sought Mr. Mulloy's personal emails in connection with party discovery in this case. In response to Tradeshift's discovery demands and through the meet and confer process, BuyerQuest searched Mr. Mulloy's gmail account and produced a single responsive email it located between him and Jason Barr, an employee of Smucker.

Tradeshift (represented by the same counsel) has separately sued Smucker for claims arising out of the same project in the U.S. District Court for the Southern District of New York ("New York Action"). BuyerQuest and Smucker have a joint defense agreement respecting the two cases.

According to Tradeshift, in the New York Action, Smucker produced a single ***different*** email exchanged by Messrs. Mulloy and Barr and also sent from Mr. Barr's gmail account and referencing Tradeshift.[1] Based upon the purported existence of two emails, as opposed to one, Tradeshift has since embarked on a discovery expedition that now includes a motion to compel party discovery in this case and two non-party subpoenas, including this one to Google. All three devices seek essentially the same thing – Mr. Mulloy's gmails.

**The Discovery Dispute:** On February 26, 2021, Tradeshift served Google, LLC with a Subpoena for records from the personal Gmail account of Mr. Mulloy as follows:

"*Documents sufficient to show the dates on which the email account "jackmulloy@gmail.com" sent emails to or received emails from Jason M. Barr including but not limited to at*

---

[1] Tradeshift has not shared the document produced in the New York Action.

April 6, 2021
Page 3

*"jmbarr@live.com" or "jason.barr@jmsmucker.com," including any emails that may have been deleted by the user of the email account "jackmulloy@gmail.com"*[2]

The Subpoena's date for compliance was March 15, 2021. A service copy of the Subpoena was received by counsel for BuyerQuest when forwarded by Tradeshift on March 8, 2021. Google notified Mr. Mulloy via email that it had received a Subpoena for records pertaining to his personal Gmail. Google's email warned it may respond to the Subpoena by March 26 unless it received a "motion to quash or other type of formal objection[.]"

Mr. Mulloy served objections to the Subpoena on Google and Tradeshift on March 19, 2021.[3] On March 24, 2021, Google confirmed it would not act until receipt of Court ruling on the dispute.[4][5] On March 25, 2021, Tradeshift asked Google to confer on its response to the Subpoena.

On March 27, 2021 Tradeshift served another subpoena on Mr. Mulloy in his personal capacity. That subpoena seeks a broader swathe of Mr. Mulloy's personal communications. Mr. Mulloy timely objected on April 6, 2021.

Simultaneously with this, counsel for the parties continued to meet and confer about a satisfactory production and response to Tradeshift's request for Mr. Mulloy's gmail account. Tradeshift refused to accept BuyerQuest's offer to run additional searches of Mr. Mulloy's gmail account; provide verified supplemental responses confirming what was searched and whether any responsive documents were thought to be deleted; and, a declaration from Mr. Mulloy to the same effect. Instead, Tradeshift has prepared a motion to compel on the topic which will shortly be presented to this Court via joint letter brief.

Also on April 6, counsel for the parties and Google conferred respecting the Subpoena. Tradeshift threatened a motion to compel the documents its Subpoena sought from Google. Google stated it would acquiesce and produce "responsive non-content header information associated with the account" unless Mr. Mulloy confirmed intent to file Motion to Quash the same day. This Letter Brief followed.

**Tradeshift's Subpoena to Non-Party Google Is Duplicative, Harassing, and Disproportionate to the Needs of the Case.**

Jack Mulloy is a private individual and non-party. The documents sought from Google by the Subpoena are entirely duplicative of those which were propounded on BuyerQuest by Tradeshift. (*See* Tradeshift RFP No. 15 "ALL DOCUMENTS RELATING TO or DISCUSSING

---

[2] Exhibit A: Tradeshift Subpoena to Google, LLC for records from Mr. Mulloy's personal Gmail account.
[3] Exhibit B: Non-Party Jack Mulloy Objections to Tradeshift's Subpoena to Google for personal records.
[4] Exhibit C: Google notice of receipt of Mr. Mulloy objection and hold – March 24, 2021.
[5] Unbeknownst to counsel for BuyerQuest, Google served objections to the Subpoena on March 5, 2021. BuyerQuest did not receive Google's objection until March 25, 2021 when, again, it was forwarded by Tradeshift. This is because Tradeshift's Subpoena did not identify BuyerQuest or its counsel, despite their obvious interest in the production.

April 6, 2021
Page 4

TRADESHIFT."). This Request has been the subject of lengthy meet and confer discussions and now a forthcoming motion to compel by Tradeshift.

Accordingly, the Google Subpoena attempts an "end-run" to obtain documents that are properly subject to discovery practice between the parties in this Action. The pretext for Tradeshift's refusal to compromise in party discovery and for launching non-party discovery is the purported existence of a second email sent from Mr. Mulloy's gmail account and produced in the New York Action but not here.

Possible innocent explanations for the discrepancy are obvious (but unverifiable without the email Tradeshift relies on). Nor does the existence of two emails (as opposed to one) justify Tradeshift's dragnet search for some trove of deleted or concealed messages through nonparty discovery. There is no reason, other than Tradeshift's intransigence, why this issue could not have been resolved as BuyerQuest has offered – through agreed-upon follow-up searches supported by sworn verifications.

Tradeshift does not need the information sought through the Subpoena – it is duplicative of that already sought in this case, subject to objection, conferral, and now a motion to compel. The burden of forcing nonparties (Google and Mr. Mulloy) to respond to the Subpoena outweighs the marginal benefit that an independent production of two documents Tradeshift already has would provide. And much more is needed to justify whatever theory of concealment or spoliation Tradeshift labors under.

The Subpoena is harassing as to Mr. Mulloy and appears calculated to multiply the amount and cost of litigation in this case. It should be quashed. Because Tradeshift has also submitted a joint letter brief moving to compel documents from Mr. Mulloy's gmail account in connection with its party discovery (and to which BuyerQuest will respond in due course), BuyerQuest requests both matters be decided at the same time.

**Final Proposed Compromise**: Tradeshift's Subpoena to non-party Google, LLC should be quashed and the issues decided as part of the party discovery process.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

*/s/ Anthony D. Phillips*
Anthony D. Phillips
Attorneys for Defendant
BUYERQUEST, INC.

1220641/57554486v.1