UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>BUYERQUEST, INC.,<br><br>   Defendant. | Case No. 20-cv-01294-RS   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 71 |

  Defendant BuyerQuest moves to compel the deposition of Plaintiff Tradeshift's CEO, Christian Lanng, which Tradeshift opposes, citing the apex doctrine.  ECF No. 71.

  It's undisputed that Lanng is an apex witness; he is the CEO, after all.  The parties disagree on whether his personal involvement in the events at issue is enough to justify a deposition. BuyerQuest's showing of Lanng's involvement consists of the following three assertions:

- He attended and presented at pre-contracting sales pitches made to Smucker.  Smucker has since sued Tradeshift for fraudulent inducement related to the Tradeshift/Smucker Agreement and based, in part, on those presentations.
- Tradeshift failed to timely pay BuyerQuest as required by the Tradeshift/BuyerQuest Agreement.  Mr. Lanng participated in decisions about whether and when to pay BuyerQuest and BuyerQuest's complaints about nonpayment were escalated to him.
- In November 2019, Mr. Lanng and Smucker's CFO spoke directly via phone and Mr. Lanng reassured Smucker about Tradeshift's financial stability in an

attempt to convince Smucker to continue with the Tradeshift/Smucker Agreement. No one else participated in that call. Mr. Langg attended at least one other in-person meeting with Smucker and BuyerQuest in October 2019 to discuss problems with the project.

The first bullet point has essentially nothing to do with this case, as Smucker's fraud claims are asserted in a different lawsuit pending in New York. The second bullet point is relevant to this lawsuit because it relates to the parties' performance of the contract Tradeshift alleges BuyerQuest breached. And the third bullet is directly relevant to this case. Having established that Langg had at least some direct involvement in relevant events, BuyerQuest is entitled to take his deposition. The apex doctrine is intended to shield executives from harassing depositions concerning events they did not participate in and whose knowledge about them derives only from what others reported to them. It is not intended to shield important witnesses from being examined about things they did. The Court does not accept Tradeshift's argument that if Langg was at a meeting and another Tradeshift employee was at the meeting, then his knowledge of that meeting is duplicative. Witnesses can remember things differently, and they are especially likely to if they had different roles at the meeting.

Still, a phone call, a meeting, and some discussions about paying BuyerQuest are thin gruel for a seven-hour deposition of a CEO of a global company that has hundreds of employees. Discovery closes in three weeks, *see* ECF No. 60,[1] so this limited showing of relevance is probably as good as it is ever going to get. The Court will allow BuyerQuest to depose Langg for 3.5 hours of record time; a full day isn't warranted under the apex doctrine given the limited showing of Langg's involvement. The Court rejects Tradeshift's request to narrowly limit the specific subjects that BuyerQuest can question Langg about. As with any deposition, BuyerQuest can ask him about issues relevant to the case; it sometimes happens that a witness knows more or was more involved than the questioning attorney would have guessed from the documents or from what other deponents have said.

---

[1] Accordingly, the Court rejects Tradeshift's argument that this deposition is premature.

Accordingly, BuyerQuest's motion to compel is granted in part as stated above.

**IT IS SO ORDERED.**

Dated: April 9, 2021

THOMAS S. HIXSON
United States Magistrate Judge