

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

April 19, 2021

<u>Via ECF</u>
The Honorable Thomas Hixson
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom A - 15th Floor
San Francisco, CA 94102

Re:   *Tradeshift, Inc. v. BuyerQuest, Inc.*, Case No. 20-cv-1294-RS: Supplemental Brief Regarding New Information Relevant to Pending Discovery Motions (ECF 69, 73, 74).

Dear Judge Hixson:

Tradeshift submits this supplemental letter brief to provide the Court with new information regarding (1) Tradeshift's April 9, 2021 response to BuyerQuest and Jack Mulloy's April 6, 2021 motion to quash Tradeshift's subpoena to Google (*see* ECF 69 & 73) and (2) the parties' April 12, 2021 joint letter brief regarding an order compelling BuyerQuest to further search Jack Mulloy's personal email account and explain why responsive communications known to exist have not been produced and/or were deleted (ECF 74).

At the time of Tradeshift's earlier filings, Tradeshift knew Mr. Mulloy had sent at least two relevant emails from his personal email account to the personal email account of Smucker employee Jason Barr: (1) an October 22, 2019 email from Mr. Mulloy to Mr. Barr and (2) a December 12, 2019 email from Mr. Mulloy to Mr. Barr. Mr. Mulloy produced only the October 22, 2019 email (ECF 74-8), meaning that he withheld or deleted at least the December 12, 2019 email. At the time, Smucker represented that Mr. Barr did not have any responsive emails in his personal account, indicating that he had withheld or deleted both of those emails. (ECF 73-2 at 2) ("Mr. Barr has nothing responsive in his personal possession")

Recently, however, Smucker changed its position. On April 16, Barr produced two emails from his personal email account in response to a Tradeshift subpoena: the December 12, 2019 email from Mr. Mulloy to Mr. Barr and a <u>third</u> communication: a December 12, 2019 response from Mr. Barr to Mr. Mulloy. *See* Exhibit A. Barr still did not produce the October 22, 2019 email, suggesting that Mr. Barr deleted that communication at some point (or continues to withhold it now). *See id*.

This new evidence underscores the importance of the non-content header information sought in the Google subpoena. It undercuts BuyerQuest's arguments that (1) only two responsive emails exist and Tradeshift already has them both, (2) Mr. Mulloy didn't delete any emails, and (3) Tradeshift's requests are some sort of fishing expedition. There is no dispute that Mr. Mulloy either withheld or deleted at least two responsive emails (the two December 12 emails produced

by Barr) and that Mr. Barr either withheld or deleted at least one (the October 22 email produced by BuyerQuest).  The information sought in the Google subpoena can provide unbiased, hard evidence of whether and when Mulloy deleted the unproduced responsive emails and whether any other responsive emails were similarly withheld or deleted.

The existence of this third email also stresses the need to compel BuyerQuest to further search for and produce (or explain why it cannot produce) at least the two December 2019 emails that are missing from Mr. Mulloy's production.  There is no dispute the emails existed.  BuyerQuest cannot continue to claim both that Mulloy did not delete any responsive emails *and* that he did a reasonable search of his personal email account because we know to a certainty that additional emails existed and were not produced. Tradeshift is entitled to a full production of relevant emails from Mulloy's personal account (including to prove that Mulloy received and sent the emails from his account, something that a copy produced by Smucker does not necessarily prove).

The information that Tradeshift seeks is pertinent to the depositions of Mr. Mulloy and Mr. Barr, which are scheduled for April 20 and May 12, respectively.  At this point, with BuyerQuest and Mulloy having dragged their feet and obstructed the production of relevant Mulloy emails, Tradeshift will have to hold at least Mr. Mulloy's deposition open until it receives the requested information about when Mr. Mulloy deleted the December emails or why he withheld them from production if that is indeed the case.  Tradeshift does not want to have to do the same with Mr. Barr's deposition. Accordingly, Tradeshift respectfully requests that the Court promptly rule on the two pending letter briefs or set a hearing for Wednesday, April 21, to ensure these important issues are resolved promptly.

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Amy K. Van Zant*

AMY K. VAN ZANT
Attorneys for Plaintiff
TRADESHIFT, INC.