# EXHIBIT 7

Craig J. Mariam  (SBN: 225280)
cmariam@grsm.com
Anthony D. Phillips  (SBN: 259688)
aphillips@grsm.com
Eunice J. Liao  (SBN: 330655)
eliao@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (877) 306-0043

Attorneys for Defendant
BUYERQUEST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>     vs.<br><br>BUYERQUEST, INC., an Ohio corporation,<br><br>              Defendant. | CASE NO.  3:20-cv-01294-RS<br><br>Judge: Hon. Richard Seeborg<br>Magistrate Judge: Hon. Thomas S. Hixson<br><br>**DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET TWO** |

PROPOUNDING PARTY:          Plaintiff, TRADESHIFT, INC.

RESPONDING PARTY:            Defendant, BUYERQUEST, INC.

SET NO.:                                     TWO

    Defendant BUYERQUEST, INC. ("BuyerQuest") hereby supplements its Responses to the Interrogatories, Set Two of Plaintiff TRADESHIFT, INC. ("Tradeshift") as follows:

**GENERAL OBJECTIONS**

    BuyerQuest generally objects as follows:

1. BuyerQuest objects to any and all Interrogatories to the extent they request information subject to the attorney/client privilege, the attorney work product doctrine, and/or any other

1 applicable privilege or privacy laws.

2     2. BuyerQuest objects to any and all Interrogatories, instructions, or definitions to the extent
3 they seek to impose obligations upon it beyond those required by the Federal Rules of Civil
4 Procedure ("Rules").

5     3. BuyerQuest objects to the Definitions to the extent that any Definition imposes
6 obligations beyond those required by the Rules.

7 **RESPONSE TO INTERROGATORIES**

8 **INTERROGATORY NO. 7:**

9     To the extent BUYERQUEST contends that the SMUCKER SERVICES AGREEMENT
10 was voidable by SMUCKER prior to January 15, 2020, DESCRIBE ALL legal and factual bases
11 for that contention.

12 **RESPONSE TO INTERROGATORY NO. 7:**

13     BuyerQuest objects to this Interrogatory on the grounds it is vague, ambiguous, and
14 contains multiple discrete subparts. BuyerQuest further objects on the grounds that the
15 Interrogatory seeks information protected by the attorney-client privilege, attorney work product
16 doctrine, and/or any other applicable privilege or privacy law. BuyerQuest further objects to the
17 request as being overbroad, unduly burdensome, and not proportional to the needs of the case.
18 BuyerQuest further objects on the grounds that this Interrogatory is a premature contention
19 interrogatory and that discovery is ongoing and at an early stage in the case.

20     Discovery is continuing. BuyerQuest reserves the right to supplement the Response to
21 this Interrogatory upon completion of discovery and as additional non-privileged and responsive
22 information is acquired or ascertained.

23 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

24     Subject to, and without waiving the foregoing general and specific objections,
25 BuyerQuest supplements its response as follows:

26     The SMUCKER SERVICES AGREEMENT was voidable on grounds including, but not
27 limited to, Smucker's unilateral mistake of fact and Tradeshift's pre-contracting

28

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-2-
DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

1 misrepresentations that induced Smucker to enter into the SMUCKER SERVICES
2 AGREEMENT. *See*, *e.g.*, *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 267 (2001)(finding contract
3 voidable where defendant's unilateral mistake of fact was made in good faith, defendant did not
4 bear the risk of the mistake, and enforcement of the contract would be unconscionable); *Centex*
5 *Const. Co. v. James*, 374 F.2d 921, 923 (8th Cir. 1967)(finding contract voidable based on
6 unilateral mistake where one party failed to provide complete project implementation
7 information to the other during the solicitation process); *Security-First Nat'l Bank v. Earp* (1942)
8 19 Cal.2d 774, 777 (finding that "a person who has been induced to enter into a contract by
9 fraudulent misrepresentations as to its contents may rescind or reform the contract").
10      To induce Smucker to enter into the SMUCKER SERVICES AGREEMENT, Tradeshift
11 misrepresented its business, capabilities, financial health, and experience during Smucker's
12 vendor selection process.  Tradeshift knew its representations were false when made and
13 Smucker relied on them when deciding to enter into the SMUCKER SERVICES AGREEMENT.
14 Smucker subsequently voided the SMUCKER SERVICE AGREEMENT and has sued
15 Tradeshift for Fraudulent Inducement in the United States District Court for the Southern District
16 of New York.
17      On information and belief, Tradeshift's misrepresentations and Smucker's unilateral
18 mistakes, include, without limitation, the following:

