# EXHIBIT 8

| | |
|---|---|
| **From:** | Yu, Jason K. |
| **Sent:** | Tuesday, May 4, 2021 5:03 PM |
| **To:** | 'Anthony Phillips' |
| **Cc:** | Craig Mariam; Joshua Bradus; Eunice Liao; Van Zant, Amy K.; Su, Tammy; Clements, Olivia |
| **Subject:** | RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14 |

Tony,

As we've discussed at length, we disagree that the response are already compliant given, among other things, the lack of information they include and investigation that was done.  Also, you still have not confirmed whether the response will have the information we're looking for.

Nonetheless, we will wait and review BueryQuest's responses provided BuyerQuest produces them tomorrow as you've indicated.

Thanks,
Jason

---

**From:** Anthony Phillips <aphillips@grsm.com>
**Sent:** Tuesday, May 4, 2021 10:01 AM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Dear Jason,

Our Responses are already compliant.  The impasse we appear to be at is Tradeshift demanding supplemental responses unless it gets the "right" answer.  Our offer, made in response to your April 23 email, is to supplement BuyerQuest's interrogatory responses to close this issue and avoid motion practice by confirming our investigation has not identified any instance of the document labeled BQ100227 being transmitted to Smucker.  We have also asked our client to provide an audit trail for the document to show whether and with whom it was shared through Google and will include the results of that.  We can provide the Supplemental Responses by May 5 assuming Tradeshift does not proceed with its motion to compel in the interim.

If Tradeshift does proceed with its motion, we will oppose and await the Court's direction.  We will not provide our section of the joint brief by noon today, as demanded in your email at 2:55 pm yesterday and followed by the previously-unprovided exhibits you intend to rely on at 7:21 pm.  If you would like to proceed with a joint brief, we can provide our portion for filing tomorrow (Wednesday 5/5).

If it would be more productive to discuss this by phone, I am available to do so.

Thanks,

Tony

---

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Tuesday, May 4, 2021 8:36 AM
**To:** Anthony Phillips <aphillips@grsm.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Tony,

We are perfectly willing to accept *compliant* responses if you can confirm they will contain the information we're asking for.  We asked you to confirm as much on Thursday.  You have refused to so confirm or otherwise explain exactly what additional information your responses will contain or let us know when we can receive them.  At this point in the case, we cannot allow BuyerQuest to continue delaying discovery by vaguely promising to provide supplemental responses, delaying those responses, and then again serving deficient responses that leave us right where we started.  We've been conferring about these requests for months now.  As part of a good faith conferral, BuyerQuest should either confirm that it will provide the information we seek, or confirm that we're at an impasse.

Accordingly, we plan to move forward with our motion.  We've advised of our briefing schedule and look forward to receiving your section or, in the alternative, fully compliant responses today.  We've provided Josh with the exhibits he requested.

Thanks,
Jason

---

**From:** Anthony Phillips <aphillips@grsm.com>
**Sent:** Monday, May 3, 2021 3:58 PM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Dear Jason,

It is painfully obvious that Tradeshift would move to compel no matter what supplemental response BuyerQuest provides.  Your position reflects not only a disregard for the meet and confer process and Judge Hixson's Standing Order but a refusal to accept that the facts simply do not comport with Tradeshift's view of its case.  No amount of supplementation can change that.

Nevertheless, we disagree the dispute is ripe and that Tradeshift can create an arbitrary deadline for us to brief the issue.  Our agreement to supplement again was predicated on avoiding motion practice and we will stand on our previous position and objections if you insist on litigating the issue.  BuyerQuest's Interrogatory Responses were compliant and its objections valid before we embarked on this latest futile (but good faith) attempt to accommodate your demands.  Proceed unilaterally at your own risk.

With best regards,
Tony

---

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Monday, May 3, 2021 2:55 PM
**To:** Anthony Phillips <aphillips@grsm.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Thanks, Tony.

Unfortunately, we do not have an agreement regarding what BuyerQuest is required to do in order to comply with its FRCP 33 obligations, and thus we intend to move forward with our letter brief.  Please provide BuyerQuest's section by noon tomorrow or we will go ahead and file.  We will be sure to let the Court know that BuyerQuest has agreed to supplement but that it's unclear how or when.

