# EXHIBIT 11

Craig J. Mariam  (SBN: 225280)
cmariam@grsm.com
Anthony D. Phillips  (SBN: 259688)
aphillips@grsm.com
Eunice J. Liao  (SBN: 330655)
eliao@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (877) 306-0043

Attorneys for Defendant
BUYERQUEST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BUYERQUEST, INC., an Ohio corporation,<br><br>Defendant. | CASE NO.  3:20-cv-01294-RS<br><br>Judge: Hon. Richard Seeborg<br>Magistrate Judge: Hon. Thomas S. Hixson<br><br>**DEFENDANT BUYERQUEST, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET TWO** |

PROPOUNDING PARTY:   Plaintiff, TRADESHIFT, INC.

RESPONDING PARTY:   Defendant, BUYERQUEST, INC.

SET NO.:   TWO

Defendant BUYERQUEST, INC. ("Responding Party") hereby supplements its responses to the Interrogatories, Set Two of Plaintiff TRADESHIFT, INC. ("Propounding Party") as follows:

-1-
DEFENDANT BUYERQUEST, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

# GENERAL OBJECTIONS

BuyerQuest generally objects as follows:

1. BuyerQuest objects to any and all Interrogatories to the extent they request information subject to the attorney/client privilege, the attorney work product doctrine, and/or any other applicable privilege or privacy laws.

2. BuyerQuest objects to any and all Interrogatories, instructions, or definitions to the extent they seek to impose obligations upon it beyond those required by the Federal Rules of Civil Procedure ("Rules").

3. BuyerQuest objects to the Definitions to the extent that any Definition imposes obligations beyond those required by the Rules.

# SUPPLEMENTAL RESPONSE TO INTERROGATORIES

## INTERROGATORY NO. 11:

IDENTIFY each COMMUNICATION between BUYERQUEST and SMUCKER from September 1, 2019 to January 16, 2020—including but not limited to verbal and written communications, including by letter, e-mail, text message, telephone, instant messenger, or in PERSON—during which BUYERQUEST (or any employee, contractor, or agent acting on behalf of BUYERQUEST) discussed or presented the information in BQ100227, BQ097216, or otherwise discussed a plan, proposal, or ability for BUYERQUEST to provide products or services for Indirect and/or Direct POs, Accounts Payable, and/or Supplier Management, including to IDENTIFY the date of each such COMMUNICATION, the PERSONS who took part in each such COMMUNICATION, the means of each such COMMUNICATION, and the substance of what BUYERQUEST communicated to SMUCKER during that COMMUNICATION (including whether BQ100227, BQ097216, or some similar information was presented).

**RESPONSE TO INTERROGATORY NO. 11:**

BuyerQuest objects to this Interrogatory as vague, ambiguous, and because it contains multiple discrete subparts. BuyerQuest further objects on the grounds that the Interrogatory seeks privileged and confidential information. BuyerQuest further objects to the Interrogatory because it is overbroad, unduly burdensome, seeks information not relevant to any claim or defense, and not proportional to the needs of the case. BuyerQuest further objects because this Interrogatory is duplicative of previous Interrogatories served by Tradeshift and to which BuyerQuest has served objections and responses. BuyerQuest further objects because the request calls for the preparation of a compilation, abstract, or summary that does not exist and the burden to prepare it is substantially the same for Tradeshift as BuyerQuest.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving the foregoing objections, BuyerQuest supplements its Response to Interrogatory No. 11 as follows:

(a) The document produced by BuyerQuest in this action bearing the beginning Bates Number BQ097216 was visually presented as slides to accompany an oral presentation by BuyerQuest given at a meeting between BuyerQuest and Smucker that took place on January 7, 2020. The presentation was jointly given by BuyerQuest employees Luke Batman; Jack Mulloy; Kyle Muskoff; Salman Siddiqui; and, Dan Utyuzh. The presentation was attended by the following employees of Smucker: Jason Barr; Kevin Hare; Brian Hiles; Mike Serle; Russ Wilson.

(b) The document produced by BuyerQuest in this action bearing the beginning Bates Number BQ100227 was created for Smucker's use. BuyerQuest has no personal knowledge if Smucker presented the slides.

Pursuant to Federal Rule 33(d), BuyerQuest also refers to documents

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 previously produced in this action in response to this Interrogatory.  Specifically,

2 documents bearing Bates numbers BQ097339; BQ112408; BQ113472; BQ113477;

3 BQ113507; BQ113545; BQ113738; BQ113776; BQ113795-97; BQ113802;

4 BQ116441; BQ119719-22.

5 Discovery is ongoing.  BuyerQuest reserves the right to supplement the

6 Response to this Interrogatory under Federal Rule 26(e) and upon completion of

7 discovery and as additional non-privileged and responsive information is acquired

8 or ascertained.

9 **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

10 Subject to and without waiving the foregoing objections, BuyerQuest

11 supplements its Response to Interrogatory No. 11 as follows and based on

12 information available to it and ascertained through document review; discussions

13 with knowledgeable individuals; and, analysis of document metadata:

14 (a) The document bearing the beginning Bates number BQ097216 was not

15 communicated to SMUCKER by any means other than the presentation that took

16 place on January 7, 2020.  BQ097216 was not emailed to SMUCKER; shared

17 online with SMUCKER; and, was not sent to SMUCKER from Mr. Mulloy's

18 personal gmail account.

19 (b) The document bearing the beginning Bates number BQ100227 was not

20 sent to SMUCKER by BUYERQUEST.  BQ100227 was not emailed to

21 SMUCKER by BUYERQUEST; was not shared online with SMUCKER; and, was

22 not sent to SMUCKER from Mr. Mulloy's personal gmail account.

