UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>BUYERQUEST, INC.,<br><br>            Defendant. | Case No.  20-cv-01294-RS   (TSH)<br><br>**ORDER RE: MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 82, 86 |

In ECF No. 82, Tradeshift moved to seal Exhibits 1, 3, 4, 5, 6 and 10 to the joint discovery letter brief concerning interrogatories 11 and 14 on the ground that BuyerQuest designated those materials as confidential under the protective order in this action.  Under Civil Local Rule 79-5(e)(1), if BuyerQuest wanted those Exhibits to remain under seal, it was obligated to file a declaration within four days of the motion to seal being filed establishing that the material is sealable.  BuyerQuest did not do so.[1]  Accordingly, this motion to seal is denied, and Tradeshift may file these Exhibits in the public record no earlier than 4 days and no later than 10 days from today.

In ECF No. 86, Tradeshift moved to file under seal certain portions of its letter brief concerning non-party Smucker's privilege claim, as well as Exhibits 1, 7, 8 and 9 to the letter brief.  However, the certificate of service at ECF No. 88 does not state that Tradeshift served its motion to seal or its declaration in support of its motion to seal on Smucker.  Thus, the Court sees no evidence that the four-day deadline under Civil Local Rule 79-5(e)(1) was triggered for

---

[1] Technically, under Civil Local Rule 79(e), Tradeshift was required to file a certificate of service showing that it served the motion to seal and supporting declaration on BuyerQuest, and Tradeshift did not do that.  However, BuyerQuest is a party to this action and received those materials through the Court's ECF system when they were filed.

Smucker.  This matters for Smucker because it is not a party to this case and does not receive ECF notifications (*compare* n.1).  Accordingly, if Tradeshift has not served Smucker with this motion to seal and the declaration in support of it, the Court orders Tradeshift to do so and to file a certificate of service stating that it has done so.  If Tradeshift has served those items on Smucker, then the Court orders Tradeshift to file a certificate of service so stating and specifying the date when service was made.

**IT IS SO ORDERED.**

Dated: June 1, 2021

THOMAS S. HIXSON
United States Magistrate Judge