UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC., <br> Plaintiff, <br> v. <br> BUYERQUEST, INC., <br> Defendant. | Case No. 20-cv-01294-RS (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 92 |

Tradeshift moves to compel BuyerQuest to re-produce its CEO, Jack Mulloy, as its Rule 30(b)(6) witness on topics 4-7 and 14[1] and to pay Tradeshift's fees and costs in bringing this motion. ECF No. 92. Acknowledging that Rule 30 allows a deposing party to pick either the witness or the topics, but not both, in a footnote Tradeshift states that it would accept a different witness who is knowledgeable about these topics. *Id*. at 2 n.1. BuyerQuest argues that Mulloy was fully knowledgeable on topics 4-7 and that topic 14 was objectionable.

Notwithstanding that Tradeshift violated the Court's Discovery Standing Order by including a four-and-half page argument section in what was supposed to have been a joint discovery letter brief not to exceed five pages, the Court will consider Tradeshift's arguments on the merits.

**Topics 4-7.** Topic 4 is communications between BuyerQuest and Smucker regarding Tradeshift. Topic 5 is communications between BuyerQuest and Smucker about plans for BuyerQuest to take over the project. Topic 6 is communications between BuyerQuest and Smucker about Smucker's right to terminate its contact with Tradeshift. Topic 7 is presentations

---

[1] The cover page to this joint discovery letter brief also references topics 1 and 2, but Tradeshift's section of the letter brief does not discuss topics 1 and 2.

made by or to BuyerQuest or Smucker about plans for BuyerQuest to take over the project. These are acceptable Rule 30(b)(6) deposition topics, as they each describe "with reasonable particularity the matters for examination." Fed. R. Civ. Proc. 30(b)(6).

For topics 4-7, Tradeshift's argument is strange. Tradeshift argues that Mulloy did not put in sufficient effort to prepare for his deposition, citing excerpts of his deposition testimony collected in Exhibit 2 to the letter brief. However, Tradeshift does not identify any substantive question related to topics 4-7 that Mulloy was unable to answer. For its part, BuyerQuest compiles in Exhibit 5 more than 120 pages of Mulloy's testimony, with highlighted questions and answers showing that Mulloy provided extensive testimony concerning topics 4-7.

Tradeshift presents argument as if there is some sort of inflexible rule that a 30(b)(6) witness must put in a minimum of X hours to prepare for the deposition, and must review at least Y documents to prepare, and must obtain factual information from at least Z other people to prepare. But there is no such rule. The amount of preparation that is necessary for a Rule 30(b)(6) deposition depends on the nature of the topics and what information the witness already knows or can remember. And, more to the point, the way to show that the witness was unprepared is to show that he couldn't answer questions fairly within the scope of the noticed topics. Tradeshift has not made that showing for topics 4-7. With respect to topics 4-7, Tradeshift's sole attempt at this showing occurs on page 4 of the letter brief:

> Because he had not sufficiently prepared, Mr. Mulloy could not answer even basic questions about known discussions between BuyerQuest and Smucker disparaging Tradeshift and discussing plans to replace Tradeshift with BuyerQuest. For example, when discussing a presentation (Mulloy Tr. Ex. 79) that BuyerQuest made to Smucker about why Tradeshift should be replaced by BuyerQuest (a colloquy squarely within Topic Nos. 4-5 and 7) ***and asked what he did to prepare***, Mr. Mulloy could only say he had reviewed "a lot of different documents" before providing a non-sensical response about reading a document to prepare that even he said would not have helped him prepare. Ex. 2 at 245:2-246:8 (emphasis added).

The Court emphasizes the words "and asked what he did to prepare" because that is indeed what that page of testimony was about – the steps Mulloy took to prepare for his deposition, not substantive questions about topics 4-7. Thus, while Tradeshift complains that Mulloy did not do a lot to prepare for the deposition, it has not shown that his preparation was inadequate because it

2

has not identified any questions within the scope of topics 4-7 that he could not answer.

**Topic 14.** This topic is: "The factual bases for the affirmative defenses in BuyerQuest's answer in this action."[2] This topic fails the "reasonable particularity" requirement in Rule 30(b)(6). It does not describe any factual matter at all, but instead improperly calls for legal contentions from a lay witness. *See Howard v. HMK Holdings*, LLC, 2018 WL 3642131, *5 n.8 (C.D. Cal. June 11, 2018) (asking deposition witness to make a "law-to-fact application that is beyond the competence of most lay persons," "by memory and on the spot" without the aid of counsel is improper) (citation omitted). Rules 33 and 36 provide that interrogatories and requests for admission can request the application of law to fact, but Rule 30 does not provide for that concerning depositions.

The Court can imagine a litigant noticing an improper 30(b)(6) deposition topic but then attempting to salvage it in a deposition. For example, the topic "the factual bases for your fraud affirmative defense" would be an improper legal contention topic. But a skilled questioning attorney might be able to avoid a discovery dispute by asking factual questions that the witness might very well be able to answer, such as "Do you think you were tricked into entering into this contract? Why do you feel that way?"

That sure isn't what happened here. Take look at page 277 of Mulloy's deposition:

> Can you identify or recite for me the facts that support each of BuyerQuest's affirmative defenses?
>
> A. Can you be more specific?
>
> Q. Sure. Topic 14 on which you are designated is "The factual bases for the affirmative defenses in BuyerQuest's answer in this action."
>
> What are the factual bases for the affirmative defenses in BuyerQuest's answer in this action?

This effort was repeated on page 297:

> Have you reviewed BuyerQuest's affirmative defenses in this litigation?
>
> A. Yes.

---

[2] BuyerQuest asserts 21 affirmative defenses in this answer. ECF No. 37.

3

> Q. And are you prepared to describe the factual basis for each of the affirmative defenses?
>
> A. Not without them in front of me, no.
>
> Q. Okay. One of BuyerQuest's affirmative defenses is that it asserts that Tradeshift misrepre – made certain misrepresentations to Smucker that essentially voided the Smucker agreement.
>
> What are the facts that support that affirmative defense?
>
> Mr. Phillips: Objection. Calls for a legal conclusion and lacks foundation.
>
> The Witness: Tradeshift was misleading with respect to their fundraising, their financials, their number of customers, and their product.
>
> By Ms. Van Zant:
>
> Q. And is that a complete statement of the factual bases in support of the misrepresentation affirmative defense?

These questions were improper. Topic 14 improperly sought legal contentions from a lay witness, and during the deposition Tradeshift leaned into that impropriety by phrasing its questions purely in terms of legal contentions.

Accordingly, for the foregoing reasons, Tradeshift's motion to compel is denied.

**IT IS SO ORDERED.**

Dated: June 2, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge

4