1

2

3 UNITED STATES DISTRICT COURT

4 NORTHERN DISTRICT OF CALIFORNIA

5

6 TRADESHIFT, INC.,                 Case No. 20-cv-01294-RS (TSH)

7            Plaintiff,

8      v.                      **ORDER RE: MOTION TO SEAL**

9 BUYERQUEST, INC.,          Re: Dkt. No. 86

10            Defendant.

11

12       In ECF No. 86, Tradeshift moved to file under seal certain portions of its letter brief

13 concerning non-party Smucker's privilege claim, as well as Exhibits 1, 7, 8 and 9 to the letter

14 brief. ECF No. 86. The declaration in support of the motion to seal stated that the letter brief

15 contained discussions of information that Smucker designated as confidential or discussions of

16 documents over which Smucker claimed attorney-client privilege. ECF No. 86-1. Likewise, the

17 declaration stated that Exhibit 1 was documents subject to a claim of privilege by Smucker and

18 that Exhibits 7, 8 and 9 were items that Smucker designated as confidential. *Id*. Paragraph 7 of

19 the declaration stated: "Tradeshift has lodged its Letter Brief and the above identified exhibits

20 under seal pursuant to Rule 79-5(e) to allow JMS [i.e., Smucker] the opportunity to seek

21 confidential treatment." *Id*. The motion to seal repeated those assertions, including the assertion

22 that "Pursuant to Local Rule 79-5(e), Tradeshift understands that JMS will file a declaration

23 establishing that the designated documents are sealable." ECF No. 86. Tradeshift served the

24 motion to seal, the declaration in support of it, its proposed order on the motion, the redacted

25 version of the letter brief, and the sealed version of the letter brief with all exhibits on Smucker's

26 counsel by email on May 18, 2021. ECF Nos. 88, 100. In the 20 days since then, Smucker has

27 not filed a declaration in support of the motion to seal.

28       Civil Local Rule 79-5(e) provides:

1    If the Submitting Party is seeking to file under seal a document
2    designated as confidential by the opposing party or a non-party
     pursuant to a protective order, or a document containing information
3    so designated by an opposing party or a non-party, the Submitting
     Party's declaration in support of the Administrative Motion to File
4    Under Seal must identify the document or portions thereof which
     contain the designated confidential material and identify the party that
5    has designated the material as confidential ("the Designating Party").
     The declaration must be served on the Designating Party on the same
6    day it is filed and a proof of such service must also be filed.

7    (1) Within 4 days of the filing of the Administrative Motion to File
     Under Seal, the Designating Party must file a declaration as required
     by subsection 79-5(d)(1)(A) establishing that all of the designated
8    material is sealable.

9    (2) If the Designating Party does not file a responsive declaration as
     required by subsection 79-5(e)(1) and the Administrative Motion to
10   File Under Seal is denied, the Submitting Party may file the document
     in the public record no earlier than 4 days, and no later than 10 days,
11   after the motion is denied. A Judge may delay the public docketing of
     the document upon a showing of good cause.

12

13   Here, Tradeshift was the submitting party, and the designating non-party was Smucker. If

14   Smucker wished to maintain the confidentiality of the documents Tradeshift moved to seal, it was

15   required to file a declaration by May 24, 2021 (because the fourth day after May 18 was a

16   Saturday). It did not do so. Further, the motion to seal and the declaration in support of it

17   provided clear notice to Smucker that it was expected to seek confidential treatment by filing a

18   declaration, and the motion and the declaration specifically directed Smucker's attention to Local

19   Rule 79-5(e). Accordingly, the Court denies Tradeshift's motion to seal at ECF No. 86 because

20   Smucker did not file the required declaration, timely or otherwise. Pursuant to Local Rule 79-

21   5(e)(2), Tradeshift may file the documents that were the subject of the motion to seal in the public

22   record no earlier than four days, and no later than 10 days, after the date of this order.

23       The Court orders Tradeshift to serve this order on Smucker promptly by email, and to file a

24   certificate of service showing that it has done so.

25   **IT IS SO ORDERED.**

26   Dated: June 7, 2021

27

28
                                                    THOMAS S. HIXSON
                                                    United States Magistrate Judge

2