Craig J. Mariam (SBN: 225280)
cmariam@grsm.com
Anthony D. Phillips (SBN: 259688)
aphillips@grsm.com
Josh D. Bradus (SBN: 306568)
jbradus@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (877) 306-0043
Attorneys for Defendant
BuyerQuest, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC., a Delaware corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BUYERQUEST, INC., an Ohio corporation,<br><br>　　　　　　　　　Defendant. | CASE NO. 3:20-cv-01294-RS<br><br>**DEFENDANT BUYERQUEST, INC.'S OPPOSITION TO PLAINTIFF TRADESHIFT'S INC. MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Hon. Richard Seeborg<br>Dept.: 3, 17th Floor<br>Date: TBD<br>Time: TBD |

-1-
BUYERQUEST, INC.'S OPPOSITION TO TRADESHIFT, INC.'S MOTION FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE (DKT. NO. 94)

## I. INTRODUCTION

The Order (ECF 94) properly denied Tradeshift's bid for new searches of new custodians' documents dated after the relevant time period and germane only to a new and unpled theory of liability advanced for the first time in April 2021. Order, at 3:9-11.

Tradeshift filed its Complaint on February 20, 2020 alleging breaches of contract and intentional interference in connection with two contracts terminated in January 2020. Discovery is now closed. Yet Tradeshift demands new searches for documents "referencing Tradeshift" created between March 6, 2020 and October 1, 2020 from new custodians that had no involvement with the contracts or project at issue. Tradeshift claims the documents will show whether BuyerQuest breached a confidentiality provision of its contract with Tradeshift during that timeframe. This theory is unpled in Tradeshift's Complaint.

Tradeshift does not dispute that its Complaint contains no allegation of confidentiality breach. Rather, it argues the use of phrases "for example" and "among other things" grant it carte blanche to demand documents from any time that are at all related to any conceivable breach of contract theory. Magistrate Hixson saw easily past such overreach and correctly issued the Order denying Tradeshift's motion to compel on relevance and proportionality grounds. Likewise, this Court should deny the Motion for Relief (ECF 104).

## II. FACTUAL AND PROCEDURAL HISTORY

This case is about an unsuccessful software project. Plaintiff-Tradeshift contracted with Defendant-BuyerQuest in June 2019 to jointly implement an e-procurement system for non-party, Smucker. Tradeshift separately contracted with Smucker and BuyerQuest was a subcontractor to that agreement.

On January 17, 2020, Smucker terminated its contract with Tradeshift. ECF 1 at ¶ 17.[1] Tradeshift terminated its Statement of Work with BuyerQuest on January 23, 2020. *Id*. at ¶ 20. Smucker entered into a new contract with BuyerQuest in March 2020. On February 20, 2020, Tradeshift sued BuyerQuest, asserting claims for breach of the Tradeshift-BuyerQuest contract

---

[1] Smucker and Tradeshift have sued one another for fraudulent inducement and breach of contract, respectively, in a separate pending lawsuit filed in May 2020: *Tradeshift, Inc. v. Smucker Services, Co.*, 20-cv-03661 (S.D.N.Y.).

and for intentional interference with the Tradeshift-Smucker contract. *Id*. at ¶¶ 28-44.

In September 2020, BuyerQuest produced over 10,000 documents dated before March 6, 2020 from fourteen custodians. On October 1, 2020, Tradeshift propounded RFP 15 and BuyerQuest timely objected. On February 19, 2021, BuyerQuest agreed to search for documents dated between March 6 and October 1, 2020 that referred back to the relevant time period and referenced "Tradeshift".[2]

Written discovery closed April 2, 2021. Fact discovery closed on May 15. On April 20, 2021, Tradeshift served a Supplemental Interrogatory Response, asserting for the first time that BuyerQuest had breached the confidentiality provision of its contract with Tradeshift. *See*, ECF 104, Exhibit A. Also for the first time on April 20, Tradeshift asserted that the searches BuyerQuest agreed to in February and had since completed should have included five hitherto-unidentified new custodians who might have information on the new confidentiality breach theory.

The Order denied Tradeshift's motion to compel those searches. It held that "Tradeshift's theory of why the product development custodians are relevant rests on a theory of contract liability that is completely outside the Complaint, as Tradeshift acknowledged at the hearing." Order, at 3:9-11. Accordingly, the motion failed on relevance grounds. *Id*., at 3:23-4:12 ("The Court understands exactly what Tradeshift's claims are about, and they are not about this.").

### III.   ARGUMENT

#### A.   The Order Is Not Clearly Erroneous Or Contrary to Law

A "district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *see also, Cornerstone Staffing Sols., Inc. v. James*, 2015 WL 13037131, at *1 (N.D. Cal. July 21, 2015)(Seeborg, C.J.); 28 U.S.C. §636(b)(1)(A); Fed.R.Civ.P., 72(a).

***The Discovery Sought Is Not Relevant***. Discovery is limited to matters which are relevant to a party's claim or defense and proportional to the needs of the case. Fed.R.Civ.P., 26(b)(1). "A

---

[2] Counsel's conferral discussions focused on five key custodians. When BuyerQuest completed the agreed-to searches, it actually searched documents of for all fourteen of the original custodians. This is the source of the discrepancy Tradeshift references. Motion, 5:6-18.

-3-
BUYERQUEST, INC.'S OPPOSITION TO TRADESHIFT, INC.'S MOTION FOR RELIEF
FROM ORDER OF MAGISTRATE JUDGE (DKT. NO. 94)

Complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).

