1   AMY K. VAN ZANT (STATE BAR NO. 197426)
    avanzant@orrick.com
2   JASON K. YU (STATE BAR NO. 274215)
    jasonyu@orrick.com
3   TAMMY SU (STATE BAR NO. 329652)
    tsu@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA  94025-1015
    Telephone:     +1 650 614 7400
6   Facsimile:      +1 650 614 7401

7   Attorneys for Plaintiff
    TRADESHIFT, INC.

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12   TRADESHIFT, INC., a Delaware corporation,      Case No. 3:20-cv-1294-RS

13                    Plaintiff,                    **PLAINTIFF TRADESHIFT, INC.'S**
                                                    **NOTICE OF MOTION AND**
14           v.                                     **CONTINGENT MOTION FOR LEAVE**
                                                    **TO FILE FIRST AMENDED**
15   BUYERQUEST, INC., an Ohio corporation,         **COMPLAINT**

16                    Defendant.                    Dept:      3 – 17TH FLOOR
                                                    Judge:     The Hon. Richard Seeborg
17                                                  Date:      August 12
                                                    Time:      1:30 pm
18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 12, 2021 at 1:30 pm in Courtroom 3, 17th Floor, located at the San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiff Tradeshift, Inc. ("Plaintiff" or "Tradeshift") will and hereby does move this Court for leave to file a First Amended Complaint.  A copy of Tradeshift's proposed First Amended Complaint is attached hereto as Exhibit A.

Defendant brings this Motion pursuant to Federal Rule of Civil Procedure 15(a)(2) and Civil Local Rule 10-1.  This Motion is based on this Notice, Memorandum of Points and Authorities, the Declaration of Jason Yu and exhibits thereto, the record in this case (including the Court's May 25, 2021 order ("the Discovery Order") (ECF 94) and Tradeshift's Motion for Relief (ECF 104) and any order issued as a result), oral argument as permitted by the Court, and any other matters that the Court deems appropriate.

Dated: July 1, 2021                       /s/ Amy K. Van Zant
                                          AMY K. VAN ZANT
                                          ORRICK, HERRINGTON & SUTCLIFFE LLP

                                          Attorneys for Plaintiff
                                          TRADESHIFT, INC.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF RELEVANT FACTS .......................................................... 2

    A.   The Original Complaint. ........................................................................ 2

    B.   Tradeshift Uncovers BuyerQuest's Breach of the Article 5 Confidentiality
        Provision ................................................................................................ 4

    C.   Tradeshift Discusses Breach of Confidentiality Provision with BuyerQuest. ........ 5

III. LEGAL STANDARD ........................................................................................ 5

IV.  ARGUMENT ..................................................................................................... 6

    A.   Tradeshift's Proposed Amendment Is Not Prejudicial ........................... 7

    B.   Tradeshift Has Not Delayed or Acted in Bad Faith. ............................. 9

    C.   Amendment of the Complaint Would Not Be Futile ........................... 10

    D.   Tradeshift Has Not Previously Amended Its Complaint ..................... 11

V.   CONCLUSION ................................................................................................ 11

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Acre v. Valley Prune, LLC*,

5

    3 F. Supp. 3d 794 (E.D. Cal. 2014) ............................................................................................9

6

*Beecham v. City of W. Sacramento*,

    No. 2:07-CV-01115 JAM EFB, 2008 WL 3928231 (E.D. Cal. Aug. 25, 2008) .......................8

7

*DCD Programs, Ltd. v. Leighton*,

8

    833 F.2d 183 (9th Cir. 1987) .............................................................................................7, 10

9

*Foman v. Davis*,

    371 U.S. 178 (1962) ...........................................................................................................5, 6

10

*Genthner v. Naeni*,

11

    No. 1:17-CV-00290-DAD-SAB, 2017 WL 3421943 (E.D. Cal. Aug. 9, 2017) ......................11

12

*Gilbert Unified Sch. Dist. No. 41 v. CrossPointe, LLC*,

13

    No. CV 11-00510-PHX-NVW, 2012 WL 1564660 (D. Ariz. May 2, 2012) ...........................11

