AMY K. VAN ZANT (STATE BAR NO. 197426)
avanzant@orrick.com
JASON K. YU (STATE BAR NO. 274215)
jasonyu@orrick.com
TAMMY SU (STATE BAR NO. 329652)
tsu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

Attorneys for Plaintiff
TRADESHIFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>BUYERQUEST, INC., an Ohio corporation,<br><br>  Defendant. | Case No. 3:20-cv-1294-RS<br><br>**PLAINTIFF TRADESHIFT, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. NO. 94)**<br><br>Dept:   3 – 17TH FLOOR<br>Judge:  The Hon. Richard Seeborg<br>Date:   TBD<br>Time:   TBD |

As explained in Tradeshift's opening motion, the Magistrate's order (ECF No. 94) denying discovery related to BuyerQuest's breach of the confidentiality provision of the Tradeshift Partner Program Agreement (which was one of the three "BuyerQuest Agreements" identified as part of Tradeshift's breach of contract claim in the Complaint) is contrary to the principle of law set forth by the Supreme Court and Ninth Circuit that "discovery is *not* limited to issues raised by the pleadings, *for discovery itself is designed to help define and clarify the issues*." *See e.g., Oppenheimer Fund Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (emphasis added). BuyerQuest's opposition does not dispute this principle of law, nor does it explain why the Magistrate's order is plainly contrary to that principle.

Instead, BuyerQuest relies on a single inapposite case, *Coleman v. Quaker Oats Co.*, for the proposition that "[a] Complaint guides the parties' discovery." Opp. at 3-4. But that proposition from *Coleman* is not inconsistent with the one set forth in *Oppenheimer* (or the myriad of cases citing *Oppenheimer*). Indeed, Tradeshift's Complaint specifically claims that BuyerQuest breached the three BuyerQuest Agreements and thus, acting as a "guide," should permit Tradeshift to take discovery related to any breach of those contracts, even those not expressly raised in the Complaint.

Moreover, although *Coleman* is inapposite to the present facts (it relates to summary judgment, not discovery), ironically, it nonetheless supports Tradeshift's position. In *Coleman*, the plaintiff asserted an employment discrimination claim and alleged a "disparate treatment" theory in its Complaint. At summary judgment, however, the plaintiff asserted—for the first time—a "disparate impact" theory of employment discrimination, which was akin to asserting an entirely new cause of action, as it required different elements of proof and allowed for entirely different defenses. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291-92 (9th Cir. 2000) ("A disparate impact theory, lacking the requirement that the plaintiff prove intent and focusing on statistical analyses, requires that the defendant develop entirely different defenses, including the job relatedness of the challenged business practice or its business necessity."). The court denied summary judgment on the new disparate impact claim because it had not been previously disclosed.

1    Unlike in the present case, the plaintiffs in *Coleman* waited until summary judgment to
2    disclose their theory for the first time. *Coleman*, 232 F.3d at 1291 ("[The plaintiffs] admit that
3    the first time they raised this claim was in their motions for summary judgment."). They did not
4    disclose the claim in discovery through conferral, depositions, or interrogatory responses. *Id.*
5    Here, in contrast, as soon as Tradeshift uncovered at his deposition that Mr. Siddiqui had misused
6    Tradeshift's confidential documents to modify BuyerQuest's production roadmap, Tradeshift
7    wrote to BuyerQuest's counsel to provide notice that such use constituted a breach of the
8    confidentiality provision. Yu Declaration in Support of Reply Brief in Support of Motion for
9    Relief, Ex. G at 2 (4/9/2021 Email)[1] ("Mr. Siddiqui's deposition made clear that the production
10   will likely include documents that are highly probative of BuyerQuest's use of confidential
11   information in violation of the parties' agreement.") and at 1 (4/13/2021 email) ("Tradeshift was
12   not aware of BuyerQuest's use of its confidential information at the time it filed the complaint,
13   but it is clear now that BueyrQuest breached its confidentiality obligations under the parties[']
14   agreement by misusing confidential information. Tradeshift intends to prove as much at trial.")
15   Tradeshift also disclosed its contention in an April 20, 2021 interrogatory response. Ex. A.

