1   Craig J. Mariam (SBN: 225280)
    cmariam@grsm.com
2   Anthony D. Phillips (SBN: 259688)
    aphillips@grsm.com
3   Eunice J. Liao (SBN: 330655)
    eliao@grsm.com
4   GORDON REES SCULLY MANSUKHANI, LLP
    275 Battery Street, Suite 2000
5   San Francisco, CA 94111
    Telephone: (415) 986-5900
6   Facsimile: (877) 306-0043
    Attorneys for Defendant
7   BUYERQUEST, INC.

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  TRADESHIFT, INC., a Delaware corporation,  )  CASE NO.  3:20-cv-01294-RS
                                               )
12                              Plaintiff,      )  **DEFENDANT BUYERQUEST, INC.'S**
                                               )  **NOTICE OF MOTION AND MOTION**
13      vs.                                     )  **FOR LEAVE TO FILE FIRST AMENDED**
                                               )  **ANSWER AND AFFIRMATIVE**
14  BUYERQUEST, INC., an Ohio corporation,     )  **DEFENSES**
                                               )
15                              Defendant.      )
                                               )  Judge: Hon. Richard Seeborg
16                                              )  Courtroom: 3 (17th Floor)
                                               )  Date: August 12, 2021
17                                              )  Time: 1:30 PM
                                               )
18                                              )
                                               )
19  _____ )

20          **TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

21          **NOTICE IS HEREBY GIVEN** that on August 12, 2021, Defendant BuyerQuest, Inc.

22  ("Defendant" or "BuyerQuest"), pursuant to Rule 15 of the Federal Rules of Civil Procedure,

23  hereby will and does move this Court for leave to file a First Amended Answer and Affirmative

24  Defenses to the Complaint of Plaintiff Tradeshift, Inc. ("Plaintiff" or "Tradeshift"), filed

25  February 20, 2020 ("Complaint").  BuyerQuest brings this Motion pursuant to this Notice, the

26  following Memorandum of Points and Authorities, the exhibit attached to this motion, and any

27

28

- 1 -

MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

oral argument that may be heard on this matter, as well as the pleadings and filings currently on record in this matter.  Good cause exists for the proposed amendment as BuyerQuest, after diligent fact discovery and investigation, seeks to amend the affirmative defenses to provide additional factual support and context for the affirmative defenses asserting in its original Answer, to remove affirmative defenses that it does not plan to assert, and to raise an additional affirmative defense relevant to the claims and factual allegations at issue.

## STATEMENT OF RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure, Rule 15, BuyerQuest respectfully requests leave to amend its Answer and Affirmative Defenses, filed June 3, 2020 (Dkt. 37). Amendment would remove affirmative defenses BuyerQuest no longer plans to assert at trial, provide additional factual support for previously asserted affirmative defenses, and to include one additional, relevant affirmative defense.  Attached as Exhibit A is the proposed Amended Answer and Affirmative Defenses.  Good cause exists to permit the amended pleading and allow the full merits of the case and available defenses to be considered.  No undue prejudice exists as to either party, and the amendments are not futile, made in bad faith, or unduly delayed.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        SUMMARY OF RELEVANT PROCEDURAL HISTORY

Tradeshift filed its Complaint against Defendant BuyerQuest in this Court on February 20, 2020, alleging claims for breach of contract, intentional interference with contractual relations, and breach of implied covenant of good faith and fair dealing.  *See* Dkt. 1.  Plaintiff seeks actual, punitive, and/or statutory damages; pre-judgment and post-judgment interest; attorney's fees, court costs, and expert witness fees, and any other relief the Court may deem proper. *Id.* at 12.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

BuyerQuest filed its original Answer and Affirmative Defenses on June 3, 2020.  Dkt. 37. The day before, on June 2, 2020, the Court issued the Initial Case Management Scheduling Order, which set August 31, 2020 as the deadline to amend pleading without seeking leave from the Court.  Dkt. 36.  On September 10 and 11, 2020, BuyerQuest filed a notice of substitution of counsel, which the Court granted on September 14, 2020.  Dkt. 39-41, 42-44.  Following two stipulations by the parties, the Court twice modified the discovery deadline in the Case Management Scheduling Order, ultimately ordering deadlines of April 2, 2021 for written fact discovery and April 30, 2021 for non-expert depositions.  Dkt. 60.  Upon a subsequent stipulation between the parties, the deadline for non-expert depositions was modified to May 15, 2021.  Dkt. 81.  Pursuant to this most recent Order, the window for fact discovery in this matter is now closed.  *Id.*  Trial is set for November 1, 2021.  *Id.*

This is BuyerQuest's first request to amend its Answer and Affirmative Defenses.

