Craig J. Mariam (SBN: 225280)
cmariam@grsm.com
Anthony D. Phillips (SBN: 259688)
aphillips@grsm.com
Josh D. Bradus (SBN: 306568)
jbradus@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (877) 306-0043
Attorneys for Defendant
BUYERQUEST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BUYERQUEST, INC., an Ohio corporation,<br><br>Defendant. | CASE NO. 3:20-cv-01294-RS<br><br>**BUYERQUEST, INC.'S OPPOSITION TO TRADESHIFT, INC.'S CONTINGENT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>*Declaration of Anthony D. Phillips filed concurrently herewith*<br><br>Judge: Hon. Richard Seeborg<br>Courtroom: 3 (17th Floor)<br>Date: September 2, 2021<br>Time: 1:30 PM<br><br>Complaint Filed: February 20, 2020<br>**Trial: November 1, 2021** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. SUMMARY OF RELEVANT PROCEDURAL HISTORY ............................................. 1

III. LEGAL STANDARD ...................................................................................................... 2

IV. ARGUMENT ................................................................................................................... 3

    A. The Contingent Motion Fails To Satisfy Rule 16 ..................................................... 3

        1. The Contingent Motion Is Untimely and Procedurally Improper ............... 3

        2. Tradeshift Has Not Shown Good Cause to Modify the Scheduling Order . 4

    B. The Contingent Motion Fails to Satisfy Rule 15 ...................................................... 6

        1. Leave to Amend Would Unduly Prejudice BuyerQuest ............................. 6

        2. The Proposed Amendment Is Futile ........................................................... 8

    C. In the Alternative, if the Contingent Motion Is Granted, the Court should Modify the Scheduling Order to Continue All Case Deadlines ......................................... 10

V. CONCLUSION ............................................................................................................. 11

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. International Ass'n of Machinists & Aerospace Workers*,
  781 F.2d 1393 (9th Cir. 1986) .................................................................................................. 8

*Ager v. Hedgpeth*,
  2013 WL 415583 (N.D. Cal. Jan. 31, 2013) .............................................................................. 2

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
  465 F.3d 946 (9th Cir. 2006) ..................................................................................................... 7

*Arellano v. T-Mobile USA, Inc.*,
  2012 WL 1496181 (N.D. Cal. Apr. 27, 2012) ........................................................................... 3

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ..................................................................................................... 9

*Becton, Dickinson & Co. v. Cytek Biosciences, Inc.*,
  No. 18-CV-00933-MMC, 2020 WL 1877707 (N.D. Cal. Apr. 15, 2020) .................................. 9

*Best Label Co., LLC v. Custom Label & Decal, LLC*,
  2021 WL 981255 (N.D. Cal. Mar. 16, 2021) ............................................................................. 6

*Best Label Company, LLC v. Custom Label & Decal, LLC*,
  No. 19-CV-03051-LHK, 2021 WL 981255 (N.D. Cal. Mar. 16, 2021) ................................... 10

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ............................................................................................... 6, 7

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ................................................................................................... 7

*Equal Emp. Opportunity Comm'n v. Bakery*,
  2016 WL 1301173 (N.D. Cal. Apr. 4, 2016) ............................................................................. 5

*Felarca v. Birgeneau*,
  2016 WL 730069 (N.D. Cal. Feb. 24, 2016) ............................................................................. 4

*Flores v. City of Concord*,
  No. 15-CV-05244-TEH, 2017 WL 2472977 (N.D. Cal. June 8, 2017) ..................................... 7

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................................................................... 2

*Food Safety Net Svcs. v. Eco Safe Systems USA, Inc.*,
  209 Cal. App. 4th 1118 (Cal. Ct. App. 2012) .......................................................................... 10

*Gabrielson v. Montgomery Ward & Co.*,
  785 F.2d 762 (9th Cir. 1986) ..................................................................................................... 8

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

*General Signal Corp. v. MCI Telecommunications Corp.*,
   66 F.3d 1500 (9th Cir. 1995) ........................................................................................... 10

*GSI Tech., Inc. v. United Memories, Inc.*,
   2015 WL 4463742 (N.D. Cal. July 21, 2015) .................................................................... 8

*Gupta v. Int'l Bus. Machines Corp. (IBM)*,
   2015 WL 9204348 (N.D. Cal. Dec. 17, 2015) .................................................................... 6