- That Tradeshift had completed "over 20 implementations over the past 24 months" for companies and projects similar in size and complexity to Smucker. *See*, Defendant Smucker Services Company's Answer to Plaintiff's Complaint And Counterclaim, *Tradeshift, Inc. v. Smucker Svcs. Co.*, No. 20-cv-03661-ER (S.D.N.Y.)(ECF No. 16), p.10 at ¶ 26.
- That Tradeshift's product was superior to that of its competitors, and "[o]ne of the key differentiators between Tradeshift and [its] competitors is [Tradeshift's] ability to onboard suppliers for electronic invoicing as well as take up a myriad of other opportunities on the Tradeshift network." *Id.*, at ¶ 27.
- That Tradeshift's revenue was $300-$500 million in 2018. *Id.*, at ¶ 28.

-3-
DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

- That Tradeshift received at least $250 million in Series E funding in May 2018. *Id.*, at ¶ 29.
- That Tradeshift's software could provide the "Must Have" functions set forth in Smucker's Business Requirements Document that prospective vendors were required to complete. *Id.*, at ¶¶ 4, 31, 35.
- With particular respect to the "Must Have" requirements, Tradeshift represented that, *inter alia*, its software had:

    (a) the ability to have one to many supplier site relationships;

    (b) the ability for a user to "hide" the overall PO value on a PO communication to the supplier;

    (c) the ability to integrate supplier master data from Oracle in an automated manner;

    (d) the ability to setup various approval routing rules (at entry of invoice);

    (e) the ability to setup reconciliation routing rules;

    (f) the ability to customize the entry form;

    (g) the ability for all master data to be real-time; and

    (h) the ability to enter a credit memo for returns.

*Id.*, at ¶ 48.

Documents produced in discovery in this case to-date corroborate Smucker's allegations. Specifically, documents bearing Bates numbers BQ001191 and BQ001199 (Tradeshift's misrepresentation regarding its finances in 2018); TS_BQ_00009931 (Tradeshift internal messages revealed that "[Tradeshift] Pay [App] is about as mature as [Tradeshift competitor's product] in 2005" and that "[Tradeshift] Pay [App] … can be sold and implemented but not without huge problems...."); TS_BQ_00010051 (Tradeshift Vice President indicated that during Tradeshift's April 10, 2019 presentation to Smucker, "about 5 questions [he] kn[e]w by heart …[Tradeshift] Pay [App] cannot do"); TS_BQ_00010410-411 (As of Oct. 2019, Tradeshift only had three Procurement-To-Pay (P2P) projects); TS_BQ_00028780 ( "Smuckers [was] one of the first customers [Tradeshift implemented] a semi-automated process"); TS_BQ_00010144 (Tradeshift Vice President ordered that Tradeshift could "stretch" its response to Smucker,

-4-

DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  including responses regarding Tradeshift's prior experience with customers); TS_BQ_00010251

2  (Tradeshift trying to "avoid having to give a number to" Smucker as to how many P2P

3  implementations it had completed for companies of similar size and complexity to Smucker;

4  TS_BQ_00008792 ("[O]nly one customer … uses [Tradeshift Good Receipts]," and they do not

5  have the required configurability,"); TS_BQ_00012760 (Tradeshift salesperson indicated that

6  "[he did not] want to respond to [Smucker's] 100 questions about the functionality as

7  [Smucker's] not going to like [Tradeshift's] answers").

8      Discovery is ongoing. BuyerQuest reserves the right to supplement the Response to this

9  Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-

10  privileged and responsive information is acquired or ascertained.