Jason

---

**From:** Anthony Phillips <aphillips@grsm.com>
**Sent:** Monday, May 3, 2021 2:31 PM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Dear Jason,

We will provide our third Response to Interrogatory Nos. 11 and 14 as I stated (our first Response having provided our valid objections to both) and which will confirm that BuyerQuest has complied with its obligations under Rule 33.  We will provide the Responses as soon as possible, but not by your unilateral deadline of 4:00 this afternoon.

Thanks,
Tony

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Thursday, April 29, 2021 8:58 PM
**To:** Anthony Phillips <aphillips@grsm.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Hello Tony,

Thank you for letting us know (though this will be only BuyerQuest's *second* supplemental response to these interrogatories and is only required because BuyerQuest did not provide a complete response in its earlier responses).  Given the close of fact discovery and that we are nearly done with depositions, please confirm that BuyerQuest will provide its supplemental responses by 4 p.m. on Monday, 5/3.  As you know, we served these interrogatories back in January and we are nearly done with depositions. The requested information is readily available to BuyerQuest and should have been provided months ago.

Please also confirm that the responses will include the following information:

- Describe each author of each version of the Smucker Proposal (BuyerQuest's current response only identifies BuyerQuest employees even though Mr. Mulloy testified that Jason Barr also edited the Proposal.  If different people edited different versions of the Proposal, include that information).

- Confirm whether BuyerQuest has searched for and collected the Google Drive version of the Smucker Proposal and produce such version (along with all metadata) if it still exists.  Provide all metadata for the four local copies of the Smucker Proposal produced to date.

- State the purpose of the Smucker Proposal and its intended audience.

- Describe whether and when the Smucker Proposal was provided to anyone someone at Smucker's, including each instance of transmission or presentation.

- Describe how the Smucker Proposal was provided (e.g., personal email, work email, google docs access, slack, presented, mail, etc.) to Smucker in each instance of transmission.  If the Proposal was provided via Mr. Mulloy's (or another BuyerQuest employee's) personal email address, the response must disclose that information.

- Identify each person who provided a copy of the Smucker Proposal separately indicated for each instance in which the Proposal was transmitted.

- Identify each person who received the Smucker Proposal (or any version of it).

If you are unable or unwilling to comply with the foregoing, please provide BuyerQuest's response to the attached draft letter brief by Monday at 4 p.m.

Thanks,

Jason

---

**From:** Anthony Phillips <aphillips@grsm.com>
**Sent:** Thursday, April 29, 2021 5:23 PM

**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Dear Jason,

In the interest of avoiding further motion practice, BuyerQuest will provide a third supplemental response to Interrogatory Nos. 11 and 14.

Best,
Tony

---

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Friday, April 23, 2021 5:25 PM
**To:** Anthony Phillips <aphillips@grsm.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Hello Tony,

I'm writing to follow up on our discussion regarding BuyerQuest's responses to Tradeshift's Interrogatory Nos. 11 and 14.  As discussed in our prior correspondence, those interrogatories seek information about the Power Point presentation that BuyerQuest produced at BQ100227, which appears to be a pitch to convince Smucker to terminate Tradeshift and hire BuyerQuest.  BuyerQuest's interrogatory responses indicate that the document is a "slide deck prepared by BuyerQuest for Smucker's use," but do not indicate who at BuyerQuest provided the presentation to Smucker or when/how they did so.  This information is directly responsive to Interrogatory Nos. 11 and 14.  As I've indicated in prior correspondence, none of the documents BuyerQuest has produced in the case evidence how this document was provided to Smucker.

During our call, you indicated that BuyerQuest would not supplement its response with this information and that we could simply ask Mr. Mulloy during his deposition.  I did not agree that Mr. Mulloy's upcoming deposition was an excuse for BuyerQuest to provide incomplete interrogatory responses.  Nonetheless, we waited to raise this issue with the court until we took that deposition.

As you are aware, Mr. Mulloy did not have the information that we are asking for (notwithstanding the fact that BuyerQuest designated Mr. Mulloy as its 30(b)(6) witness regarding communications with Smucker).  Mr. Mulloy testified that Mr. Barr (Smucker) helped revise the presentation, indicating that the file was sent to Mr. Barr electronically at some point (and not simply presented to Smucker).  But Mr. Mulloy also testified that he did not know who sent the document to Smucker or when it was sent.  In other words,

he did not have any of the information we've been asking for in response to this interrogatory.