23 Discovery is ongoing.  BuyerQuest reserves the right to further supplement

24 its Response to this Interrogatory under Federal Rule 26(e) if additional non-

25 privileged and responsive information is acquired or ascertained.

26 **INTERROGATORY NO. 14:**

27 DESCRIBE the nature and purpose of the document BUYERQUEST

-4-

DEFENDANT BUYERQUEST, INC.'S SECOND SUPPLEMENTAL
RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET
TWO

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1 produced at BQ100227, including by IDENTIFYING the author of the document, 2 any PERSONS who revised the document, the intended purpose of and expected 3 audience for the document, any instances in which the document or a similar 4 variation/version of the document was presented to or sent to PERSONS other than 5 the author (including PERSONS outside of BUYERQUEST), and the PERSONS 6 other than the author to whom the document was presented or sent.

**RESPONSE TO INTERROGATORY NO. 14:**

BuyerQuest objects to this Interrogatory as vague, ambiguous, because it contains multiple discrete subparts, and because the document referenced was not served with the Interrogatory.  BuyerQuest further objects on the grounds that the Interrogatory seeks information protected by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or privacy law. BuyerQuest further objects to the Interrogatory because it is overbroad, unduly burdensome, seeks information not relevant to any claim or defense, and not proportional to the needs of the case.  BuyerQuest further objects because the request calls for the preparation of a compilation, abstract, or summary that does not exist and because the burden to do so is substantially the same for Tradeshift as BuyerQuest.  BuyerQuest further objects to the extent the information sought can be ascertained from the document itself.

Subject to and without waiving the foregoing objections, counsel for BuyerQuest will confer with counsel for Tradeshift and respond to a refined version of this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Subject to and without waiving the foregoing objections, BuyerQuest supplements its Response to Interrogatory No. 14 as follows:

The document produced by BuyerQuest in this action bearing the beginning Bates Number BQ100227 is a slide deck prepared by BuyerQuest for Smucker's

1  use. The document was prepared by BuyerQuest employees Jack Mulloy; Kyle
2  Muskoff; Salman Siddiqui; Karen Bare; and Dan Utyuzh. BuyerQuest has no
3  personal knowledge if Smucker presented the slides.
4      Pursuant to Federal Rule 33(d), BuyerQuest also refers to documents
5  previously produced in this action in response to this Interrogatory. Specifically,
6  documents bearing Bates numbers BQ097339; BQ112408; BQ113472; BQ113477;
7  BQ113507; BQ113545; BQ113738; BQ113776; BQ113795-97; BQ113802;
8  BQ116441; BQ119719-22.

9  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

10      Subject to and without waiving the foregoing objections, BuyerQuest
11  supplements its Response to Interrogatory No. 14 as follows and based on
12  information available to it and ascertained through document review; discussions
13  with knowledgeable individuals; and, analysis of document metadata:
14      The document bearing the beginning Bates number BQ100227 was not sent
15  to SMUCKER by BUYERQUEST. BQ100227 was not emailed to SMUCKER by
16  BUYERQUEST; was not shared online with SMUCKER; and, was not sent to
17  SMUCKER from Mr. Mulloy's personal gmail account.
18      Discovery is ongoing. BuyerQuest reserves the right to further supplement
19  its Response to this Interrogatory under Federal Rule 26(e) if additional non-
20  privileged and responsive information is acquired or ascertained.

Dated: May 5, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By: _/s/_____
Craig J. Mariam
Anthony D. Phillips
Eunice J. Liao
Attorneys for Defendant BuyerQuest, Inc.

-6-
DEFENDANT BUYERQUEST, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

# VERIFICATION

STATE OF OHIO        )
                     )
COUNTY OF CUYAHOGA   )

I, Luke Batman, declare:

I am the Director of Corporate Functions of **BUYERQUEST, INC.**, a corporation organized and existing under the laws of Ohio, which is the Defendant in the above-entitled action, and I have been authorized to make this verification on its behalf.

I have read the foregoing **DEFENDANT BUYERQUEST, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET TWO** on file herein and know the contents thereof. To the extent I have personal knowledge of the matters set forth therein, the same are true and correct. Insofar as said matters are a composite of the information of many individuals, I do not have personal knowledge concerning all of the information contained in said Second Supplemental Response, but I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct.

I declare under penalty of perjury under the laws of the United States and the State of Ohio that the foregoing is true and correct.

Executed at Perrysburg, OH on May 5, 2021.



————————————————

**Luke Batman**

Director of Corporate Functions

-9-
DEFENDANT BUYERQUEST, INC.'S RESPONSE TO PLAINTIFF
TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. One of my business addresses is: Gordon & Rees LLP, 633 W. 5th Street, 52nd Floor, Los Angeles, California 90071. On May 6, 2021, I served the within documents:

**DEFENDANT BUYERQUEST, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET TWO**

☒ **BY ELECTRONIC SERVICE.** By sending electronically a true and correct copy thereof to all counsel of record. <u>Via E-Mail:</u> by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below. During the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.

| | |
|---|---|
| **Amy Kathleen VanZant**<br>**Jason Yu**<br>**Tammy Su**<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>650-614-7400<br>Fax: 650-614-7401<br>Email: avanzant@orrick.com<br>          jasonyu@orrick.com<br>          tsu@orrick.com | **Attorneys for Plaintiff** |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the

-8-
DEFENDANT BUYERQUEST, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF TRADESHIFT, INC.'S INTERROGATORIES, SET TWO

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 6, 2021.

_____