So held the Order: "The complaint has to give notice under Rule 8 of what the breaches were, and there has to be enough factual material in the complaint to satisfy *Twombly* and *Iqbal*." Order, at 3:25-26. The Complaint alleges a range of contract breaches pertaining to project management issues and communications on the Smucker project that ended in January 2020. *Id*., at 2:25-3:8 (*citing*, ECF 1, ¶¶ 31; 43; and, 37). **Nowhere** does the Complaint reference the confidentiality provision nor any breach of confidentiality. And this purported new claim arose *after* the Complaint was filed on February 20, 2020. The Order therefore correctly held that "review of Tradeshift's Complaint discloses no reason why those custodians could possibly be relevant." Order, 2:21-22.

Tradeshift does not dispute that its Complaint fails to allege a breach of the confidentiality provision. Rather, it argues the phrases "Among other things" and "for example" (ECF 104 at n. 1) make its allegations merely "*exemplary*". *Id*. at 1:12 (emphasis in original). According to Tradeshift, the Complaint therefore places no limit on discovery into any conceivable breach of the contract – irrespective of nature or time or whether left unarticulated.[3]

This cannot satisfy Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("Rule 8…demands more than an unadorned, the-defendant-unlawfully harmed me accusation."); Order, at 3:24-25 ("a complaint has to say more than 'the defendant breached the contract.'"). Nor can it open discovery to new custodians on theories of liability concocted at the eleventh hour.

The Order correctly applied the notice pleading requirement to define the scope of relevance for discovery. ECF 94 at 3:23-27 (*citing Twombly* and *Iqbal*). And it correctly denied the motion to compel additional document searches from new custodians on theories advanced for the first time on April 20, 2021. *Id*., at 3:23 ("The Court agrees with BuyerQuest that this is a

---

[3] As BuyerQuest demonstrated in the Joint Letter Brief, the deposition testimony cited does not bear the weight Tradeshift hangs on it: both witnesses made clear the documents at issue were joint project documents to which Tradeshift, Smucker, and BuyerQuest all contributed. *See*, ECF 79, at 5-6. There is no evidence of any use of confidential information by BuyerQuest after the termination of the Tradeshift-Smucker contract. *Id*.

1  bridge too far."). Rather, to advance its new theory, Tradeshift must amend or supplement its
2  Complaint. *Id*., at 4:13-20.[4]

3  Tradeshift's authorities do not show clear error. ECF 104, 4:12-21, n.5 (*citing
4  Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978); *Pasadena Oil & Gas Wyoming LLC v.
5  Montana Oil Properties Inc.,* 320 F. Appx. 675, 677 (9th Cir. 2009); *Kaufman & Broad Monterey
6  Bay v. Travelers Prop. Cas. Co. of Am.,* 2011 WL 2181692 (N.D. Cal. June 2, 2011)).

7  The issue in *Oppenheimer* involved class notice and costs and the Court expressly held it
8  was not one of discovery. 437 U.S. 340, 350. The courts in *Pasadena Oil* and *Kaufman* each
9  found the discovery sought relevant to the claims at issue. *See*, 320 F. Appx. at 677 (relevant
10 documents sought); 2011 WL 2181692, at *2-3 (relevant testimony sought). Tradeshift cannot
11 meet this threshold showing, as the Order correctly held. Order, at 2:21-22 ("A review of
12 Tradeshift's Complaint discloses no reason why those custodians could possibly be relevant.").

13 ***The Discovery Sought Is Not Proportional.*** Tradeshift argues the Magistrate Judge
14 determined the discovery sought was not proportional because the Order relied on a mistaken
15 understanding of the total custodians BuyerQuest already searched (14, not 5) and the number of
16 new custodians Tradeshift demanded in pursuit of its unpled theory (5, not 6). This is a
17 distinction without a difference. Tradeshift's demand is disproportionate in kind, not just degree.
18 It would necessitate a brand new round of document collection and review more than nine
19 months after BuyerQuest completed its original production - all in service of an unpled theory of
20 liability. This is the archetypical fishing expedition and the Order was correct to curtail it.

21 **B.    Granting The Motion Will Prejudice BuyerQuest**

22 Without notice of the claims against it, a defendant is impermissibly prejudiced in its ability
23 to evaluate and obtain evidence and prepare its defenses. *See*, *Coleman* 232 F.3d at 1294-1295.
24 "The lack of notice on [an] issue central to the cause of action makes it difficult, ***if not impossible,***
25 for [defendant] to defend itself." *Id.* (emphasis added).
26 / / /

27
28 [4] In candor, the Initial Case Management Scheduling Order did not preclude amendment ***with leave*** of Court after August 31, 2020. ECF 36; *but see*, Order, 4:14-15. In the event Tradeshift seeks leave to amend it Complaint, BuyerQuest reserves all rights accordingly.

Fact discovery is closed. BuyerQuest has had no opportunity to conduct any discovery or consult experts or investigate Tradeshift's new breach of confidentiality theory. Nor does it have sufficient notice to otherwise prepare a legal defense to the theory. The discovery Tradeshift seeks would not only permit it to advance an unpled theory of liability, but to do without facing a countervailing fact record. The prejudice is apparent.

### IV.   CONCLUSION

The Order was neither clearly erroneous nor contrary to law. Tradeshift is not entitled to unrebuttable discovery into an unpled theory of liability. The Court should deny the Motion and affirm the Order.

Respectfully submitted,

Dated: June 25, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Craig J. Mariam
Anthony D. Phillips
Josh D. Bradus
Attorneys for Defendant BuyerQuest, Inc.