14

*Gonzalez v. Wilmington Tr., NA*,

    No. 15CV1565 AJB (JLB), 2016 WL 4542027 (S.D. Cal. June 15, 2016) ...............................9

15

*Griggs v. Pace Am. Grp., Inc.*,

16

    170 F.3d 877 (9th Cir.1999) ....................................................................................................6

17

*Miller v. Rykoff-Sexton, Inc*,

18

    845 F.2d 209 (9th Cir. 1988) .................................................................................................10

19

*Optrics Inc. v. Barracuda Networks Inc.*,

    No. 17-cv-04977-RS, 2020 WL 8680000 (N.D. Cal. June 11, 2020) ........................................8

20

*Owens v. Kaiser Found. Health Plan, Inc.*,

21

    244 F.3d 708 (9th Cir. 2001) ...................................................................................................5

22

*Rambus, Inc. v. STMicroelectronics N.V.*,

23

    No. C 10-05449, 2013 WL 12343708 (N.D. Cal. Mar. 18, 2013) (Seeborg, J.) ....................6, 9

24

*Tradeshift, Inc. v. Smucker Services Co.*,

    Case No. 1:20-cv-3661 (S.D.N.Y.) .........................................................................................3

25

*Ur-Rahman v. RadioShack Corp.*,

26

    No. C-07-04427 RMW, 2008 WL 2949273 (N.D. Cal. July 25, 2008) (Whyte,

27

    J.) ......................................................................................................................................8, 9

28

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-cv-1294-RS

*Wroth v. City of Rohnert Park*,
  No. 17-CV-05339-JST, 2018 WL 6439120 (N.D. Cal. Dec. 7, 2018) ......................................7

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) .............................................................................................................2, 5, 6

Fed. R. Civ. P. 8 ..............................................................................................................................3

Fed. R. Civl P. 12(b)(6)..................................................................................................................10

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-CV-1294-RS

1

## I.    **INTRODUCTION**

2      Tradeshift requests that the Court grant this Motion for Leave to file its First Amended

3   Complaint (attached as Exhibit A),[1] which adds only two new paragraphs and <u>no</u> new claims.

4   Consideration of this Motion for Leave is only necessary if the Court denies Tradeshift's pending

5   Motion for Relief from Non-dispositive Pretrial Order (ECF 104) on the grounds that Tradeshift

6   has not pled sufficient allegations in the current Complaint or otherwise adequately disclosed its

7   claim that BuyerQuest breached the Article 5 confidentiality clause of the Tradeshift Partner

8   Program Agreement.[2]   That is, the Court need only consider the present motion if it denies

9   Tradeshift's Motion for Relief is denied and specifically holds that Tradeshift is precluded from

10   pursuing its breach of the confidentiality clause theory of breach in the case.  If Tradeshift's

11   Motion for Relief is granted or if the Court holds that Tradeshift is permitted to pursue its breach

12   of confidentiality theory in the case even if the Court denies further discovery on that issue, it

13   need not consider the present Motion for Leave.

14      As explained in Tradeshift's pending Motion for Relief, there is no dispute that Tradeshift

15   pled that BuyerQuest breached the contract in its original Complaint.  However, in the course of

16   ruling on a recent discovery dispute, Magistrate Hixson found that because Tradeshift had pled

17   allegations identifying several expressly exemplary contract provisions that were breached, it is

18   precluded from taking discovery about BuyerQuest's breach of other contract provisions that

19   were not specifically identified in the Complaint.  ECF 94 at 3-5 ("Discovery Order"); *see also*

20   ECF 104 (Motion for Relief) at 4.  As the Court is aware, Tradeshift is seeking relief (in part)

21   from Magistrate Hixson's Order both because (1) the order is predicated on several misstatements

22   of fact (ECF No. 104 at 4-5) and (2) the order is contrary to well-settled law that discovery is not

23   limited to issues expressly raised in a Complaint and litigants are not required to plead every

24

---

[1] Unless otherwise specified, all exhibit cites are to the Jason Yu Declaration in Support of
25   Tradeshift's Contingent Motion for Leave to Amend.