16   Tradeshift's pleading and diligent disclosure of relevant contentions during discovery is a
17   critical distinction from the facts at issue on *Coleman*. Indeed, the *Coleman* opinion and others
18   citing it have expressly recognized that the outcome of *Coleman* would have been different if the
19   plaintiff had disclosed the disparate impact theory during discovery. *Coleman*, 232 F.3d at 1294
20   (noting that plaintiff was obligated "***either*** (1) *to plead the additional disparate impact theory in*
21   *their complaints,* ***or*** (2) *to make known during discovery their intention to pursue recovery on the*
22   *disparate impact theory omitted from their complaints*.") (emphasis added); *see also Bax v. Drs.*
23   *Med. Ctr. of Modesto, Inc.*, 393 F. Supp. 3d 1000, 1018 (E.D. Cal. 2019) (noting that *Coleman*
24   held "that even if a plaintiff failed to plead an additional theory in her complaint, she could
25   nonetheless pursue that theory if she made it known during discovery of her intention to pursue
26   recovery under that theory"); *Vazquez v. TWC Admin. LLC,* 254 F. Supp. 3d 1220, 1229 (C.D.

27
28   [1] Mr. Siddiqui's deposition took place on April 8, 2021. This email conversation took place immediately thereafter. At the time, BuyerQuest had only taken a single deposition.

- 2 -    TRADESHIFT REPLY BRIEF ISO MOTION FOR
RELIEF FROM NONDISPOSITIVE ORDER
CASE NO. 3:20-CV-1294-RS

1  Cal. 2015) (declining to follow *Coleman* because the "defendants were indisputably put on notice
2  of the methodology plaintiffs advance in their opposition"); *Ortega v. Neil Jones Food Co.*, No.
3  12-CV-05504-LHK, 2014 WL 232358, at *5 (N.D. Cal. Jan. 21, 2014) (distinguishing *Coleman*
4  and allowing theory to be asserted at summary judgment because the facts were discussed during
5  deposition and, accordingly, defendant "would not be prejudiced by the Court's consideration of
6  [plaintiff's] complaints despite the fact that these complaints were not explicitly mentioned in
7  [plaintiff's] Complaint"). Tradeshift indisputably disclosed its breach of the confidentiality
8  provision theory during discovery and, as such, is entitled to additional discovery on that matter.

9  Unlike Tradeshift's ability to distinguish *Coleman* (the sole case BuyerQuest relies on),
10  BuyerQuest fails to successfully distinguish the cases Tradeshift cites in its opening brief. For
11  example, BuyerQuest argues that the ultimate holding in *Oppenheimer Fund* was not based on the
12  discovery rules, but the principle of law cited above—that discovery is not limited to the specific
13  issues raised in the complaint—clearly does apply to the scope of discovery and has been applied
14  in the discovery context numerous times. *Oppenheimer Fund*, 437 U.S. at 351.

15  BuyerQuest also confusingly argues that *Pasedena Oil and Kaufman* are distinguishable
16  because the parties in those cases were seeking "relevant" discovery. But the fact that the courts
17  in those cases found the evidence to be relevant is exactly why those cases support Tradeshift's
18  position. The courts found the evidence at issue in those cases to be relevant even though it
19  related to issues ***not specifically raised in the Complaint because discovery is not limited to the***
20  ***issues in the Complaint***. *See Pasadena Oil & Gas Wyoming LLC v. Montana Oil Properties Inc.*,
21  320 F. App'x 675, 677 (9th Cir. 2009) (reversing order denying discovery because "although
22  Pasadena did not necessarily plead in its complaint the specific issue of MOP's conduct with
23  regard to leases obtained after June 24, 2004, the complaint generally alleged various contract and
24  tort claims that cover its current theory of the case"); *Kaufman & Broad Monterey Bay v.*
25  *Travelers Prop. Cas. Co. of Am.*, No. C10-02856 EJD (HRL), 2011 WL 2181692, at *3 (N.D.
26  Cal. June 2, 2011) ("Relevance should be construed 'liberally and with common sense,' and the
27  Court cannot say that the particular deposition questions and discovery requests concerning
28  Norcraft have 'no bearing on the case.'").

1     Accordingly, for the reasons stated in Tradeshift's opening motion and herein, the Court should grant Tradeshift's motion for relief from ECF No. 94.

Dated: July 1, 2021          ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Amy K. Van Zant*
AMY K. VAN ZANT

Attorneys for Plaintiff
TRADESHIFT, INC.