## II.        LEGAL STANDARD

A district court has "broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted). Generally, under Federal Rule of Civil Procedure 16(b), the pretrial scheduling order can be modified only "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted).  Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking amendment and generally can be demonstrated if the deadline in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension" and the party otherwise was diligent in seeking leave to modify.  *Johnson*, 975 F.2d at 609.  Only after the moving party has demonstrated good cause under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment is proper.  *Id.*

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Under Rule 15, once a party has filed a responsive pleading, a party may amend its pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion for leave to amend is within the court's discretion. *Swanson v. United States Forest Serv.,* 87 F.3d 339, 343 (9th Cir. 1996). Rule 15(a) provides that courts should "freely give leave when justice so requires." *Id.* In the Ninth Circuit, this rule is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Ninth Circuit has identified "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citation omitted). "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052. Absent such showing of prejudice, or a strong showing under the above remaining factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in the original).

### III.       ARGUMENT

The requested amendment to BuyerQuest's Answer and Affirmative Defenses is appropriate under the Rules of Civil Procedure. Since the filing of its original Answer in June 2020, and since BuyerQuest's counsel was substituted in September 2020, BuyerQuest has diligently conducted fact discovery and investigation regarding the claims at issue. During the course of this investigation—including propounding written discovery, review of thousands of produced documents, and the deposition of multiple fact witnesses—BuyerQuest learned of additional facts and testimony relevant to its potential defenses to the claims alleged in the Complaint. The amendments to the affirmative defenses, therefore, arise from information and testimony that was part of the fact discovery between the parties and not available to

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

BuyerQuest's counsel at the time of the amended pleading deadline in the scheduling order. Good cause therefore exists to permit the amendments.

Moreover, the proposed amendments will not be unduly prejudicial to Plaintiff, nor will allowing the proposed amendments delay the scheduled trial date or necessitate additional fact discovery.  To the contrary, the proposed amendments are calculated to refine the scope of the potential defenses that are relevant to the claims and avoid unnecessary litigation or briefing concerning defenses that BuyerQuest does not plan to assert.  In addition, the proposed amendments will not be futile and this motion is not brought in bad faith or after undue delay. Instead, the requested amendments are necessary to address and articulate relevant defenses to the claims at issue in light of the conclusion of fact discovery and investigation, as well as to withdraw superfluous or irrelevant defenses asserted in the original Answer.  Accordingly, the Court should grant BuyerQuest's motion for leave to amend its Answer.

### A.  The Proposed Amendments

BuyerQuest proposes to amend its Answer by: (1) withdrawing affirmative defenses that it no longer intends to assert and providing additional factual support to the remaining affirmative defenses, and (2) adding the affirmative defense of Justification or Privilege.  *See* Exhibit A.  No changes are proposed to BuyerQuest's responses to Tradeshift's factual allegations or claims.  *Id.*  Instead, only the affirmative defenses have been updated to narrow the potential defenses at issue and to provide additional, post-discovery context for the relevant defenses that may be raised.

As discussed below, good cause and the Rule 15 factors weigh in favor of allowing the amendment.  Accordingly, this Court should grant BuyerQuest's motion for leave to amend its Answer.

### B.  Good Cause Exists to Modify the Scheduling Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

As a threshold matter, there is good cause to modify the scheduling order to permit the modification of the Complaint, as required under Rule 16(b).  In its Initial Case Management Order—issued the day before BuyerQuest's Original Answer was filed—the Court set August 31, 2020 as the last day to amend the pleadings without first obtaining leave of court.  Dkt. 36.  On September 10, 2020, Defendants filed a Notice of Change in Counsel.  Dkt. 39-40.  The Court granted the Substitution of Attorney for BuyerQuest on September 14, 2020.  Dkt. 42-44.  At the time of this substitution of counsel, fact discovery already was ongoing—including written discovery, document production, and investigation into the factual allegations in Plaintiff's claims and potential relevant defenses.  Dkt. 36.  Per stipulation of the parties, fact discovery and witness deposition deadlines were continued multiple times.  *See* Dkt. 60, 81

Therefore, BuyerQuest could not meet the deadline set in the Initial Case Management Order, despite its diligence, as the discovery window had only recently opened and the investigation into the factual allegations were ongoing.  Indeed, the undersigned counsel for BuyerQuest was substituted after the deadline to amend pleadings.  At the time of the amended pleading deadline, and even at the time of the substitution, BuyerQuest did not have the factual or evidentiary basis to determine which affirmative defenses may be applicable against the claims asserted. Nevertheless, at all times, BuyerQuest has worked diligently to conduct fact discovery in a timely manner, resolve outstanding fact discovery disputes to finalize fact discovery, and reevaluate the relevance of its asserted affirmative defenses in light of the information obtained during its investigation and review of the evidence.  In short, BuyerQuest could not have uncovered the full set of facts underlying its proposed amendments to its affirmative defenses—including the removal of multiple affirmative defenses that likely are not relevant—until it had the opportunity to conduct discovery.  Now that fact discovery has

- 6 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

concluded, BuyerQuest has diligently re-evaluated and amended its affirmative defenses, and timely submits this request to submit its amendments on the record.