*In re Rocket Fuel Inc. Sec. Litig.*,
   2017 WL 344983 (N.D. Cal. Jan. 24, 2017) ....................................................................... 4

*Jackson v. Bank of Haw.*,
   902 F.2d 1385 (9th Cir. 1990) ....................................................................................... 2, 7

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ..................................................................................... 2, 3, 4

*Kaplan v. Rose*,
   49 F.3d 1363 (9th Cir. 1994) ............................................................................................. 6

*Lewis Jorge Constr. Mgmt. v. Pomona Unified Sch. Dist.*,
   34 Cal. 4th 960 (Cal. 2004) .............................................................................................. 10

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
   194 F.3d 980 (9th Cir. 1999) ......................................................................................... 3, 7

Morongo Band of Mission Indians v. Rose,
   893 F.2d 1074 (9th Cir. 1990) ........................................................................................... 7

*Nordyke v. King*,
   644 F.3d 776 (9th Cir. 2011) ............................................................................................. 9

*Plascencia v. Lending 1st Mortg.*,
   2012 WL 253319 (N.D. Cal. Jan. 26, 2012) ....................................................................... 4

*Raifman v. Wachovia Sec., LLC*,
   No. C 11-02885 SBA, 2012 WL 1611030 (N.D. Cal. May 8, 2012) ................................. 8

*Ries v. Arizona Beverages USA LLC*,
   2013 WL 12172652 (N.D. Cal. Feb. 5, 2013) .................................................................... 2

*Singh v. City of Oakland*,
   2008 WL 4071838 (9th Cir. 2008) .................................................................................... 6

*Wroth v. City of Rohnert Park*,
   2018 WL 6439120 Case No. 17-cv-05339-JST (N.D. Cal. Dec. 7, 2018) ......................... 7

*Zamora Zamora v. City of San Francisco*,
   2013 WL 4529553 (N.D. Cal. Aug. 26, 2013) .................................................................. 4

*Zeiger v. WellPet LLC*,
   2020 WL 9160842 (N.D. Cal. Jan. 22, 2020) .................................................................... 5

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Statutes**

California Civil Code
  Section 3300 ........................................................................................................................ 10

**Rules**

Federal Rule of Evidence
  Rule 201 .............................................................................................................................. 10

Federal Rules of Civil Procedure
  Rule 12 ......................................................................................................................... 3, 6, 9

Federal Rules of Civil Procedure
  Rule 15 ......................................................................................................................... 2, 5, 6

Federal Rules of Civil Procedure
  Section 16 ............................................................................................................. 2, 3, 4, 5, 6

Local Rule
  Rule 16-2 ............................................................................................................................... 3

**Regulations**

REST. (SECOND) CONTRACTS § 347(b) ....................................................................................... 10

## I. INTRODUCTION

The Court should deny Plaintiff Tradeshift's Contingent Motion – an eleventh-hour bid to salvage its lawsuit by amending its Complaint to add a brand new theory of liability. Tradeshift concocted its new theory (that BuyerQuest breached a confidentiality provision of the parties' contract) after the close of written discovery and moved for leave to amend six weeks after the last deposition. The Contingent Motion cannot be heard until after the deadline for dispositive motions and only two months before the November 1 trial date. *See*, ECF 111.

Tradeshift failed to comply with the procedural requirements to modify the Scheduling Order or to confer with BuyerQuest before filing its Contingent Motion. The undue prejudice to BuyerQuest by defending a new theory of liability without discovery or an opportunity to mount a legal challenge are obvious. The amendment itself is futile and the new theory precluded as a matter of law by the parties' own contractual limitation of liability. The Contingent Motion should be denied and the trial for which the parties have prepared should proceed.

## II. SUMMARY OF RELEVANT PROCEDURAL HISTORY

Plaintiff filed its Complaint against BuyerQuest in this Court on February 20, 2020. ECF 1. Plaintiff alleged claims for Breach of Contract, Tortious Interference with Contract, and Breach of the Implied Covenant of Good Faith and Fair Dealing. *See Id*. Plaintiff's claims center on the termination of a contract between it and non-party Smucker on January 17, 2020. *Id*.