11  **INTERROGATORY NO. 8:**

12      To the extent BUYERQUEST contends that the SMUCKER SERVICES AGREEMENT

13  actually was void or otherwise invalid (and not simply voidable) prior to January 15, 2020,

14  DESCRIBE ALL legal and factual bases for that contention.

15  **RESPONSE TO INTERROGATORY NO. 8:**

16      BuyerQuest objects to this Interrogatory on the grounds it is vague, ambiguous, and

17  contains multiple discrete subparts. BuyerQuest further objects on the grounds that the

18  Interrogatory seeks information protected by the attorney-client privilege, attorney work product

19  doctrine, and/or any other applicable privilege or privacy law. BuyerQuest further objects to the

20  request as being overbroad, unduly burdensome, and not proportional to the needs of the case.

21  BuyerQuest further objects on the grounds that this Interrogatory is a premature contention

22  interrogatory and that discovery is ongoing and at an early stage in the case.

23      Discovery is continuing. BuyerQuest reserves the right to supplement the Response to

24  this Interrogatory upon completion of discovery and as additional non-privileged and responsive

25  information is acquired or ascertained.

26  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

27      Subject to, and without waiving the foregoing general and specific objections,

28

-5-

DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 BuyerQuest supplements its responses as follows:

2 The SMUCKER SERVICES AGREEMENT was void in fact because of
3 misrepresentations made to Smucker by Tradeshift that induced it to enter into the SMUCKER
4 SERVICES AGREEMENT, including those set forth above in BuyerQuest's Supplemental
5 Response to Interrogatory No. 7. Smucker did, in fact, void the SMUCKER SERVICES
6 AGREEMENT on January 16, 2020 by means of written notice sent to Tradeshift on that date.

7 Discovery is ongoing. BuyerQuest reserves the right to supplement the Response to this
8 Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-
9 privileged and responsive information is acquired or ascertained.

10 **INTERROGATORY NO. 9:**

11 To the extent BUYERQUEST contends that TRADESHIFT had materially breached one
12 or more provisions of the SMUCKER SERVICES AGREEMENT as of January 15, 2020,
13 IDENTIFY the specific provision(s) BUYERQUEST contends TRADESHIFT breached
14 (including by identifying the specific page and language of the provision(s) in
15 TS_BQ_00000053) and DESCRIBE the conduct that BUYERQUEST contends constituted said
16 breach(es).

17 **RESPONSE TO INTERROGATORY NO. 9:**

18 BuyerQuest objects to this Interrogatory on the grounds it is vague, ambiguous, and
19 contains multiple discrete subparts. BuyerQuest further objects on the grounds that the
20 Interrogatory seeks information protected by the attorney-client privilege, attorney work product
21 doctrine, and/or any other applicable privilege or privacy law. BuyerQuest further objects to the
22 request as being overbroad, unduly burdensome, and not proportional to the needs of the case.
23 BuyerQuest further objects on the grounds that this Interrogatory is a premature contention
24 interrogatory and that discovery is ongoing and at an early stage in the case.

25 Discovery is continuing. BuyerQuest reserves the right to supplement the Response to
26 this Interrogatory upon completion of discovery and as additional non-privileged and responsive
27 information is acquired or ascertained.

28

-6-

DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Subject to, and without waiving the foregoing general and specific objections, BuyerQuest supplements its responses as follows:

The SMUCKER SERVICES AGREEMENT was not a valid contract and therefore not subject to breach. In the alternative, Tradeshift did breach various provisions set forth in the SMUCKER SERVICES AGREEMENT, including, but not limited to:

- Section 1. SaaS, Services, and Deliverables.

  "(c) Service Provider will perform the Professional Services and provide certain Deliverables in accordance with this Agreement and any mutually agreed Statement of Work. Service Provider will complete all Professional Services and provide all Deliverables no later than the completion date set forth in the applicable Service Schedule …"

- Section 8. Warranty and Limitation on Liability.

  "(a) Service Provider represents and warrants to Smucker that: … (ii) Each Software as a Services shall comply in all material respects to the specifications and service levels set forth in this Agreement, and the Documentation for the applicable SaaS…(iii) The Professional Services shall be provided in a timely, workmanlike and professional manner with a level of care, skill and judgment reflecting industry standards and practices by qualified personnel employed by Service Provider who are skilled and trained in the performance of the Services."