Please let us know if BuyerQuest will now supplement its responses to Interrogatory Nos. 11 and 14 to explain (1) who provided the document to Smucker, how the document was provided, when the document was provided, and who at Smucker the document was provided to or (2) why BuyerQuest cannot provide this information. Otherwise, we intend to move forward with a motion to compel further responses to those interrogatories.

We will follow up separately regarding Mr. Mulloy's lack of preparation for the corporate topics on which he was designated.

Thanks,
Jason

**From:** Anthony Phillips <aphillips@grsm.com>
**Sent:** Tuesday, April 13, 2021 12:53 PM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Dear Jason,

We can confer tomorrow after Mr. Roehrs' deposition, although that may be later than 2:00 p.m. Let me know if that works. Please also be prepared to discuss Tradeshift's 30(b)(6) designees and its position on Mr. Lanng's deposition when we speak.

If Tradeshift now intends to assert new theories of liability it must amend its pleadings to do so. Tradeshift does not consent to the inclusion of any issues not raised in the pleadings at trial and the prejudice posed to our defense by the late addition of new theories is obvious. FRCP 15(b). Nothing in the record to-date (including Mr. Siddiqui's testimony) shows any misuse of confidential information. Mr. Siddiqui testified he had no knowledge of the documents you cite (but did not show him). That he did not expressly deny your characterization of them does not create an admission. Those documents he did review, he testified were joint project documents containing both Tradeshift and BuyerQuest information. N.B., the documents below appear to predate the timeframe we agreed to for additional searches so would not be included in the forthcoming production. If you believe they were not previously produced, we can discuss.

We are happy to consider whatever compromise you have in mind on the Interrogatory Responses. The verifications for our supplemental responses were served on April 5.

Many thanks,
Tony

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Tuesday, April 13, 2021 7:21 AM
**To:** Anthony Phillips <aphillips@grsm.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** FW: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Hello Tony,

Thanks for your response.  We would like to confer on this week.  I'm open Wednesday afternoon and most of the day Thursday.  I'll propose Wednesday at 2pm, but let me know if there is a better time those days.

We'll have to agree to disagree about Mr. Siddiqui's deposition testimony.  Tradeshift was not aware of BuyerQuest's use of its confidential information at the time it filed the complaint, but it is clear now that BuyerQuest breached its confidentiality obligations under the parties agreement by misusing confidential information.  Tradeshift intends to prove as much at trial.  Additionally, to the extent they are not included in BuyerQuest's upcoming production, we ask that you produce the following documents that came up during Mr. Siddiqui's deposition:

- Smucker_Gaps.xlsx: The documents indicate that this is "a list of things [BuyerQuest] would need to do in Product if [we] were to REPLACE Tradeshift." (BQ119658).  Mr. Siddiqui did not deny this was the case when asked during his deposition.

- JMES Potential BQ Product Requirements: The documents indicate that this is a list of "JMS requirements required to boot TS."  (BQ113507).  Mr. Siddqui did not deny that was the case when asked during his deposition.

- PRMN-1704: cXML PO Import: Mr. Siddiqui explained that this was a Jira Ticket in the Jira system describing the reasons for a new feature.  The documents indicate that the reasons for the feature were to replace Tradeshift.  Indeed, it appears from other documents that the ticket itself (or at least some version of it) says "Replace Tradeshift" (BQ096233) and, thus, should have already been produced in response to Request No. 15.  Please confirm that BuyerQuest will produce all version of this ticket.

With respect to the interrogatory responses, the information is clearly relevant and responsive information that should have been included in the original response.  There is no burden associated with providing the information and the fact that it may be able to be obtained during deposition (assuming we are deposing the person who transmitted the document and that person remembers) is not a valid basis to deny such discovery.  We appear to be at an impasse but would like to discuss on our call in case there is a potential compromise.  To that end, please let us know (1) whether Mr. Mulloy sent this document to Mr. Barr via his personal email account and (2) which BuyerQuest witness will be able to testify about when and how this document was provided to Smucker.

Separately, it appears that BuyerQuest did not provide verifications with its March 26 supplemental interrogatory responses.  Please provide those immediately as they will likely bear on upcoming depositions.