26   [2] Tradeshift identifies three contracts with BuyerQuest in the Complaint:  (1) the Tradeshift
Partner Program Agreement; (2) the Cross Selling Attachment; and (3) the Reseller Order Form
(collectively, in the Complaint and in the present motion, "the BuyerQuest Agreements").
27   Tradeshift's First Amended Complaint would specifically allege that BuyerQuest breached the
Article 5 confidentiality clause of the Tradeshift Partner Program Agreement.  Ex. A.

28

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-CV-1294-RS

1  specific factual theory for each such cause of action (ECF 104 at 4) – that is the purpose of

2  contention interrogatories and other discovery.

3       Although Discovery Order's holding is limited to whether BuyerQuest should be

4  compelled to provide certain additional discovery, BuyerQuest is interpreting the order to mean

5  that Tradeshift is precluded from presenting *any* evidence of BuyerQuest's breach of the

6  confidentiality provision at trial (even the evidence that Tradeshift already has).  If that were true,

7  Tradeshift would be irrevocably prejudiced.  Tradeshift brings this contingent Motion for Leave

8  to Amend to ensure there is no dispute that it will be allowed to present evidence and argument

9  regarding BuyerQuest's breach of the confidentiality provision at trial.

10       There is no deadline to amend pleadings with leave of the court, and it is well settled that

11  the Federal Rules establish a liberal amendment standard, instructing that a "court should freely

12  give leave when justice so requires."  *See* Fed. R. Civ. P. 15(a)(2).  Such amendment is warranted

13  here because BuyerQuest cannot establish bad faith, prejudice, or futility related to this modest

14  amendment, nor will the proposed amendment have any impact on the trial schedule.

15       Accordingly, Tradeshift respectfully requests that the Court grant its Motion for Leave to

16  File the First Amended Complaint if the Court's order on the pending Motion for Relief would

17  preclude Tradeshift from asserting breach of the confidentiality provision at trial.

18  **II.    STATEMENT OF RELEVANT FACTS**

19      **A.    The Original Complaint.**

20       Tradeshift filed its Complaint against BuyerQuest for breach of contract, breach of the

21  implied covenant of good faith and fair dealing, and tortious interference on February 20, 2020.

22  ECF 1 ("Compl.").  The Complaint alleged that Tradeshift and third party Smucker signed a

23  contract (the "SSA") in June 2019 for a license to Tradeshift's software solution and platform, a

24  license to third party BuyerQuest's software solution, and for certain managed services to

25  implement the joint software solution (the "Smucker Project").  *Id.*, ¶ 9.  Tradeshift also entered

26  into a set of agreements (the Tradeshift Partner Program Agreement, the Cross Selling

27  Attachment, and the Reseller Order Form) (collectively, the "BuyerQuest Agreements") with

28

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-CV-1294-RS

defendant BuyerQuest which provided for Tradeshift to act as BuyerQuest's reseller on the Smucker project, established a framework for future joint endeavors between Tradeshift and BuyerQuest, and specifically established a payment and work schedule for BuyerQuest to act as Tradeshift's subcontractor in implementing the joint Tradeshift/BuyerQuest solution for the Smucker project. *Id.*, ¶¶ 12-15. Ultimately, BuyerQuest interfered with Tradeshift's SSA and breached its own obligations to Tradeshift under the BuyerQuest Agreements by misleading Smucker to believe that Tradeshift could not perform technically as required and that Tradeshift was on the brink of financial ruin. *Id.*, ¶¶ 26-27, 34-44. Smucker notified Tradeshift that it was terminating the SSA effective January 17, 2020 (*id.*, ¶ 17), resulting in Tradeshift suing BuyerQuest in the Northern District of California and Smucker in the Southern District of New York.[3]

In the present case, Tradeshift alleged that BuyerQuest (1) tortiously interfered with the SSA, (2) breached its contractual obligations in a myriad of ways under the BuyerQuest Agreements, and (3) breached its obligation of good faith and fair dealing owed to Tradeshift. *Id.*, ¶¶ 26-27. Tradeshift did not describe every act of interference or breach in the Complaint, both because it was not required to under Rule 8 of the Federal Rules of Civil Procedure's notice pleading standards and also because much of BuyerQuest's and Smucker's misconduct was covert and unknown to Tradeshift at the time of filing. Instead, Tradeshift *expressly* stated in the Complaint that it was providing non-limiting *examples* of factual allegations that would support its breach and interference claims, including, specifically by identifying a handful of exemplary contractual provisions that were alleged to have been breached. *See e.g.*, *id.*, ¶ 31 ("BuyerQuest has materially breached the BuyerQuest Agreements on multiple occasions, *including . . . by, for example*, failing to obtain Tradeshift's review and consent to scope changes to the Smucker project; interfering with Tradeshift's program management duties; failing to support Tradeshift