Therefore, good cause exists for permitting the amended pleading under Rule 16.

### C.  **The Proposed Amendments Will Not Prejudice Plaintiff**

We now turn to the analysis of the permissibility of amendment under Rule 15.  First, the amended Answer and Affirmative Defenses will not prejudice Plaintiff.

Prejudice is the most significant factor for considering whether leave to amend should be granted.  *Eminence Capital*, 316 F.3d at 1052. The prejudice to the non-moving party must be substantial in order for the Court to justify denying leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Given this high evidentiary showing, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  To demonstrate prejudice, the non-moving party must demonstrate "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely."  *Thelen Reid & Priest LLP v. Marland*, 2007 WL 9812746, at *1 (N.D. Cal. Mar. 16, 2007) (quotations omitted).

Here, the proposed amendments to the affirmative defenses do not change the nature of the lawsuit, allege new or surprising facts not present in the Complaint or original Answer, or expand the scope of discoverable materials in this matter.  For the amended affirmative defenses, BuyerQuest merely provides additional factual context directly related to the allegations in the Complaint in support of their defenses.  *See* Exhibit A.  These amended affirmative defenses therefore are not factually distinct from the underlying claims or substantially expand the issues for trial.  *See, e.g. Chrimar Sys. Inc v. Cisco Sys. Inc*, No. 13-CV-01300-JSW, 2016 WL 1623922, at *3 (N.D. Cal. Apr. 21, 2016) (granting leave to amend Answer following fact

discovery, in part, because new affirmative defense "is based on many, if not all, of the same facts that support [Plaintiff's] claim.")

In addition, the additional affirmative defense of Justification or Privilege is directly related to the factual allegations of Tradeshift's claims.  In the Complaint, Tradeshift alleges that BuyerQuest intentionally interfered with its contractual relationship with Smucker.  Dkt. 1 at ¶¶ 34-39.  To support this allegation, Tradeshift alleges that BuyerQuest "disparaged Tradeshift," "misrepresented the capabilities of Tradeshift and its products," and "caused program delays and disruptions that reflected poorly" on Tradeshift.  *Id.* at ¶ 37.  According to Tradeshift, this conduct "was intended to interfere with the Smucker Services Agreement."  *Id.*  The parties subsequently conducted discovery on whether these alleged communications were "designed to interfere" with the Smuckers Services Agreement," as alleged in the Complaint.  *Id.*  Following fact discovery and the investigation and analysis of the evidence concerning these alleged misrepresentations, BuyerQuest believes that any communications between BuyerQuest and Smucker were truthful, made in a good-faith effort to complete the project in the timeframe established in the project agreements, and were an exercise of BuyerQuest's legal rights and for a legitimate business purpose.  *See* Exhibit A.  Therefore, a viable affirmative defense of Privilege or Justification is both applicable and directly related to the investigation of Plaintiff's claims.  Given that this defense relies on the same facts and circumstances surrounding Plaintiff's allegations—indeed, Plaintiff must prove "a state of mind and a purpose more culpable than 'intent'" to prevail on this claim (*DeVoto v. Pac. Fid. Life Ins. Co.*, 618 F.2d 1340, 1347 (9th Cir. 1980)—the addition of this affirmative defense does not unfairly prejudice Plaintiff or cause any delay in the proceedings or re-scheduling of forthcoming deadlines.

Since dispositive motions have not been filed in this matter, and no additional fact discovery or changes to the forthcoming motion or trial deadlines are required to prove or

- 8 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

challenge these amended defenses, Plaintiffs would not be unduly prejudiced by the Court granting leave to amend BuyerQuest's pleading.  Therefore, the "touchstone" inquiry of prejudice weighs in favor of granting leave to amend.