On May 27, 2020, the Court entered the Scheduling Order in this case, setting August 31, 2020 as the deadline to amend pleadings without seeking leave. ECF 36. BuyerQuest filed its Answer on June 3, 2020. ECF 37. Written fact discovery closed on April 2, 2021 and fact discovery closed on May 15, 2021. ECF 31, 52, 60, 81. The dispositive motion filing deadline is August 5, 2021 for motions to be heard on September 9, 2021. *Id.* Trial is set for November 1, 2021. *Id.*

Tradeshift filed its Contingent Motion for Leave to File First Amended Complaint on July 1. ECF 107. The "contingency" on which the Motion depends is whether this Court grants Tradeshift's pending Motion for Relief from Magistrate Hixson's Discovery Order (ECF 94) denying its bid for discovery into the brand new "breach of confidentiality" theory devised by

- 1 -

1 Tradeshift since the close of discovery. ECF 104. Both the Contingent Motion and the Motion
2 for Relief are set for hearing on September 2, 2021. ECF 111 and 112 (after the dispositive
3 motion deadline).

### III. LEGAL STANDARD

Tradeshift's Contingent Motion must satisfy both Federal Rule 16 (governing modification of the Scheduling Order) and Rule 15 (governing amendment of pleadings).

Under Rule 16, once a scheduling order is made and there is a deadline for amending any pleadings, no post-deadline amendment of pleadings is permitted unless the Court first modifies the scheduling order to permit the amendment. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 at 608-609 (9th Cir. 1992). A scheduling order "may be modified for good cause with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). The party seeking modification bears the burden of proving good cause. *See Johnson*, 975 F.2d at 608. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609 (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). "If that party was not diligent, the inquiry should end." *Id*; *see also Ries v. Arizona Beverages USA LLC*, 2013 WL 12172652, at *2–3 (N.D. Cal. Feb. 5, 2013) (J. Seeborg).

Only after the moving party has demonstrated good cause under Rule 16 does the Court apply the standard under Rule 15 to determine whether the amendment is proper. *Id.* at 607-608; *see also Ager v. Hedgpeth*, 2013 WL 415583, at *2 (N.D. Cal. Jan. 31, 2013) ("[T]he deadline for Plaintiffs to seek leave of court to amend the complaint under Rule 15 is well past. Thus, should Plaintiffs wish to amend then pleadings, they must seek leave to do so under Rule 16."). Leave to amend "is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court may decline to grant leave to amend where there is "any apparent or declared reason" for doing so. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The four reasons for denying such leave under Rule 15 are "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986

(9th Cir. 1999).

## IV. ARGUMENT

The Court should deny the Contingent Motion because (1) the deadline to amend the complaint and add parties expired on August 31, 2020 and Tradeshift has not sought a modification of the Scheduling Order pursuant to Rule 16; (2) Tradeshift has not established good cause for modifying the Scheduling Order; (3) amendment of the Complaint at this late stage would unduly prejudice BuyerQuest; and (4) the proposed amendment to the Complaint is futile under the applicable Rule 12(b)(6) standard and cannot state a claim.

### A. The Contingent Motion Fails To Satisfy Rule 16

#### 1. The Contingent Motion Is Untimely and Procedurally Improper

Under the Scheduling Order, the deadline to amend the Complaint without leave passed on August 31, 2020. ECF 34.  Tradeshift has not moved to modify the Scheduling Order and elides Rule 16 altogether in its Contingent Motion.  A court may deny as untimely a motion filed after the scheduling order deadline where no request to modify the order was made. *Arellano v. T-Mobile USA, Inc.*, 2012 WL 1496181, at *2 (N.D. Cal. Apr. 27, 2012) (citing *Johnson,* 975 F.2d at 608-609) (denying motion for leave to amend Complaint pursuant to Rule 16 "for failure to show good cause for missing the deadline set out in the scheduling order" by ten months). This failure alone ends the inquiry. *Id.*, at *2.

Moreover, the Contingent Motion is procedurally improper because Tradeshift moved unilaterally and without even a cursory attempt to confer beforehand, as required by Local Rule 16-2: "The motion must…(2) Affirm that counsel for the moving party has conferred with all other counsel in an effort to reach agreement[.]" *See*, Phillips Decl., Ex., A (June 29 email from Tradeshift counsel: "We have not sought BuyerQuest's stipulation because…BuyerQuest disputes Tradeshift's right to advance this particular theory of breach.  If we are wrong and BuyerQuest would stipulate to (or not oppose) Tradeshift's motion for leave, then BuyerQuest can simply file a statement of non-opposition at the appropriate time.").