- Section 19. Miscellaneous.

  "Time is of the essence for all purposes under this Agreement…."

Tradeshift breached the SMUCKER SERVICES AGREEMENT when it failed to deliver a software product that provided the functionality called for by the SMUCKER SERVICES AGREEMENT and when it failed to not provide professional services that satisfied the standards set forth in the SMUCKER SERVICES AGREEMENT.

Documents produced in discovery reveal multiple product defects on the part of Tradeshift that breached the SMUCKER SERVICES AGREEMENT. These include, without

limitation, the fatal and critical defects identified by Smucker concerning PO change (Defect 44 and Defect 73), invoice unit price (Defect 81), credit memo (Defect 82 and Defect 83), PO external validation (Defect 86), as well as PO PDF capability (Defect 88). (*See*, TS_BQ_00000161). Other documents show the following:

| Bates | Date | Description |
|---|---|---|
| TS_BQ_00010101 | Jul. 2019 | Tradeshift Supplier Onboarding Manager "[did not] know the process when it comes to partner app integrations" and "had no idea how to even approach [the Smucker project]." |
| TS_BQ_00001987 | Aug. 2019 | Tradeshift failed to provide its professional services in a timely manner. |
| TS_BQ_00007619-7620 | Sep. 2019 | Tradeshift did not have the requested exception routing function. |
| BQ107452 | | Tradeshift could not handle invoice status and external validation. |
| TS_BQ_00002126 | Oct. 2019 | Tradeshift's instructions caused project delays. |
| TS_BQ_00007777 | | Tradeshift's supplier onboarding limitations caused issues in supplier integration. |
| TS_BQ_00007953 | Nov. 2019 | Tradeshift could not provide the requested credit memo feature. |
| TS_BQ_00007000 | | Tradeshift did not have a process consistent with industry standards for updating and inactivating suppliers data. |
| TS_BQ_00001641-1643 | Dec. 2019 | Tradeshift's defects were causing project delays and Smucker "[was] losing patience given the lack of information as well as a perceived lack of urgency." |
| TS_BQ_00011242 | | Tradeshift could not provide the PO feature concerning approval after matching as promised. |
| TS_BQ_00010267 | | Tradeshift failed to provide a workable solution regarding PO change order due to its product bugs. |
| TS_BQ_00003042 | | The Smucker Project was at a standstill due to Tradeshift's product bugs. |
| TS_BQ_00011675 | Jan. 2020 | Tradeshift was unable to provide accrual extract as required. |
| TS_BQ_00008227 | | Tradeshift remained unable to provide the requested credit memo. |
| TS_BQ_00000160-161 | | Fatal and critical defects remained, which Tradeshift was unable to address. |
| TS_BQ_00008276 | | Smucker expressed concern about project timeline and status. |

-8-
DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

| TS_BQ_00008286 | | Tradeshift was unable to provide features requested by Smucker, and asked its project manager to "avoid the conversation of feature requests with [Smucker]" |
|---|---|---|
| TS_BQ_00001648 | | The project SIT status remained red on Jan. 14, 2020. |
| TS_BQ_00001645 | | The project SIT status remained red on Jan. 16, 2020. |

Discovery is ongoing.  BuyerQuest reserves the right to supplement the Response to this Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-privileged and responsive information is acquired or ascertained.

**INTERROGATORY NO. 10:**

To the extent BUYERQUEST contends that TRADESHIFT had materially breached one or more provisions of the BUYERQUEST AGREEMENTS as of January 15, 2020, IDENTIFY the specific provision(s) BUYERQUEST contends TRADESHIFT breached and DESCRIBE the conduct that constitutes said breach(es).

**RESPONSE TO INTERROGATORY NO. 10:**

BuyerQuest objects to this Interrogatory on the grounds it is vague, ambiguous, and contains multiple discrete subparts.  BuyerQuest further objects on the grounds that the Interrogatory seeks information protected by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or privacy law. BuyerQuest further objects to the request as being overbroad, unduly burdensome, and not proportional to the needs of the case. BuyerQuest further objects on the grounds that this Interrogatory is a premature contention interrogatory and that discovery is ongoing and at an early stage in the case.