Thanks,

Jason

---

**From:** Anthony Phillips <aphillips@grsm.com>
**Sent:** Monday, April 12, 2021 3:29 PM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** RE: Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Dear Jason,

We can certainly confer on the issues you raise below and other open issues, which I will address by separate cover.

With respect to the supplemental document production BuyerQuest agreed to on RFP 15, we have the documents in-house and are processing for production. We will endeavor to send to you do by the end of the day tomorrow, or as soon as possible otherwise. Any related motion would undoubtedly be moot.

In the meantime, we must note that your email below seriously mischaracterizes Mr. Siddiqui's deposition testimony. And that Tradeshift's operative complaint does not allege that BuyerQuest breached any confidentiality provision of the parties' contract. BuyerQuest likewise reserves all rights, accordingly.

As to the Interrogatory Responses, we see no valid basis to require further supplementation. BuyerQuest has already provided multiple supplemental responses and explained its position that Tradeshift is not entitled to the minutely-detailed narrative accounts it seems to expect. The appropriate vehicle for your questions is the depositions.

As always, we are available to discuss further.

With best regards,
Tony

---

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Friday, April 9, 2021 6:01 PM
**To:** Anthony Phillips <aphillips@grsm.com>
**Cc:** Craig Mariam <cmariam@grsm.com>; Joshua Bradus <jbradus@grsm.com>; Eunice Liao <eliao@grsm.com>; Van Zant, Amy K. <Avanzant@orrick.com>; Su, Tammy <tsu@orrick.com>; Clements, Olivia <oclements@orrick.com>
**Subject:** Tradeshift v. BuyerQuest: BQ Responses to TS RFP No. 15 and ROG 11 & 14

Hello Tony,

I'm writing to confer on a couple of issues. First, we are still waiting for BuyerQuest's production in response to Tradeshift's Request for Production No. 15. This request has been pending for months. A recitation of our conferral is below but, most recently, you promised to produce such documents by last Friday (April 2) which, as I explained my

response, was important because we believed the documents would be relevant to Mr. Siddiqui's deposition.  Mr. Siddiqui's deposition made clear that the production will likely include documents that are highly probative of BuyerQuest's use of confidential information in violation of the parties' agreement.  As I noted in my previous email and during the deposition yesterday we reserve all rights with respect to Mr. Siddiqui's deposition in light of this delayed production.  Please confirm that we can expect that production by COB on Tuesday.  Otherwise we intend to prepare a short brief asking the court to compel BuyerQuest to produce the documents by a date certain.

- On December 16, 2020, we met and conferred about this issue.  (12/18/2020 J. Yu Email).
- On January 15, 2021, I followed up to ask whether BuyerQuest would be searching for documents during the time period after March 6, 2020 (1/15/2021 J. Yu Email)
- On January 25, 2021 you indicated that BuyerQuest had not searched for responsive documents for the time period after March 6, 2020 but did not indicate whether BuyerQuest would agree to do so.  (1/25/2021 A. Phillips email)
- On February 16, 2021, we had another call. (2/8/2021 A. Phillips Email; 2/10/2021 A. Phillips email).  You confirmed that BuyerQuest had already searched and produced responsive documents for the time period prior to March 6, 2021 and agreed that BuyerQuest would search for and produce additional responsive documents for the time period March 6, 2020 to October 1, 2020.  (2/18/2021 J. Yu Email; 2/19/2021 A. Phillips Email)
- On February 26, 2021, I followed up about an update you mentioned, but got no response.  (2/26/2021 J. Yu Email).
- On March 5, 2021, I followed up again.  (3/5/2021 J. Yu Email).  You agreed to provide an update during our March 9 call, and indicated that the production was forthcoming in the next 1-2 weeks.  (3/8/2021 A. Phillips Email; 3/19/2021 J. Yu email).
- On March 19, 2021, I followed up again but received no response.  (3/19/2021 J. Yu Email)
- On March 25, 2021, I followed up again. (3/25/2021 J. Yu Email).  In response, on Friday, March 26, 2021 you stated that "[w]e expect to make this supplemental document production by the end of next week and will advise further." (3/26/2021 A. Phillips Email)
- On March 30, 2021 I followed up again and asked that you confirm we would receive the documents by COB Friday, April 2 as you promised.  I explained that we believe the documents would be important to Mr. Siddiqui's deposition (scheduled for April 8) and that we reserved all rights with respect to that deposition and BuyerQuest's delay in production.  (3/30/2021 J. Yu Email)