---

[3] Tradeshift was forced to sue BuyerQuest and Smucker in two different jurisdictions even though the underlying facts of the two cases are related because the BuyerQuest Agreements specified the Northern District of California as the venue whereas the SSA specified the Southern District of New York as the venue. ECF 1, ¶ 4 and Complaint, ¶ 4, *Tradeshift, Inc. v. Smucker Services Co.,* Case No. 1:20-cv-3661 (S.D.N.Y.), ECF 1.

with planning, configurations, deliverables, integrations, change requests, and product updates necessary for the Smucker project implementation; failing to follow Tradeshift's lead with respect to supplier onboarding strategy and planning; failing to follow the Change Control Process; and failing to include Tradeshift in communications with Smucker related to the Smucker project.") (emphasis added).

Notably, at the time of filing the original Complaint, Tradeshift was not aware (and had no way to know) that BuyerQuest had secretly used Tradeshift's confidential specifications and design documents to identify new technical features and functionality that it would need to incorporate into its own product roadmap in order to steal the Smucker business away from Tradeshift.

**B.** **Tradeshift Uncovers BuyerQuest's Breach of the Article 5 Confidentiality Provision**

In July 2020, BuyerQuest produced a Tradeshift technical specification (the "Solution Description Document") describing Tradeshift's solution for the Smucker project from the files of BuyerQuest's Chief Product Officer, Salman Siddiqui.  During his April 2021 deposition, however, Mr. Siddiqui's testified that he had no involvement in BuyerQuest's work on the Tradeshift/BuyerQuest project for Smucker and therefore confirmed he had no legitimate basis to have Tradeshift's Solution Description Document.[4]  Ex. E (Siddiqui Dep. Tr.) at 20:6-22:4; *see also* Ex. F (Utyuzh Dep. Tr.) at 19:15-18, 20:18-21, 38:21-39:2.

Mr. Siddiqui further explained that his job was to "roadmap" new features to add to BuyerQuest's products and, in fact, *at the time he requested Tradeshift's confidential documents from Dan Utyuzh* (BuyerQuest's Project Manager on the Smucker project), he was developing a plan to add features to BuyerQuest's procurement solution that would replicate and replace the functionality of Tradeshift's procurement solution so BuyerQuest could replace Tradeshift on the Smucker Project entirely.  Ex. E at 17:17-18:11, 19:9-24, 72:22-73:15, 74:16-75:13.[5]  Mr.

---

[4] Prior to Mr. Siddiqui's testimony that he had no role on the Smucker Project, there was no reason to suspect there was anything wrong with Mr. Siddqui having a copy of the SDD.

[5] Mr. Utyuzh testified that he did not know why Mr. Siddiqui needed Tradeshift's confidential documents at the time he provided them to Siddqui (*see e.g.*, Ex. F (Utyuzh Dep. Tr.) at 107:7-22,

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-CV-1294-RS

1  Siddiqui testified that BuyerQuest then presented the plan to Smucker at a January 7, 2020 in-

2  person meeting, which caused Smucker to terminate Tradeshift ten days later.  *Id.* at 81:12-20.

3          **C.**        **<u>Tradeshift Discusses Breach of Confidentiality Provision with BuyerQuest.</u>**

4         The day after Mr. Siddiqui's deposition, Tradeshift wrote BuyerQuest about certain

5  deficiencies in BuyerQuest's document production and expressly stated that the documents that

6  BuyerQuest owed Tradeshift would likely also be relevant to proving BuyerQuest's breach of the

7  Confidentiality Provision. Ex. B at 2 (4/9/2021 J. Yu Email).  During that same discussion,

8  Tradeshift also explained that "Tradeshift was not aware of BuyerQuest's use of its confidential

9  information at the time it filed the complaint, but it is clear now that BuyerQuest breached its

10  confidentiality obligations under the parties agreement by misusing confidential information.