### D.  The Proposed Amendments are not Futile

The next factor to consider is whether the proposed amendments would be futile. "Denial of leave to amend for futility is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). A proposed amendment is futile only if it "appears beyond doubt" the amendment would eventually be dismissed for failure to state a claim. *DCD Programs, Ltd.*, 833 F.2d at 188.  This requires a showing that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Collaboration Props. v. Tandberg ASA*, 2007 WL 205065, at *2 (N.D. Cal. Jan. 25, 2017) (internal quotation marks omitted).

Here, BuyerQuest provides sufficient facts that, if proven, would support the respective affirmative defenses.  As discussed above, the affirmative defenses in the proposed amended pleading arise out of the same facts, circumstances, and contractual relationships alleged in the Complaint.  Each of them is a valid affirmative defense recognized by this Court and California law.  In addition, each sets out specific facts and references upon which the defense is reasonably based; indeed the primary amendment to these defenses is to provide the factual allegations and context.  As a result, each affirmative defense presents a set of facts that, if proven, would constitute a valid and sufficient defense to Plaintiff's claims.  This factor therefore supports leave to amend the Answer.

### E.  BuyerQuest Does Not Bring This Motion in Bad Faith or after Undue Delay

Finally, the absence of bad faith or undue delay favor permitting amendment.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

First, there is no evidence that BuyerQuest's proposed amendments are motivated by bad faith.  "In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Jordan v. Advanced Med. Revs., LLC*, 2021 WL 1962561, at *3 (C.D. Cal. May 17, 2021) (quoting *Wizards of the Coast LLC v. Cryptozoic Ent., LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015).   Here, the proposed amendments will not produce any of these undesirable results.  To the contrary, BuyerQuest has sought to remove any affirmative defense that likely will not be applicable in this matter, as well as provide additional context and details for the remaining affirmative defenses.  Indeed, Plaintiff previously suggested that it may move to strike the affirmative defenses in the original Answer due to the insufficiency of information, and therefore cannot allege bad faith in BuyerQuest's efforts to remedy their concerns.   In other words, the proposed amendments are an effort to streamline the relevant defenses and avoid extraneous motion practice.  Far from an intent to harass, delay, or disrupt, the proposed amendments should provide clarity and context on the potential defenses—and their factual context—that may be asserted in this matter.

In addition, BuyerQuest did not unreasonably delay in bringing the proposed amended pleading.  Under Ninth Circuit precedent evaluating undue delay, courts inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisouceBergen Corp. v. Dialysist, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). As discussed BuyerQuest had not had an opportunity to fully investigate the allegations in the Complaint at the time of the original pleading, which was prepared and filed by BuyerQuest's previous counsel.  Regardless, undue delay alone is not enough to justify denying a party's request for leave to amend its answer.  *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Indeed, courts in the Ninth Circuit have permitted amendment well after the operative Complaint or responsive pleading was filed.  *See, e.g.*, *DCD Programs, Ltd.*, 833 F.2d at 185, 187 (no

undue delay where party moved for leave to amend fourteen months after initial complaint was filed); *Wittenbrink v. Cont'l Cas. Co.*, 2005 WL 8162918, at *3 (N.D. Cal. July 26, 2005) ("[I]t is highly unlikely that one year would be considered undue delay."); *Charles Lowe Co. v. Xomox Corp.*, 1999 WL 1293362, at *3 (N.D. Cal. Dec. 27, 1999) (granting leave to amend answer to add a new affirmative defense following summary judgment and appeal because the new defense "was not litigated before the Ninth Circuit along with the rest of the case.").  Therefore, even if the moving party "could have conceivably acted more quickly," this does not constitute prejudicial delay.  *Finjan, Inc. v. Qualys Inc.*, 2020 WL 1865264, at *4 (N.D. Cal. Apr. 13, 2020) (granting leave to amend answers and affirmative defenses after a six-month delay after learning of the new affirmative defense).

Here, there was no undue delay in requesting the amendment.  At all times, BuyerQuest has worked diligently to conduct fact discovery in a timely manner, analyze evidence and testimony that may support additional legal arguments and theories, and reevaluate the relevance of its affirmative defenses in light of the information obtained during its investigation and review.  As fact discovery recently closed, BuyerQuest now promptly seeks to refine its defenses to those that are viable and likely to be asserted.  As discussed, the amended affirmative defenses are tied to the asserted claims, and Plaintiff's burden to prove these claims, and do not require any additional discovery.  *See* Exhibit A.  In addition, they will not affect the upcoming dates and deadlines on the operative Scheduling Order, including the trial date.  Dkt. 81.  Therefore, even if Plaintiff argues that the amendments *could* have been made earlier, this does not render any delay as undue or otherwise not diligently pursued.