These procedural failures, along with Tradeshift's peculiar attempt to use the Contingent Motion as a hedge against losing its Motion for Relief, by themselves support

- 3 -

outright denial of the Contingent Motion.

**2. Tradeshift Has Not Shown Good Cause to Modify the Scheduling Order**

Good cause under Rule 16 requires the moving party to show diligence in attempting to abide by the scheduling order. *Johnson*, 975 F.2d at 609 (finding plaintiff did not establish good cause where plaintiff did not request to modify the court's scheduling order, and instead "merely moved to amend his complaint"). If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted).

The deadline to amend the pleadings expired in August 2020. *See Zamora Zamora v. City of San Francisco*, 2013 WL 4529553, at *2 (N.D. Cal. Aug. 26, 2013) (denying motion for leave to amend pursuant to Rule 16, in part, because Plaintiffs "waited more than a year since the filing of the case and until three weeks before the discovery cut-off" before moving to amend).

Tradeshift claims it was "not aware" of the basis for its new liability theory until a deposition on ***April 8***. ECF 107 (p. 9:6-10[1]). Although it nevertheless admits that BuyerQuest produced the documents it relies on in ***July 2020***. *See* ECF 107 at 9:12; 10:14; *see also Felarca v. Birgeneau*, 2016 WL 730069, at *2 (N.D. Cal. Feb. 24, 2016) (denying motion for leave to amend pursuant to Rule 16 where "[t]he evidence upon which Plaintiffs say they base their new identifications of the officers involved was provided to them six months to a year before they filed the motion"); *Plascencia v. Lending 1st Mortg.*, 2012 WL 253319, at *6 (N.D. Cal. Jan. 26, 2012) (denying motion for leave to amend pursuant to Rule 16 where "Plaintiffs waited almost two months after [deponent's] deposition to seek to amend the class definitions to include her and almost three months to seek to add her to the complaint"); *In re Rocket Fuel Inc. Sec. Litig.*, 2017 WL 344983, at *4 (N.D. Cal. Jan. 24, 2017) (denying motion for leave to amend pursuant to Rule 16 where "plaintiffs received the majority of the new evidence by mid-August of 2016, yet they did not actually move for leave to amend until four months later").

Charitably read, the Contingent Motion was brought almost three months after Tradeshift purportedly divined the factual basis for its new theory. Less charitably, Tradeshift had all of the relevant documents for its new theory in July 2020 – almost a year ago. The unremarkable

---

[1] Page and line citations to Tradeshift's Motion are made in reference to the auto-generated pagination of ECF.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

testimony of BuyerQuest's Mr. Siddiqui that he interacted with colleagues from the Smucker implementation team about product questions despite not working on the implementation himself falls far short of the 'smoking gun' that Tradeshift labors to portray in the Contingent Motion. Tradeshift fails to mention that the testimony made clear the documents in question were jointly prepared by BuyerQuest *and* Tradeshift *and* contained Smucker's project requirements. *See, e.g.*, ECF 104-4 (Tr. p.109:12-13 ("It's a joint doc between BuyerQuest and Tradeshift."); p. 116:22-23 "[The purpose of this document is] to identify how the solution will work based on Smucker requirements.")).

Instead of promptly moving to amend, Tradeshift pursued discovery on its new theory in a motion to compel brought after written discovery closed (ECF 79); lost (ECF 94); then filed its Motion for Relief. This "Contingent Motion" came only when Tradeshift began to worry it might lose the Motion for Relief, too. ECF 107 (p.14:26-27 ("Tradeshift worked diligently to file this motion as a backstop in the event its Motion for Relief is denied.").

This attempted end-run around Rules 16 and 15 is the opposite of diligence. Rather, Tradeshift has sought to develop a new theory for presentation at trial without providing notice in its Complaint or affording BuyerQuest an opportunity to defend against it by either legal challenge or development of the relevant factual discovery. It simultaneously seeks expanded discovery in its Motion for Relief (additional document custodians and documents dated up to six months after the date of the Complaint) while seeking to deny BuyerQuest the same in the Contingent Motion (p. 13:4-7). The Court should not indulge such legerdemain.