Discovery is continuing. BuyerQuest reserves the right to supplement the Response to this Interrogatory upon completion of discovery and as additional non-privileged and responsive information is acquired or ascertained.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Subject to, and without waiving the foregoing general and specific objections, BuyerQuest supplements its responses as follows:

Tradeshift's failure to make timely payments as required under the BUYERQUEST

-9-

DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

1 AGREEMENTS and its misrepresentations to BuyerQuest regarding the status of payments

2 materially breached the BUYERQUEST AGREEMENTS. *See*, Reseller Order Form, Section

3 3(d) SaaS Payment Terms and Invoicing ("All fees are due net 15 from the date of receipt of

4 payment to Tradeshift from The J.M. Smucker Company").

5      Pursuant to Federal Rule 33(d), BuyerQuest also refers to documents previously

6 produced in this action in response to this Interrogatory. Specifically, documents bearing Bates

7 numbers BQ103034; BQ061528-1535; and BQ065138.

8      Discovery is ongoing.  BuyerQuest reserves the right to supplement the Response to this

9 Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-

10 privileged and responsive information is acquired or ascertained.

11 **INTERROGATORY NO. 11:**

12      IDENTIFY each COMMUNICATION between BUYERQUEST and SMUCKER from

13 September 1, 2019 to January 16, 2020—including but not limited to verbal and written

14 communications, including by letter, e-mail, text message, telephone, instant messenger, or in

15 PERSON—during which BUYERQUEST (or any employee, contractor, or agent acting on

16 behalf of BUYERQUEST) discussed or presented the information in BQ100227, BQ097216, or

17 otherwise discussed a plan, proposal, or ability for BUYERQUEST to provide products or

18 services for Indirect and/or Direct POs, Accounts Payable, and/or Supplier Management,

19 including to IDENTIFY the date of each such COMMUNICATION, the PERSONS who took

20 part in each such COMMUNICATION, the means of each such COMMUNICATION, and the

21 substance of what BUYERQUEST communicated to SMUCKER during that

22 COMMUNICATION (including whether BQ100227, BQ097216, or some similar information

23 was presented).

24 **RESPONSE TO INTERROGATORY NO. 11:**

25      BuyerQuest objects to this Interrogatory as vague, ambiguous, and because it contains

26 multiple discrete subparts.  BuyerQuest further objects on the grounds that the Interrogatory

27 seeks privileged and confidential information. BuyerQuest further objects to the Interrogatory

28

-10-

DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

because it is overbroad, unduly burdensome, seeks information not relevant to any claim or defense, and not proportional to the needs of the case. BuyerQuest further objects because this Interrogatory is duplicative of previous Interrogatories served by Tradeshift and to which BuyerQuest has served objections and responses.  BuyerQuest further objects because the request calls for the preparation of a compilation, abstract, or summary that does not exist and the burden to prepare it is substantially the same for Tradeshift as BuyerQuest.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.11:**

Subject to and without waiving the foregoing objections, BuyerQuest supplements its Response to Interrogatory No. 11 as follows:

(a) The document produced by BuyerQuest in this action bearing the beginning Bates Number BQ097216 was visually presented as slides to accompany an oral presentation by BuyerQuest given at a meeting between BuyerQuest and Smucker that took place on January 7, 2020.  The presentation was jointly given by BuyerQuest employees Luke Batman; Jack Mulloy; Kyle Muskoff; Salman Siddiqui; and, Dan Utyuzh.  The presentation was attended by the following employees of Smucker:  Jason Barr; Kevin Hare; Brian Hiles; Mike Serle; Russ Wilson.

(b) The document produced by BuyerQuest in this action bearing the beginning Bates Number BQ100227 was created for Smucker's use. BuyerQuest has no personal knowledge if Smucker presented the slides.

Pursuant to Federal Rule 33(d), BuyerQuest also refers to documents previously produced in this action in response to this Interrogatory.  Specifically, documents bearing Bates numbers BQ097339; BQ112408; BQ113472; BQ113477; BQ113507; BQ113545; BQ113738; BQ113776; BQ113795-97; BQ113802; BQ116441; BQ119719-22.