Second, we would like to discuss BuyerQuest's March 26, Supplemental Responses to Tradeshift's first and second set of interrogatories. Nos. 11 and 14.  No. 11 asks BuyerQuest to identify communications in which the slide deck produced at BQ100227 was presented or discussed with Smucker.  Request No. 14 similarly asks BQ to identify any instances in which the presentation produced at BQ100227 was sent to persons other

than the authors. BuyerQuest's response indicates that the document is a "slide deck prepared by BuyerQuest for Smucker's use." The response does not indicate when or how it was provided/sent to Smucker or whom at Smucker it was sent to and is therefore non-responsive. This information is likely relevant to Mr. Mulloy's and Mr. Barr's depositions. Accordingly, please confirm by Monday at noon that you will provide this information by Wednesday.

Obviously, to the extent Mr. Mulloy sent the document to Jason Barr via his personal email account it would be highly probative of the ongoing disputes regarding Mr. Mulloy's personal email account (particularly if Mr. Mulloy subsequently deleted that email), and we assume BuyerQuest would have disclosed that during our discussions or, at a minimum, to the Court in its motion to quash. Accordingly, if that is how the document was sent, we request that let us know immediately.

Thanks,
Jason

**Jason K. Yu**
Partner
Intellectual Property

Orrick
Silicon Valley  Ⓥ
T +1-650-614-7363
jasonyu@orrick.com



---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE PARTNER®**
**http://www.grsm.com**

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-

Policy to learn about how we
use this information.

**NOTICE TO RECIPIENT** | This
e-mail is meant for only the
intended recipient of the
transmission, and may be a
communication privileged by
law. If you received this e-mail
in error, any review, use,
dissemination, distribution, or
copying of this e-mail is strictly
prohibited. Please notify us
immediately of the error by
return e-mail and please delete
this message from your
system. Thank you in advance
for your cooperation.

For more information about
Orrick, please visit
*http://www.orrick.com*.

In the course of our business
relationship, we may collect,
store and transfer information
about you. Please see our
privacy policy at
https://www.orrick.com/Privacy-
Policy to learn about how we
use this information.

**NOTICE TO RECIPIENT** | This
e-mail is meant for only the
intended recipient of the
transmission, and may be a
communication privileged by
law. If you received this e-mail
in error, any review, use,
dissemination, distribution, or
copying of this e-mail is strictly
prohibited. Please notify us
immediately of the error by
return e-mail and please delete
this message from your
system. Thank you in advance
for your cooperation.

For more information about

Orrick, please visit
*http://www.orrick.com*.

In the course of our business
relationship, we may collect,
store and transfer information
about you. Please see our
privacy policy at
https://www.orrick.com/Privacy-
Policy to learn about how we
use this information.

**NOTICE TO RECIPIENT** | This
e-mail is meant for only the
intended recipient of the
transmission, and may be a
communication privileged by
law. If you received this e-mail
in error, any review, use,
dissemination, distribution, or
copying of this e-mail is strictly
prohibited. Please notify us
immediately of the error by
return e-mail and please delete
this message from your
system. Thank you in advance
for your cooperation.

For more information about
Orrick, please visit
*http://www.orrick.com*.

In the course of our business
relationship, we may collect,
store and transfer information
about you. Please see our
privacy policy at
https://www.orrick.com/Privacy-
Policy to learn about how we
use this information.

**NOTICE TO RECIPIENT** | This
e-mail is meant for only the
intended recipient of the
transmission, and may be a
communication privileged by
law. If you received this e-mail
in error, any review, use,
dissemination, distribution, or

copying of this e-mail is strictly
prohibited. Please notify us
immediately of the error by
return e-mail and please delete
this message from your
system. Thank you in advance
for your cooperation.

For more information about
Orrick, please visit
*http://www.orrick.com*.

In the course of our business
relationship, we may collect,
store and transfer information
about you. Please see our
privacy policy at
https://www.orrick.com/Privacy-
Policy to learn about how we
use this information.