11  Tradeshift intends to prove as much at trial."  *Id.* at 1-2 (4/12/2021 A. Phillips Email and

12  4/13/2021 J. Yu Email).  To avoid all doubt, Tradeshift served a supplemental interrogatory

13  response identifying BuyerQuest's breach of the Article 5 confidentiality clause (the

14  "Confidentiality Provision") through Mr. Siddiqui's improper use of Tradeshift's Solution

15  Description Document as an example of its breach of contract, breach of good faith and fair

16  dealing, and wrongful conduct underlying an interference claim.  Ex. C (4/20/2021 Tradeshift

17  Supp. Res. to Interrog. No. 19).

18  **III.**     **<u>LEGAL STANDARD</u>**

19         Federal Rule of Civil Procedure 15(a) provides that a party may amend any pleading by

20  moving for leave of court and instructs that leave to amend "shall be freely given."  *Foman v.*

21  *Davis*, 371 U.S. 178, 182 (1962).  In the Ninth Circuit this policy is "applied with extreme

22  liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation

23  omitted) (granting motion for leave to amend answer where defendant moved to amend

24  immediately upon discovering the availability of the res judicata affirmative defense).

25         Courts consider five factors in determining whether leave to amend is warranted: (i) undue

26

27  109:6-110:19, 113:7-17, 116:6-117:7), a questionable claim given that Mr. Utyuzh knew that
    BuyerQuest was actively working to interfere with the SSA to get the Smucker Project for itself.

28

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-CV-1294-RS

1    delay; (ii) prejudice to the opposing party; (iii) futility of the amendment; (iv) bad faith; and (v)

2    whether the moving party has previously amended its pleadings.  *Foman*, 371 U.S. at 182.  When

3    conducting this analysis, all inferences should be drawn in favor of the granting motion.  *See*

4    *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir.1999) (reversing district's court denial

5    of motion to amend upon determining that the amendment was not futile and not made in bad

6    faith).

7         The non-moving party has the burden to demonstrate that leave should not be granted.

8    *Rambus, Inc. v. STMicroelectronics N.V.*, No. C 10-05449, 2013 WL 12343708, at *2 (N.D. Cal.

9    Mar. 18, 2013) (Seeborg, J.) ("Federal Rule of Civil Procedure 15 places the burden of

10   establishing a basis for denying leave to amend on [the] nonmoving party . . . .").  As established

11   below, granting leave to amend is warranted here.

12   **IV.    ARGUMENT**

13        The Court should grant Tradeshift leave to amend here.  Tradeshift asserted a claim for

14   breach of contract in its original Complaint and timely disclosed specific facts regarding

15   BuyerQuest's breach of the Confidentiality Provision of that contract during discovery (through

16   conferral and in a formal interrogatory response) immediately upon learning of them.   Under

17   established notice pleading rules, and because Tradeshift timely disclosed the confidentiality

18   breach theory in discovery, Tradeshift believes it already is entitled to present evidence of this

19   breach at trial.  ECF 104 *passim*.  However, because BuyerQuest has argued that the magistrate's

20   Discovery Order limits the evidence and argument Tradeshift can present at trial,[6] Tradeshift

21   seeks leave to file the First Amended Complaint to expressly add allegations specifying that

22   BuyerQuest breached the Confidentiality Provision.  For the reasons below, the Court should

23   grant Tradeshift the requested leave to file the First Amended Complaint.

24

25   _____

26   [6] Tradeshift disputes the idea that the Court's Discovery Order precludes Tradeshift from
     introducing evidence that BuyerQuest breached the Confidentiality provision – the Order itself
     holds only that BuyerQuest was not obligated to provide certain additional discovery.  It says

27   nothing about what evidence Tradeshift may introduce at trial.  Tradeshift nonetheless brings this
     motion out of an abundance of caution given BuyerQuest's apparent interpretation.