Given BuyerQuest's diligent and good-faith efforts to hone its defenses to what is relevant and adequately asserted, any delay in bringing this motion does not rise to the level of prejudice to Plaintiffs necessary to warrant denial.

MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

## IV.     CONCLUSION

For the foregoing reasons, BuyerQuest respectfully requests that this Court grant leave to file the proposed Amended Complaint and Affirmative Defenses.

Dated:  July 8, 2021                                     Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By:      /s/ *Anthony Phillips*_____
         Anthony Phillips
         Attorney for Defendant
         BUYERQUEST, INC.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

EXHIBIT   A

Craig J. Mariam (SBN: 225280)
cmariam@grsm.com
Anthony D. Phillips (SBN: 259688)
aphillips@grsm.com
Eunice J. Liao (SBN: 330655)
eliao@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (877) 306-0043
Attorneys for Defendant
BUYERQUEST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC., a Delaware corporation, | CASE NO.  3:20-cv-01294-RS |
| Plaintiff, | **FIRST AMENDED ANSWER TO PLAINTIFF TRADESHIFT, INC.'S COMPLAINT** |
| vs. | |
| BUYERQUEST, INC., an Ohio corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | Judge: Hon. Richard Seeborg |

Defendant BuyerQuest, Inc. ("Defendant" or "BuyerQuest"), pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby amends its Answer filed on June 3, 2020 (ECF 37) to the Complaint of Plaintiff Tradeshift, Inc. ("Plaintiff" or "Tradeshift"), filed February 20, 2020 (ECF 1) ("Complaint").  The paragraphs below correspond to the same numbered paragraphs in the Complaint.

**THE PARTIES**

1.      BuyerQuest admits the allegations in this Paragraph.

- 1 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

2.        BuyerQuest admits the allegations in this Paragraph.

**JURISDICTION AND VENUE**

3.        This Paragraph states legal conclusions as to which no response is required. To the extent a response is required, BuyerQuest denies the allegations in this Paragraph.

4.        This Paragraph states legal conclusions to which no response is required and recites provisions of a document that speaks for itself. To the extent a response is required, BuyerQuest denies the allegations in this Paragraph.

5.        This Paragraph states legal conclusions as to which no response is required. To the extent a response is required, BuyerQuest denies the allegations in this Paragraph.

**GENERAL ALLEGATIONS**

6.        BuyerQuest admits that Tradeshift is a software company that offers a cloud-based business-to-business network and software products. BuyerQuest denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the remaining allegations in this Paragraph.

7.        BuyerQuest admits that it is a privately-held company offering cloud-based enterprise procurement software solutions. BuyerQuest denies the remaining allegations in this Paragraph.

8.        BuyerQuest admits that in early 2019, J.M. Smucker, Inc. ("Smucker") was looking for a new provider to replace its existing spend management and e-procurement software provider. BuyerQuest admits that Smucker solicited information from various potential SaaS spend management and e-procurement software providers. BuyerQuest admits that it coordinated with Tradeshift to jointly respond to Smucker inquiries in an ad-hoc fashion. BuyerQuest admits that Tradeshift entered into an agreement with Smucker in around June 2019 pursuant to which Tradeshift would provide certain software services and

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

BuyerQuest would act as a subcontractor. BuyerQuest denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the remaining allegations in this Paragraph.

9.    BuyerQuest admits that Tradeshift entered into an agreement with Smucker in around June 2019 pursuant to which Tradeshift would provide certain software services and BuyerQuest would act as a subcontractor. BuyerQuest denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the remaining allegations in this Paragraph.

10.    BuyerQuest admits that Tradeshift and BuyerQuest entered into a separate agreement pursuant to which Tradeshift agreed to pay BuyerQuest a portion of the fees that Tradeshift received from Smucker. BuyerQuest denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the remaining allegations in this Paragraph.

11.    BuyerQuest admits that Tradeshift entered into an agreement with Smucker pursuant to which Tradeshift would provide certain software services. BuyerQuest denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the remaining allegations in this Paragraph.

**The Tradeshift/BuyerQuest Agreements**

12.    BuyerQuest admits the allegations in this Paragraph.

13.    BuyerQuest admits the allegations in this Paragraph.

14.    BuyerQuest admits the allegations in this Paragraph.

15.    BuyerQuest admits that the quotations in this Paragraph appear in Exhibit F to the Reseller Order Form. BuyerQuest denies the remaining allegations in this Paragraph.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**The Smucker Project & Notice of Termination**

16.        BuyerQuest admits that the parties began work on the Smucker project in July 2019. BuyerQuest admits that BuyerQuest made substantial progress and completed several milestones. BuyerQuest denies the remaining allegations in this Paragraph.