Moreover, the date for hearing on the Contingent Motion is September 2 – a month after the deadline for BuyerQuest's dispositive motion and two months before trial. The schedule alone supports denial of the Contingent Motion. *See Equal Emp. Opportunity Comm'n v. Bakery*, 2016 WL 1301173, at *3 (N.D. Cal. Apr. 4, 2016) (denying motion for leave to amend pursuant to Rule 16 brought seven weeks after learning of the claim because "even a seven-week delay is significant given the fast-approaching dispositive motions hearing, pretrial conference, and trial date"); *see also Zeiger v. WellPet LLC*, 2020 WL 9160842, at *2 (N.D. Cal. Jan. 22, 2020) (denying motion for leave to amend pursuant to Rule 16 where "[e]xploring [plaintiff's]

1 new allegations would likely require additional fact discovery, cause greater expense, and push

2 back this case's already-slow progress"); *Best Label Co., LLC v. Custom Label & Decal, LLC*,

3 2021 WL 981255, at *4 (N.D. Cal. Mar. 16, 2021) (denying motion for leave to amend pursuant

4 to Rule 16 because Plaintiff's "arguments only demonstrate that Plaintiff lacked diligence in

5 seeking leave to amend the complaint and was careless in not seeking an amendment earlier");

6 G*upta v. Int'l Bus. Machines Corp. (IBM)*, 2015 WL 9204348, at *2 (N.D. Cal. Dec. 17, 2015)

7 (denying motion for leave to amend pursuant to Rule 16 where "Plaintiff was aware of a possible

8 theory but failed to timely raise it or alternatively provide a good reason for not doing so").

### B.     The Contingent Motion Fails to Satisfy Rule 15

Denial of the Contingent Motion is mandated under Rule 15 also. The requested Amendment would unduly prejudice BuyerQuest. It is also futile, advancing no cognizable claim that could survive a Rule 12(b)(6) challenge.

#### 1.     Leave to Amend Would Unduly Prejudice BuyerQuest

The Ninth Circuit consistently affirms denial of motions for leave to amend where the request is made at an unnecessarily late juncture. *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (court found no abuse of discretion in the district court's refusal to consider the new allegations and its finding of undue prejudice where "[t]he parties have engaged in voluminous and protracted discovery . . . . Expense, delay, and wear and tear on individuals and companies count toward prejudice."); *Singh v. City of Oakland*, 2008 WL 4071838 *3 (9th Cir. 2008) (allowing plaintiff to amend could have created a need for additional discovery and other preparation for trial, prejudicing the defendant and delaying trial).

Without timely notice of the claims against it, a defendant is impermissibly prejudiced in its ability to evaluate and obtain evidence and prepare its defenses. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (affirming the district court's denial of a motion to amend). The plaintiffs in *Coleman* failed to amend within the deadline set by the pretrial scheduling order and did not seek to amend until after the close of discovery. *Id.* As stated by the Court in *Coleman*, "[t]he lack of notice on this issue central to the cause of action makes it difficult, if not impossible, for [defendant] to defend itself." *Id.* Where the amendment would

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

likely require reopening discovery to allow a defendant to develop evidence to prepare defenses to a new theory, the delay in the proceedings supports a finding of prejudice. *Id.*; *see also, Lockheed*, 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990); (finding prejudice exists when "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense."); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (affirming district court's denial of leave to amend where "[p]utting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial") (quotations omitted).

Tradeshift moves for leave to amend after the close of discovery, two months before trial, and after dispositive motions must be filed. The prejudice to BuyerQuest is manifest.[2] The prejudice posed to BuyerQuest is undue and unequivocal: "the weightiest and most important" factor against amendment. *Flores v. City of Concord*, No. 15-CV-05244-TEH, 2017 WL 2472977, at *2 (N.D. Cal. June 8, 2017) (citing *Eminence Capital, LLC v. Aspeon, Inc.* 316 F.3d 1048, 1052 (9th Cir. 2003)).

Even if on notice by April 21, BuyerQuest has had no opportunity to conduct written discovery (which closed on April 2) or identify deposition witnesses to counter Tradeshift's new theory of confidentiality breach (depositions began in early April and ended on May 15). Expert opinion on the topic is also effectively precluded at this late stage.