Discovery is ongoing.  BuyerQuest reserves the right to supplement the Response to this Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-privileged and responsive information is acquired or ascertained.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**INTERROGATORY NO. 12:**

IDENTIFY and DESCRIBE ALL materials and information provided to SMUCKER during the January 7, 2020 meeting between SMUCKER and BUYERQUEST (discussed in YOUR response to Interrogatory No. 4 and in BQ095231), including by IDENTIFYING (by Bates number if produced or by reasonable description if not) any slides or DOCUMENTS that were displayed or provided during the meeting and any materials or DOCUMENTS that were exchanged during or in connection with the meeting and DESCRIBING all statements made to SMUCKER during the meeting, including whether BUYERQUEST discussed its ability to take over responsibility for Indirect and Direct POs and Accounts Payable and/or Supplier Management functionality on the SMUCKER PROJECT and whether BUYERQUEST provided any demonstrations of its products.

**RESPONSE TO INTERROGATORY NO. 12:**

BuyerQuest objects to this Interrogatory as vague, ambiguous, and because it contains multiple discrete subparts. BuyerQuest further objects on the grounds that the Interrogatory seeks privileged and confidential information. BuyerQuest further objects to the Interrogatory because it is overbroad, unduly burdensome, seeks information not relevant to any claim or defense, and not proportional to the needs of the case. BuyerQuest further objects because this Interrogatory is duplicative of previous Interrogatories served by Tradeshift and to which BuyerQuest has served objections and responses. BuyerQuest further objects because the Interrogatory calls for the preparation of a compilation, abstract, or summary that does not exist and the burden to prepare it is substantially the same for Tradeshift as BuyerQuest.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.12:**

Subject to and without waiving the foregoing objections, BuyerQuest supplements its Response to Interrogatory No. 12 as follows:

The document produced by BuyerQuest in this action bearing the beginning Bates Number BQ0097216. During the January 7, 2020 meeting between BuyerQuest and Smucker, BuyerQuest made statements in response to Smucker's requests that BuyerQuest explain whether

1 and how it could complete the performance of the SMUCKER PROJECT including statements
2 respecting a roadmap to complete the SMUCKER PROJECT; BuyerQuest's products'
3 capabilities to satisfy Smucker's business requirements; and, a timeframe for completion. The
4 parties discussed Smucker's need to maintain its Ariba product license in the interim due to the
5 missed go-live deadline of the SMUCKER PROJECT and the potential impact on BuyerQuest of
6 the penalty provision in the SMUCKER-TRADESHIFT AGREEMENT respecting the missed
7 go-live date.

8 Discovery is ongoing. BuyerQuest reserves the right to supplement the Response to this
9 Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-
10 privileged and responsive information is acquired or ascertained.

11 **INTERROGATORY NO. 13:**

12 To the extent BUYERQUEST contends that SMUCKER asked BUYERQUEST for a
13 proposal, plan, or other information regarding BUYERQUEST's ability to replace
14 TRADESHIFT on the SMUCKER PROJECT, IDENTIFY each COMMUNICATION during
15 which SMUCKER made such a request including by IDENTIFYING the PERSONS involved in
16 the COMMUNICATION and DESCRIBING the content of the COMMUNICATION.

17 **RESPONSE TO INTERROGATORY NO. 13**

18 BuyerQuest objects to this Interrogatory on the grounds it is vague, ambiguous, and
19 contains multiple discrete subparts. BuyerQuest further objects on the grounds that the
20 Interrogatory seeks information protected by the attorney-client privilege, attorney work product
21 doctrine, and/or any other applicable privilege or privacy law. BuyerQuest further objects
22 because the Interrogatory calls for the preparation of a compilation, abstract, or summary that
23 does not exist and the burden to prepare it is substantially the same for Tradeshift as BuyerQuest.
24 BuyerQuest further objects to the request as being overbroad, unduly burdensome, and not
25 proportional to the needs of the case. BuyerQuest further objects on the grounds that this
26 Interrogatory is a premature contention interrogatory and that discovery is ongoing and at an
27
28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-13-
DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

early stage in the case.