28

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-cv-1294-RS

1

### A.    Tradeshift's Proposed Amendment Is Not Prejudicial

2       The party opposing the amendment bears the burden of establishing prejudice. *DCD*

3  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Prejudice measures whether the

4  proposed amendment constitutes a "radical shift" in the direction or scope of the case.  *Wroth v.*

5  *City of Rohnert Park*, No. 17-CV-05339-JST, 2018 WL 6439120, at *3 (N.D. Cal. Dec. 7, 2018)

6  (finding that adding a new but related theory of liability would not cause a "radical shift," even

7  though discovery had closed because plaintiff was not seeking additional discovery and agreed to

8  stipulate to the reopening of discovery should it be required by Defendants).

9       Here, BuyerQuest cannot show prejudice because Tradeshift broadly pled breach of the

10  BuyerQuest Agreements in the Complaint and because Tradeshift promptly disclosed specific

11  facts regarding breach of the Confidentiality Provision during fact discovery, both through

12  correspondence with BuyerQuest's counsel and in a formal interrogatory response. Exs. B & C.

13       Moreover, the fact that BuyerQuest misused Tradeshift's confidential documents has

14  always been known to BuyerQuest because (1) it was BuyerQuest's own employee, Mr. Siddiqui

15  who used the documents and (2) BuyerQuest knew the entire time that Mr. Siddiqui had no role

16  in the implementation of the Smucker Project and should not have asked for, received, or used

17  those documents.  Tradeshift, in contrast, only discovered this during Mr. Siddiqui's and Mr.

18  Utyuzh's depositions.  Tradeshift could not have known of BuyerQuest's breach of the

19  Confidentiality Provision at the time the Complaint was filed because BuyerQuest had

20  intentionally hidden that fact from Tradeshift after covertly accessing the Solution Description

21  Document for what BuyerQuest knew was an improper purpose, namely, to interfere with the

22  SSA and take over Tradeshift's contract with Smucker for itself.  On these facts, BuyerQuest

23  cannot be heard to argue prejudice.

24       Nor can BuyerQuest argue prejudice on the grounds that the amendment will result in it

25  having to produce additional discovery.  Fact discovery is closed, and the only open discovery

26  issue is that which is the subject of Tradeshift's pending Motion for Relief.  Allowing Tradeshift

27  leave to file the First Amended Complaint therefore adds no new discovery burdens and is not

28

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-CV-1294-RS

1    prejudicial.[7]  *See e.g., Optrics Inc. v. Barracuda Networks Inc.*, No. 17-cv-04977-RS, 2020 WL

2    8680000, at *2 (N.D. Cal. June 11, 2020) (granting a motion to amend the complaint at a late

3    stage in a proceeding even where additional limited discovery may be required).

4         Likewise, to the extent that BuyerQuest might argue that it is entitled to additional

5    discovery to refute Tradeshift's new theory, such claims are hollow.  Because the facts related to

6    BuyerQuest's breach were always known to BuyerQuest, it should have known this issue would

7    come up.  Moreover, at the time of Mr. Siddiqui's deposition and the parties' subsequent

8    conferrals discussing the issue (Ex. B), BuyerQuest had only deposed a single witness.

9    Accordingly, BuyerQuest had the opportunity to question numerous witnesses about this issue

10   after Tradeshift disclosed it and, in fact, *did* investigate Tradeshift's breach of the Confidentiality

11   Provision claim.  For example, BuyerQuest questioned Tradeshift witnesses about the Solution

12   Description Document, including who drafted it, its purpose, and who reviewed and approved it

13   and about Tradeshift's confidentiality practices.  Ex. G (S. Norton Tr.) at 31:21-34:18 and Ex. H

14   (D. Gillman Tr.) at 106:10-107:4. Courts have refused to find prejudice or deny leave to amend

15   on similar facts.  *Ur-Rahman v. RadioShack Corp.*, No. C-07-04427 RMW, 2008 WL 2949273,

16   at *2 (N.D. Cal. July 25, 2008) (Whyte, J.) ("The court has no sympathy for this argument. Prior

17   to taking any depositions, RadioShack knew Ms. Ur–Rahman sought to amend her complaint and

18   refused to respond to her request. Nevertheless, RadioShack could have explored these topics in

19   the depositions.").