17.        BuyerQuest denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations in this Paragraph.

18.        BuyerQuest denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations in this Paragraph.

19.        BuyerQuest denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations in this Paragraph.

20.        BuyerQuest admits that Tradeshift wrote to BuyerQuest on January 23, 2020 about Smucker's termination notice and that Tradeshift quotes portions of its communication. BuyerQuest further admits that Tradeshift's January 23, 2020 letter to BuyerQuest stated, "[a]s we investigate the claims asserted by our customer, we ask for your cooperation and reiterate your obligations of confidentiality as to the agreement between BuyerQuest and Tradeshift." BuyerQuest denies the remaining allegations in this Paragraph.

21.        BuyerQuest admits that Tradeshift wrote to BuyerQuest on January 23, 2020 about Smucker's termination notice and that Tradeshift quotes portions of its communication. BuyerQuest further admits that Tradeshift's January 23, 2020 letter to BuyerQuest stated, "I also remind you of your company's obligations of good faith and fair dealing under our agreement as our subcontractor for this account, and that any attempt by your personnel to deal directly with the customer, will be viewed as tortious interference

AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS

with our contract with Smucker." BuyerQuest denies the remaining allegations in this Paragraph.

22.     BuyerQuest admits that BuyerQuest responded to Tradeshift on January 23, 2020 from an outside law firm and that Tradeshift quotes a portion of that communication. BuyerQuest denies the remaining allegations in this Paragraph.

23.     BuyerQuest admits that a Statement of Work is attached as Exhibit F to the Reseller Order Form. BuyerQuest denies the remaining allegations in this Paragraph.

24.     BuyerQuest admits that its outside counsel sent a letter to Tradeshift's outside counsel on January 29, 2020, which stated, "[b]oth Tradeshift (through Ms. Jamtgaard) and Smucker have notified BuyerQuest that Smucker terminated its agreement with Tradeshift, and both have instructed BuyerQuest to do no further work thereon." BuyerQuest denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph.

25.     BuyerQuest admits that Tradeshift summarizes arguments that Tradeshift presented in letters to BuyerQuest. BuyerQuest denies the remaining allegations in this Paragraph.

26.     BuyerQuest denies the allegations in this Paragraph.

27.     BuyerQuest admits that it was aware of the Smucker Services Agreement generally and that Smucker has maintained that the Smucker Services Agreement is terminated.  BuyerQuest denies the remaining allegations in this Paragraph.

## FIRST CAUSE OF ACTION

### Breach of Contract

28.     BuyerQuest incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

- 5 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

29.     BuyerQuest admits that Tradeshift and BuyerQuest entered into the BuyerQuest Agreements in June 2019. BuyerQuest denies the remaining allegations in this Paragraph.

30.     BuyerQuest denies the allegations in this Paragraph.

31.     BuyerQuest denies the allegations in this Paragraph.

32.     BuyerQuest denies the allegations in this Paragraph.

33.     BuyerQuest denies the allegations in this Paragraph.

## SECOND CAUSE OF ACTION

### Intentional Interference with Contractual Relations

34.     BuyerQuest incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

35.     BuyerQuest admits that Tradeshift and Smucker entered into the Smucker Services Agreement effective around June 30, 2019. BuyerQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the specific effective date.

36.     BuyerQuest admits that it was aware of the Smucker Services Agreement generally. BuyerQuest denies the remaining allegations in this Paragraph.

37.     BuyerQuest denies the allegations in this Paragraph.

38.     BuyerQuest denies the allegations in this Paragraph.

39.     BuyerQuest denies the allegations in this Paragraph.

## THIRD CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

40.     BuyerQuest incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

41.     BuyerQuest admits that Tradeshift and BuyerQuest entered into the BuyerQuest Agreements in June 2019. The remaining allegations in this Paragraph state a legal

- 6 -

conclusion to which no response is required. To the extent a response is required, BuyerQuest denies the remaining allegations in this Paragraph.

42.     BuyerQuest denies the allegations in this Paragraph.

43.     BuyerQuest denies the allegations in this Paragraph.

44.     BuyerQuest denies the allegations in this Paragraph.

**PRAYER FOR RELIEF**

Defendant BuyerQuest denies that Plaintiff Tradeshift is entitled to any of the relief pled in this section or sought in the Complaint.