Nor can BuyerQuest now marshal the record or law to challenge Tradeshift's unpled theory on summary judgment – especially if the pleadings remain unsettled after the filing deadline. *See AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 957 (9th Cir. 2006) ("We have often affirmed the denial of leave to amend when the motion was made after the cutoff

---

[2] The only support Tradeshift cites to argue absence of prejudice specifies that the moving party stipulated to the re-opening of discovery. *Wroth v. City of Rohnert Park*, 2018 WL 6439120, *3. Yet, Tradeshift argues that discovery (except that of its own (Contingent Motion at fn.7)) cannot be re-opened in this matter, effectively rendering its own support inapposite. It has also flatly refused to stipulate to a trial continuance. Phillips Dec., Ex, A.

- 7 -

date for such motions, or where discovery had closed or was about to close."); *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-1399 (9th Cir. 1986) (denial of leave to amend upheld where plaintiffs delay in seeking to add new claim was tactical choice "brought to avoid possibility of an adverse summary judgment ruling"); *GSI Tech., Inc. v. United Memories, Inc.*, 2015 WL 4463742, at *3 (N.D. Cal. July 21, 2015) ("Prejudice further exists when there will be no period to file dispositive motions on the amended pleadings.").

Tradeshift's Complaint is about interference with a contract that Smucker terminated on January 17, 2020. Its allegations center on the parties' joint performance of the software implementation project before that date. The Complaint contains no mention of confidential information or any breach of the corresponding contract provisions (which remain unidentified in the proposed First Amended Complaint). By its Motion for Relief (but not its proposed First Amended Complaint), Tradeshift signals the relevant breaches took place after the filing date of the original Complaint.

Addressing Tradeshift's brand new theory of liability on that basis will require identifying what information is at issue; whether or not it was confidential information of Tradeshift's; whether it was improperly used by BuyerQuest; and, if so, what, when, how, and what the effect and damages were. As Magistrate Hixson held: "The Court understands exactly what Tradeshift's claims are about, and they are not about this." ECF 94, 4:11-12.

### 2. The Proposed Amendment Is Futile

Tradeshift's proposed First Amended Complaint would add two paragraphs of factual allegations and a new theory of liability (breach of confidentiality provision) to its Breach of Contract cause of action. ECF 107-2 (¶¶ 28-29). The other two Causes of Action remain unchanged. *Id*.

A motion for leave to amend may be denied if it appears to be futile or legally insufficient. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "[A] proposed amended complaint is futile if it would be immediately subject to dismissal." *Raifman v. Wachovia Sec., LLC*, No. C 11-02885 SBA, 2012 WL 1611030, at *2 (N.D. Cal. May 8, 2012)

(citing *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011)). The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Becton, Dickinson & Co. v. Cytek Biosciences, Inc.* No. 18-CV-00933-MMC, 2020 WL 1877707, at *3 (N.D. Cal. Apr. 15, 2020) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Under California law, a cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom. *Becton,* 2020 WL 1877707, at *3.

An allegation of "appreciable and actual damage" is required to assert a breach of contract claim. *Becton* 2020 WL 1877707, at *5 (dismissing plaintiff's breach of contract claim for failing to plead damages with conclusory allegations of "suffered harm and is entitled to compensatory damages.")(quotations omitted). Accepted as read, the allegations in the proposed First Amended Complaint do not establish a right to recovery as a matter of law. Specifically, Tradeshift seeks to recover "the amount it has paid BuyerQuest…plus other consequential and expectation damages in amount to be determined at trial." ECF 107-2 (¶ 35). Tradeshift makes no connection between any breach of confidentiality and any damages it suffers.

Moreover, recovery of "consequential" damages or lost profits is precluded by the contract itself. The proposed First Amended Complaint therefore cannot state a claim as a matter of law.[3]

The relevant provision appears in section 4 of the contract:

EXCEPT AS EXPRESSLY PROVIDED BY THE PARTIES UNDER A SPECIFIC ATTACHMENT FOR THE ACTIVITIES GOVERENED [sic] UNDER SUCH ATTACHMENT, IN NO EVENT SHALL EITHER PARTY (INCLUDING AS IT APPLIED TO A PARTY'S SUBCONTRACTORS) BE LIABLE: (A) UNDER ANDY CONTRACT, NEGLIGENCE, STRICT LIABILITY OR OTHER LEGAL OR EQUITABLE THEORY FOR ANY SPECIAL, INCIDENTAL, PUNITIVE, EXEMPLARY, INDIRECT, OR

---

[3] The First Amended Complaint seeks no remedy for direct damages or injunctive relief that might permissibly remedy a breach of confidentiality under the contract, even if a breach took place.