Discovery is continuing. BuyerQuest reserves the right to supplement the Response to this Interrogatory upon completion of discovery and as additional non-privileged and responsive information is acquired or ascertained.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Subject to and without waiving the foregoing general and specific objections, BuyerQuest supplements its Response to Interrogatory No. 13 as follows:

**Date**    December 20, 2019

**Persons**    Jack Mulloy of BuyerQuest; Jason Barr of Smucker

**Matter**    Mr. Barr telephoned Mr. Mulloy to inform him Smucker had begun the process of selecting a replacement for Tradeshift on the SMUCKER PROJECT and invited BuyerQuest to give Smucker a presentation on whether and how it could replace Tradeshift and complete the SMUCKER PROJECT in accordance with Smucker's business requirements.

**Date**    January 7, 2020

**Persons**    Luke Batman; Jack Mulloy; Kyle Muskoff; Salman Siddiqui; and, Dan Utyuzh of BuyerQuest and Jason Barr; Kevin Hare; Brian Hiles; Mike Sterle; and, Russ Wilson of Smucker.

**Matter**    The listed individuals met in person at BuyerQuest's offices and BuyerQuest made a presentation in response to Smucker's December 20 request, including a roadmap to complete the SMUCKER PROJECT, BuyerQuest's product's capabilities to satisfy Smucker's business requirements, and a timeframe for completion.  The parties discussed Smucker's need to maintain its Ariba product license in the interim due to the missed go-live deadline of the SMUCKER PROJECT and the potential impact on BuyerQuest of the penalty provision in the SMUCKER-TRADESHIFT AGREEMENT respecting the missed go-live date.

Discovery is ongoing.  BuyerQuest reserves the right to supplement the Response to this Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-privileged and responsive information is acquired or ascertained.

-14-
DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

**INTERROGATORY NO. 14:**

DESCRIBE the nature and purpose of the document BUYERQUEST produced at BQ100227, including by IDENTIFYING the author of the document, any PERSONS who revised the document, the intended purpose of and expected audience for the document, any instances in which the document or a similar variation/version of the document was presented to or sent to PERSONS other than the author (including PERSONS outside of BUYERQUEST), and the PERSONS other than the author to whom the document was presented or sent.

**RESPONSE TO INTERROGATORY NO. 14:**

BuyerQuest objects to this Interrogatory as vague, ambiguous, because it contains multiple discrete subparts, and because the document referenced was not served with the Interrogatory. BuyerQuest further objects on the grounds that the Interrogatory seeks information protected by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or privacy law. BuyerQuest further objects to the Interrogatory because it is overbroad, unduly burdensome, seeks information not relevant to any claim or defense, and not proportional to the needs of the case. BuyerQuest further objects because the request calls for the preparation of a compilation, abstract, or summary that does not exist and because the burden to do so is substantially the same for Tradeshift as BuyerQuest. BuyerQuest further objects to the extent the information sought can be ascertained from the document itself.

Subject to and without waiving the foregoing objections, counsel for BuyerQuest will confer with counsel for Tradeshift and respond to a refined version of this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Subject to and without waiving the foregoing objections, BuyerQuest supplements its Response to Interrogatory No. 14 as follows:

The document produced by BuyerQuest in this action bearing the beginning Bates Number BQ100227 is a slide deck prepared by BuyerQuest for Smucker's use. The document was prepared by BuyerQuest employees Jack Mulloy; Kyle Muskoff; Salman Siddiqui, Karen Bare; and Dan Utyuzh. BuyerQuest has no personal knowledge if Smucker presented the slides.

-15-

DEFENDANT BUYERQUEST, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

Pursuant to Federal Rule 33(d), BuyerQuest also refers to documents previously produced in this action in response to this Interrogatory. Specifically, documents bearing Bates numbers BQ097339; BQ112408; BQ113472; BQ113477; BQ113507; BQ113545; BQ113738; BQ113776; BQ113795-97; BQ113802; BQ116441; BQ119719-22.

Discovery is ongoing. BuyerQuest reserves the right to supplement the Response to this Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-privileged and responsive information is acquired or ascertained.