20        Indeed, whereas is the case here, if the amendment does not "substantially alter the nature

21   of the litigation or require significant additional discovery or cause substantial delay," courts

22   generally grant the motion.  *Beecham v. City of W. Sacramento*, No. 2:07-CV-01115 JAM EFB,

23   2008 WL 3928231, at *2-3 (E.D. Cal. Aug. 25, 2008) (granting motion to amend brought two

24

---

25   [7] Tradeshift believes that BuyerQuest should be ordered to produce the discovery that is the
     subject of the Motion for Relief (ECF 104) and it is possible that Tradeshift will petition for
26   additional relevant discovery if/after it has had the opportunity to review that production.
     However, Tradeshift is not willing to forego the current November 1, 2021 trial date to get such
27   potential additional discovery and instead is prepared to prove BuyerQuest's breach of the
     Confidentiality Provision based only on the current evidence of record if necessary.

28

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-cv-1294-RS

1   weeks before the close of discovery to add a new party upon finding that the defendants made no

2   showing of prejudice, futility or bad faith); *Gonzalez v. Wilmington Tr.*, *NA*, No. 15CV1565 AJB

3   (JLB), 2016 WL 4542027, at *5-6 (S.D. Cal. June 15, 2016) (granting motion to amend despite

4   "some prejudice," where the amendments would not cause the defendants to undertake "an

5   entirely new course of defense") (citation omitted).

6       In contrast, Tradeshift will be severely prejudiced if its Motion for Relief and the present

7   motion are both denied.  Tradeshift would have to initiate an entirely new lawsuit and separately

8   pursue a claim for breach of the Confidentiality Provision, potentially at risk of being precluded

9   from ever pursing this claim.  On these facts, the potential for prejudice heavily weighs in favor

10   exclusively of Tradeshift.

11       **B.**    <u>**Tradeshift Has Not Delayed or Acted in Bad Faith.**</u>

12       Tradeshift has not delayed or acted in bad faith.  "There is no undue delay where . . . a

13   party acts diligently by moving to amend to plead new facts promptly after learning of them."

14   *Rambus*, 2013 WL 12343708, at *6; *see also Acre v. Valley Prune, LLC*, 3 F. Supp. 3d 794, 799

15   (E.D. Cal. 2014) (finding that waiting two months after obtaining a declaration that gave rise to

16   new facts before moving to amend was reasonable); *Ur-Rahman*, 2008 WL 2949273, at *2

17   (granting to motion to amend even where the plaintiff waited ten months between discovering

18   basis for amendment and amending).

19       As soon as Tradeshift obtained Mr. Siddiqui's testimony showing that BuyerQuest had

20   improperly (and covertly) used Tradeshift's confidential information, it promptly informed

21   BuyerQuest in an email to counsel.  Ex. B (April 9 to April 13 email chain).  Tradeshift also

22   served an interrogatory response expressly disclosing facts related to the breach (which, again,

23   were already known to BuyerQuest).  Ex. C (4/20/2021 Tradeshift Supp. Res. to Interrog. No.

24   19).  Because Tradeshift had already asserted a claim for breach of the BuyerQuest Agreements,

25   it did not believe that it needed to amend its Complaint.  Nonetheless, following the Discovery

26   Order and the Court's decision to consider Tradeshift's Motion for Relief, Tradeshift worked

27   diligently to file this motion as a backstop in the event its Motion for Relief was denied.

28

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-CV-1294-RS

1    Referring to a Slack thread showing Mr. Utyuzh and Mr. Siddiqui exchanging

2    Tradeshift's confidential documents, BuyerQuest has previously argued that Tradeshift should

3    have been able to surmise a breach of the Confidentiality Provision several months earlier than it

4    did.  But those Slack messages merely showed Tradeshift documents—which related to the

5    project on which the parties were jointly working—being circulated between two BuyerQuest

6    employees; they did not show why they were being circulated or suggest that there was an

7    improper purpose in doing so.  Nor was it evident from those messages that Mr. Siddiqui had no

8    role in the implementation of the Smucker Project and no legitimate purpose for receiving or

9    using those documents. Ex. E at 17:17-18:11, 19:9-24, 72:22-73:15, 74:16-75:13. And, in any

10   event, Courts recognize that waiting to amend until after the party has obtained sufficient

11   evidence to support its proposed amendments is a satisfactory explanation that cuts against a

12   finding of delay.  *DCD Programs*, 833 F.2d at 187 (finding no evidence of unjust delay where the

13   plaintiff waited to amend until it had sufficient evidence of defendant's wrongful conduct).