**BUYERQUEST'S AFFIRMATIVE DEFENSES**

Without admitting any allegations in the Complaint, Defendant BuyerQuest asserts the following affirmative defenses and reserves the right to add additional affirmative defenses as otherwise noted. Each affirmative defense is asserted as to all causes of action unless otherwise noted. By asserting these affirmative defenses, Defendant BuyerQuest does not assume the burden of proving any fact, issue, or element of a cause of action where the burden properly belongs to Plaintiff Tradeshift. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff Tradeshift's allegations.

**FIRST AFFIRMATIVE DEFENSE**

**(Third Party Acts and Omissions)**

Plaintiff's claims are barred, in whole or in part, because the alleged losses, liabilities, costs, expenses or other damages Plaintiff seeks to recover, if any, were caused by the conduct of Plaintiff itself, third parties, and/or forces over which BuyerQuest does not, and cannot, exercise control.  This includes, but is not limited to, Tradeshift's misrepresentations to Smucker and BuyerQuest regarding the function and capabilities of its product, including those

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

described in the January 16, 2020 termination letter (see Complaint ¶¶ 17-19); Tradeshift's failure to perform under the Smucker Services Agreement; and/or Smucker's termination and/or rescission of the Smucker Services Agreement.  These actions and events constitute superseding causes to the injuries that Plaintiff alleges in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Equitable Estoppel)

Plaintiff is equitably estopped from pursuing its claims because Tradeshift was aware of the actions and communications by BuyerQuest that now form the basis of their claim for breach of contract (see Complaint ¶¶ 31-32) prior to the termination of the relationship in January 2020 (see *id.* ¶ 20) and did not raise any concerns or objections to BuyerQuest at any time during the course of the BuyerQuest-Tradeshift Agreement (see *id.* ¶¶ 12-14).  BuyerQuest therefore was unaware that Tradeshift objected to any of these actions or communications, and detrimentally relied on Plaintiff's tacit approval and permissive response.  Consequently, Tradeshift effectively waived or otherwise acquiesced to the conduct it now alleges constitutes breach.  Any delayed assertion of this right following Smucker's termination of the Smucker Services Agreement is prejudicial to BuyerQuest, who relied on Tradeshift's representations—explicit and implied—that BuyerQuest's efforts in performing the BuyerQuest-Tradeshift Agreement was proper and within the scope of the agreement.  Furthermore, as described above, Plaintiff provided BuyerQuest with "notice of termination of the SOW per our agreement" on January 23, 2020 (see Complaint ¶ 20).  BuyerQuest justifiably relied on this representation to consider the BuyerQuest-Tradeshift Agreement terminated.  Moreover, in accordance with the BuyerQuest-Tradeshift Agreement, upon termination neither party can incur any liability for any damages or other loss arising from or incidental to the termination of the Agreement.  Therefore, Plaintiff has waived, or is estopped from alleging, all of its causes of action.

**THIRD AFFIRMATIVE DEFENSE**

**(Unjust Enrichment or Set Off)**

Plaintiff's claims are barred and/or limited because any recovery to Plaintiff would unjustly enrich Plaintiff. Plaintiff's Complaint seeks damages for "not less than $4,323,070." While Plaintiff does not explain how this figure was calculated, it is greater than the full value of either the BuyerQuest-Tradeshift Agreement or the Smucker Services Agreement. This figure also does not contemplate the monies already received under the BuyerQuest-Tradeshift Agreement or Smucker Services Agreement, or the damages sought by Tradeshift in the ongoing, related action brought against Smucker in the Southern District of New York. (*Tradeshift, Inc. v. Smucker Services Co.*, No. 20-cv-03661 (S.D.N.Y.)). Plaintiff therefore is seeking potential double-recovery against two parties under the same contracts. Because the damages claims in this matter are duplicative of the damages claims in the related action, any monies BuyerQuest owes to Plaintiff under its claims must be reduced, in whole or in part, by monies received by Plaintiff—via judgment or extrajudicial resolution—in the related action, under the doctrine of setoff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Impossibility, Impracticability, Frustration of Purpose, Prevention of Performance)**

Plaintiff's claims are barred, in whole or in part, to the extent that BuyerQuest's performance was impossible, impracticable, or prevented by the actions of Tradeshift and/or because Tradeshift's actions frustrated the purpose of the BuyerQuest-Tradeshift Agreement, rendering BuyerQuest's performance under the agreements futile. The BuyerQuest-Tradeshift Agreement was premised on the parties working together to complete the Smucker project (see Complaint ¶¶ 12-14). The BuyerQuest-Tradeshift Agreement and the Smucker Services Agreement established a master contractor-subcontractor relationship between Tradeshift and