CONSEQUENTIAL DAMAGES OF ANY KIND.

Phillips Decl., Ex. B-1.[4]

Paragraph 3.4 also provides "neither party shall be entitled to any damages on account of prospective profits or anticipated sales." *Id*.; *see also*, Ex. B-2 (§ 9.4 (modifying Limitation of Liability)); B-3 (Reseller Order Form Exhibit C, § 8 (incorporating Limitation of Liability provisions)).[5]

Limitation of liability provisions "have long been recognized as valid in California." *Food Safety Net Svcs. v. Eco Safe Systems USA, Inc.*, 209 Cal. App. 4th 1118, 1126 (Cal. Ct. App. 2012)("a limitation of liability clause is intended to protect the wrongdoer from unlimited liability."). Lost profits are axiomatically the type of special, indirect, or consequential damages that the Tradeshift-BuyerQuest Contract prohibits. *See*, REST. (SECOND) CONTRACTS § 347(b)(consequential damages are those proximately caused by the breach, such as mitigation costs; incidental expenses; or, lost profits); *Lewis Jorge Constr. Mgmt. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968 (Cal. 2004)(*citing* Cal. Civ. Code § 3300)).

Tradeshift's proposed First Amended Complaint is futile and the Contingent Motion must be denied.

## C.  In the Alternative, if the Contingent Motion Is Granted, the Court should Modify the Scheduling Order to Continue All Case Deadlines

The Court has discretion to grant leave upon conditions ameliorating any hardship to opposing parties. Conditions typically imposed may be: an extension of time to respond to the amended pleading; reopening discovery to investigate the new claim or defense; a continuation of the trial date; or paying cost incurred by the opposing party as a result of the delay. *See General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995).

Should the Court grant Tradeshift's Motion, BuyerQuest requests a reopening or

---

[4] Exhibit B is judicially noticeable under Federal Rule of Evidence 201(b). *See Best Label Company, LLC v. Custom Label & Decal, LLC*, No. 19-CV-03051-LHK, 2021 WL 981255, at *2 (N.D. Cal. Mar. 16, 2021) ("court may consider materials referenced in the complaint under the incorporation by reference doctrine, even if plaintiff failed to attach those materials to the complaint."); *see* First Amended Complaint, at ¶¶ 12-15 (referencing contract).

[5] Note that the same section further exempts only "a breach of Confidentiality involving the ***Client's*** Confidential Information" from the Limitation of Liability. *Id*. (emphasis added). The Client was Smucker. *See*, Ex. B-3, p.1.

continuance of all fact and expert discovery, dispositive motion, mediation, pre-trial deadlines, and trial dates and deadlines in the current Scheduling Order so that it has a reasonable opportunity to conduct discovery in regard to the newly alleged claims and prepare its defenses for trial. Given the significant amount of additional fact and expert discovery that will be necessary to defend these new allegations, a continuance of at least six months for all deadlines and dates in the current Case Management Order would be fair and necessary. BuyerQuest also asks the Court to consider the posture and schedule of the separate lawsuit filed by Tradeshift against Smucker in the Southern District of New York in determining whether to modify the Scheduling Order.

Consistent with the foregoing, should Tradeshift file its First Amended Complaint, BuyerQuest expressly reserves all rights to respond to the new pleading under the Federal Rules of Civil Procedure, including moving to dismiss any and all claims and asserting relevant affirmative defenses.

## V. CONCLUSION

For the foregoing reasons, BuyerQuest respectfully requests that the Contingent Motion for Leave to Amend the Complaint be denied.

Dated: July 15, 2021                    GORDON REES SCULLY MANSUKHANI, LLP

By: _____
    Craig J. Mariam
    Anthony D. Phillips
    Josh D. Bradus
    Attorneys for Defendant
    BUYERQUEST, INC.