**INTERROGATORY NO. 15:**

DESCRIBE the nature and purpose of the document BUYERQUEST produced at BQ097216, including by IDENTIFYING the author of the document, any PERSONS who revised the document, the intended purpose of and expected audience for the document, any instances in which the document or a similar variation/version of the document was presented to or sent to PERSONS other than the author (including PERSONS outside of BUYERQUEST), and the PERSONS other than the author to whom the document was presented or sent.

**RESPONSE TO INTERROGATORY NO. 15:**

BuyerQuest objects to this Interrogatory as vague, ambiguous, because it contains multiple discrete subparts, and because the document referenced was not served with the Interrogatory. BuyerQuest further objects on the grounds that the Interrogatory seeks information protected by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or privacy law. BuyerQuest further objects to the Interrogatory because it is overbroad, unduly burdensome, seeks information not relevant to any claim or defense, and not proportional to the needs of the case. BuyerQuest further objects because the request calls for the preparation of a compilation, abstract, or summary that does not exist and because the burden to do so is substantially the same for Tradeshift as BuyerQuest. BuyerQuest further objects to the extent the information sought can be ascertained from the document itself.

Subject to and without waiving the foregoing objections, counsel for BuyerQuest will confer with counsel for Tradeshift and respond to a refined version of this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the foregoing objections, BuyerQuest supplements its Response to Interrogatory No. 15 as follows:

The document produced by BuyerQuest in this action bearing the beginning Bates Number BQ097216 was visually presented as slides to accompany an oral presentation by BuyerQuest given at a meeting between BuyerQuest and Smucker that took place on January 7, 2020. The document was prepared by BuyerQuest employees Jack Mulloy; Kyle Muskoff; Salman Siddiqui, Karen Bare; and Dan Utyuzh.

Discovery is ongoing. BuyerQuest reserves the right to supplement the Response to this Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-privileged and responsive information is acquired or ascertained

**INTERROGATORY NO. 16:**

To the extent BUYERQUEST contends that SMUCKER terminated or voided the SMUCKER SERVICES AGREEMENT for reasons other than the BUYERQUEST conduct identified in TRADESHIFT's August 10, 2020 response to BUYERQUEST's Interrogatory No. 11, IDENTIFY and DESCRIBE those reasons.

**RESPONSE TO INTERROGATORY NO. 16**

BuyerQuest objects to this Interrogatory on the grounds it is vague, ambiguous, and contains multiple discrete subparts. BuyerQuest further objects on the grounds that the Interrogatory seeks information protected by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or privacy law. BuyerQuest further objects to the request as being overbroad, unduly burdensome, and not proportional to the needs of the case. BuyerQuest further objects on the grounds that this Interrogatory is a premature contention interrogatory and that discovery is ongoing and at an early stage in the case.

Discovery is continuing. BuyerQuest reserves the right to supplement the Response to this Interrogatory upon completion of discovery and as additional non-privileged and responsive information is acquired or ascertained.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Subject to and without waiving the foregoing general and specific objections, BuyerQuest supplements its Response to Interrogatory No. 16 as follows:

BuyerQuest denies that Smucker terminated or voided the SMUCKER SERVICES AGREEMENT for the alleged reasons set forth in TRADESHIFT's August 10, 2020 response to BUYERQUEST's Interrogatory No. 11.

As set forth above in Supplemental Responses to Interrogatory Nos. 7 and 9, Smucker terminated or voided the SMUCKER SERVICES AGREEMENT because it learned Tradeshift had materially misrepresented its business, capabilities, financial health, and experience during the pre-contracting vendor selection process and, had Smucker known the truth, it would not have entered into the SMUCKER SERVICES AGREEMENT. Tradeshift had also failed to provide a software product that fulfilled the requirements set forth in the SMUCKER SERVICES AGREEMENT and failed to provide professional services that met the applicable standards set forth in the SMUCKER SERVICES AGREEMENT.

Discovery is ongoing. BuyerQuest reserves the right to supplement the Response to this Interrogatory under Federal Rule 26(e) and upon completion of discovery and as additional non-privileged and responsive information is acquired or ascertained

Dated: March 26, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Craig J. Mariam
Anthony D. Phillips
Eunice J. Liao
Attorneys for Defendant BuyerQuest, Inc.