14   Because much of BuyerQuest's misconduct against Tradeshift was clandestine, Tradeshift

15   had very little information about BuyerQuest's wrongdoing at the outset of the case.  But bit by

16   bit, and in many instances having to file discovery motions to get at what was clearly relevant

17   information, Tradeshift extracted evidence of BuyerQuest's charade and the full extent of its

18   wrongdoing.  *See* Exs. C and D.  Any delay or bad faith on these facts is not attributable to

19   Tradeshift.

20   **C.    <u>Amendment of the Complaint Would Not Be Futile</u>**

21   Tradeshift's proposed amendments are not futile.  Courts use the same Rule 12(b)(6)

22   standard to determine whether an amendment would be futile—*i.e.*, determining whether the

23   amended pleading alleges facts that state a claim for relief. *See Miller v. Rykoff-Sexton, Inc*, 845

24   F.2d 209, 214 (9th Cir. 1988).  BuyerQuest has not argued that Tradeshift's amendment would be

25   futile and, in fact, this Court denied BuyerQuest's earlier motion to dismiss.  ECF No. 29.

26   Tradeshift's proposed First Amended Complaint repeats the claim for beach of the BuyerQuest

27   Agreements in its original Complaint but adds a new paragraph to specifically allege that

28

PLAINTIFF'S CONTINGENT
MTN FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
CASE NO. 3:20-CV-1294-RS

1    BuyerQuest breached the Confidentiality Provision by using Tradeshift's confidential documents

2    for an unauthorized purpose, namely, to harm Tradeshift and steal the Smucker work for itself.

3    Ex. A at ¶¶ 28-29.  Accordingly, just as the Court decided with respect to Tradeshift's original

4    Complaint, the proposed First Amended Complaint adequately states a claim for breach of the

5    BuyerQuest Agreements.

6           **D.      Tradeshift Has Not Previously Amended Its Complaint**

7           Where a party has previously been granted leave to amend, Courts are more likely to deny

8    a subsequent request.  *Genthner v. Naeni*, No. 1:17-CV-00290-DAD-SAB, 2017 WL 3421943, at

9    *5 (E.D. Cal. Aug. 9, 2017) (denying further leave to amend for a *fourth* time); *Gilbert Unified*

10   *Sch. Dist. No. 41 v. CrossPointe, LLC*, No. CV 11-00510-PHX-NVW, 2012 WL 1564660, at *6

11   (D. Ariz. May 2, 2012) (where the party has had multiple opportunities to amend, the discretion

12   to deny leave to amend is broad).  This is Tradeshift's ***first amendment*** to its complaint.

13   Accordingly, this factor weighs in favor of granting leave to amend.

14   **V.      CONCLUSION**

15          Because the risk of prejudice to Tradeshift is so severe should it be precluded from

16   advancing the evidence of record that shows that BuyerQuest breached Article 5 of the Master

17   Agreement for the Tradeshift Partner Program, Tradeshift has taken the extraordinary step of

18   submitting this Motion for Leave to File the First Amended Complaint.  Tradeshift submits that

19   the Court need not rule on the present motion unless the Court's order on the Motion for Relief

20   finds that Tradeshift is precluded from advancing such a theory of breach because it was not

21   expressly pled in the Complaint.  If such an order issues, Tradeshift respectfully submits that its

22   Motion for Leave readily meets the requirements for being granted.  For the foregoing reasons,

23   the Court should grant Tradeshift's Motion for Leave to Amend the Complaint.

24   Dated: July 1, 2021                          ORRICK, HERRINGTON & SUTCLIFFE LLP

25                                                */s/ Amy K. Van Zant*
                                                 _____
26                                               AMY K. VAN ZANT

27                                               Attorneys for Plaintiff
                                                 TRADESHIFT, INC.
28