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

BuyerQuest, respectively.   Tradeshift's failure to perform under the Smucker Services Agreement, including their failure to deliver promised software functionality; failure to meet project deadlines; and, failure to implement software that could pass Smucker's testing requirements, in-turn prevented BuyerQuest's performance under the BuyerQuest-Tradeshift Agreement and/or rendered its performance impossible or impracticable and/or frustrated the purpose of the BuyerQuest-Tradeshift Agreement, which was to complete the Smucker project. Moreover, when Smucker terminated that project on January 16, 2020 (see Complaint ¶¶ 17-18), any obligations of performance BuyerQuest owed to Tradeshift became effectively impossible. BuyerQuest's obligations under the Master Agreement with Tradeshift relied on conditions in the Smucker Services Agreement that were never met, and when that agreement was terminated, any performance ability under the Master Agreement was frustrated entirely.   The existence of the Smucker Services Agreement was essential to performing the contracts between the parties here. Furthermore, as described in Smucker's termination letter to Tradeshift, Plaintiff's pre-contracting misrepresentations to Smucker rendered the Smucker Services Agreement void *ab initio* and the performance of the BuyerQuest-Tradeshift Agreement was rendered impossible as a matter of law.   Tradeshift's own actions and failure to perform thereby frustrated any and all efforts by BuyerQuest to perform its obligations under the BuyerQuest-Tradeshift Agreement.

### FIFTH AFFIRMATIVE DEFENSE

### (Justification or Privilege)

Plaintiff's claims are barred, in whole or in part, because BuyerQuest's actions with respect to all claims alleged in the Complaint were undertaken in good faith and for good cause, with the absence of any malicious intent or impropriety, and were lawful, proper, and justified. Any agreements or communications between representatives of BuyerQuest and Smucker were truthful, made in a good-faith effort to complete the project in the timeframe established in the

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

project agreements, and were an exercise of BuyerQuest's legal rights and for a legitimate business purpose. BuyerQuest's actions were taken, in whole or in part, to protect its economic interest in the Smucker Services Agreement, including its interest in payments owed to BuyerQuest that Tradeshift was required to pass-through to BuyerQuest once received from Smucker, but did not. In addition, BuyerQuest faced the risk of a $1.1 million penalty specified in the Smucker Services Agreement in the event the Smucker project did not meet its deadline, as that risk was largely assigned to BuyerQuest in the BuyerQuest-Tradeshift Agreement. At all times throughout the course of the relevant agreements, BuyerQuest communicated only truthful information to Smucker about Tradeshift, including answering Smucker's questions about whether Tradeshift had timely paid BuyerQuest (it had not) and forwarding publically-available information relating information about the financial condition of Tradeshift.

### SIXTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

Plaintiff's claims are barred or otherwise limited to the extent that they are precluded by inconsistent rulings that may arise in a separate, ongoing litigation filed on May 11, 2020 between Plaintiff and third-party Smucker in the United States District Court for the Southern District of New York. *See*, *Tradeshift, Inc. v. Smucker Services Co.*, 20-cv-03661 (S.D.N.Y.).

### SEVENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

Plaintiff's causes of action are barred and/or limited to the extent such claims are improperly duplicative of one another.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to join one or more indispensable parties who are subject to service or process, whose joinder will not deprive the court of subject-matter jurisdiction, and whose absence will deprive the Court of the ability to accord complete relief among the existing parties.  As described above, Plaintiff's claims arise entirely out of Smucker's termination of the Smucker Services Agreement, who alleged that it was induced by Tradeshift's fraud.  Complaint ¶¶ 17-19.  To determine whether the Smucker Services Agreement constituted a valid contract subject to interference or whether it was void *ab initio* for fraud requires adjudication of Smucker's allegations regarding Tradeshift's fraudulent conduct and the validity of their decision to terminate the agreement.

## NINTH AFFIRMATIVE DEFENSE

### (Limitation of Liability)

Plaintiff's claims are barred, in whole or in part, because any potential liability is expressly limited under the BuyerQuest-Tradeshift Agreement, and incorporated in related agreements.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant BuyerQuest respectfully requests the following relief:

1.      Dismissal of the Complaint with prejudice in its entirety;

2.      Plaintiff Tradeshift takes nothing on its claims, and that judgment be entered against Plaintiff Tradeshift and in favor of Defendant BuyerQuest;

3.      An award of BuyerQuest's Attorney's fees and costs; and,

4.      Any other and further relief to which Defendant BuyerQuest is entitled.


Dated:  June 22, 2021                    Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

- 12 -

1

2                                                  By:      /s/ *Anthony Phillips*
                                                           Anthony Phillips
3                                                          Attorney for Defendant
                                                           BUYERQUEST, INC.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

- 13 -