Craig J. Mariam (SBN: 225280)
cmariam@grsm.com
Anthony D. Phillips (SBN: 259688)
aphillips@grsm.com
Josh D. Bradus (SBN: 306568)
jbradus@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (877) 306-0043
Attorneys for Defendant
BUYERQUEST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADESHIFT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BUYERQUEST, INC., an Ohio corporation,<br><br>Defendant. | CASE NO. 3:20-cv-01294-RS<br><br>**BUYERQUEST, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom: 3 (17th Floor)<br>Date: September 2, 2021<br>Time: 1:30 PM |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...............................................................................................................1

    I.    ARGUMENT .........................................................................................................1

        A.    BuyerQuest's Proposed Amendments to Its Affirmative Defenses Are Distinct from Tradeshift's Request to Add a New Theory of Liability ..................................................................................................1

        B.    BuyerQuest Has Demonstrated the Requisite Diligence to Support a Showing of Good Cause................................................................................2

        C.    Tradeshift Is Not Prejudiced by the Proposed Amendments ......................4

            1.    Leave to Amend Under Rule 15 Should be Freely Given ...............4

            2.    BuyerQuest's Objection to Tradeshift's Untimely Contention Interrogatories Do Not Demonstrate Prejudice.............5

            3.    The Proposed Amendments All Are Based on Facts Present in the Pleadings or Disclosed in Discovery ....................................6

            4.    The Affirmative Defense of Justification and Privilege are Inherent in Tradeshift's Allegations ................................................7

        D.    The Proposed Amendments are not Futile..................................................8

            1.    The Viability of Justification or Privilege Defenses Are Questions of Fact Not Subject to Dismissal or a Futility Argument .........................................................................................8

            2.    Tradeshift's Potential Double-Recovery Renders Unjust Enrichment and Set Off Viable Affirmative Defenses ....................9

            3.    The Limitation of Liability Affirmative Defense Is Valid...............9

CONCLUSION..................................................................................................................10

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- i -

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Cardiovascular Systems v. Scimed Life Systems*,
  989 F. Supp. 1237 (N.D. Cal. 1997) .................................................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 9, 10

*Chrimar Sys. Inc v. Cisco Sys. Inc*,
  No. 13-CV-01300-JSW, 2016 WL 1623922 (N.D. Cal. Apr. 21, 2016) ................................... 6

*Collaboration Props. v. Tandberg ASA*,
  2007 WL 205065 (N.D. Cal. Jan. 25, 2017) ............................................................................ 8

*Freed v. Manchester Serv., Inc.*,
  165 Cal. App. 2d 186, 331 P.2d 689 (1958) ........................................................................... 8

*Herron v. State Farm Mut. Ins. Co.*,
  56 Cal. 2d 202 (1961) ............................................................................................................. 7

*Hurn v. Retirement Fund Trust*,
  648 F.2d 1252 (9th Cir. 1981) ................................................................................................ 4

*In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*,
  No. C 08-1930 MMC (JL), 2009 WL 1771368 (N.D. Cal. June 19, 2009) ............................. 5

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
  523 F.3d 1051 (9th Cir. 2008) ................................................................................................ 7

*NavCom Tech., Inc. v. Oki Elec. Indus. Co.*,
  No. 5:12-CV-04175-EJD, 2014 WL 991102 (N.D. Cal. Mar. 11, 2014),
  aff'd sub nom. *NavCom Tech., Inc. v. Oki Elec. Indus. Co, Ltd.*,
  756 F. App'x 682 (9th Cir. 2018) ......................................................................................... 10

*O'Brien as Tr. of Raymond F. O'Brien Revocable Tr. v. XPO CNW, Inc.*,
  362 F. Supp. 3d 778 (N.D. Cal. 2018) .................................................................................... 8

*Quan v. San Francisco Police Dep't*,
  No. C 10-01835 MEJ, 2011 WL 2470477 (N.D. Cal. June 21, 2011) ..................................... 3

*Savage v. Pac. Gas & Elec. Co.*,
  21 Cal. App. 4th 434 (1993) ................................................................................................... 7

*Sterling Sav. Bank v. Poulsen*,
  No. 12-01454 EDL, 2013 WL 12173596 (N.D. Cal. Apr. 25, 2013) .................................. 2, 3

*Thelen Reid & Priest LLP v. Marland*,
  No. C 06-2071 VRW, 2007 WL 9812746 (N.D. Cal. Mar. 16, 2007) ..................................... 6

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Other Authorities**

Federal Rules of Civil Procedure
Rule 15 ................................................................................................................... 1, 3, 4, 5

Federal Rules of Civil Procedure
Rule 16 ...................................................................................................................... 2, 3, 4

Federal Rules of Civil Procedure
Rule 33 .................................................................................................................................. 5

Local Rules
Rule 16-2 ............................................................................................................................... 1

**Treatises**

Restatement (Second) of Torts Section 767................................................................................. 7

- iii -

REPLY BRIEF IN SUPPORT OF BUYERQUEST'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS

# INTRODUCTION

Plaintiff Tradeshift Inc.'s ("Tradeshift") Opposition offers no cogent reason why the Court should depart from the well-established purposes of Rule 15 and provide Defendant BuyerQuest, Inc. ("BuyerQuest") an opportunity to present its viable defenses. Specifically, Tradeshift has made no showing that BuyerQuest was not diligent in seeking leave to amend or that it otherwise would be unduly prejudiced by any such delay. Nor can it make such a showing, as the proposed amendments stem from both the factual allegations in the Complaint and the discovery already completed in this matter.

Federal policy strongly favors a determination of the case on the merits, and Tradeshift's opposition attempts to subvert this policy and avoid the relevant and viable defenses to its own allegations. The Court therefore should grant BuyerQuest's motion.

## I. ARGUMENT

### A. BuyerQuest's Proposed Amendments to Its Affirmative Defenses Are Distinct from Tradeshift's Request to Add a New Theory of Liability

As the Court is aware, Tradeshift filed a Contingent Motion for Leave to File an Amended Complaint to include a new theory of liability concocted after the close of written discovery. *See* ECF 107. As discussed in BuyerQuest's Opposition, Tradeshift's "contingent" motion was filed as a hedge against the likelihood of losing a separate pending Motion—the Motion for Relief from the Magistrate's Order. *See* ECF 113 at 3-4. Tradeshift's contingent motion for leave is both procedurally improper under Local Rule 16-2 and is a bald attempt at an end-around of the Magistrate's Order, seeking yet another bite at the apple for relief previously denied.

In contrast, BuyerQuest's Motion does not seek to add new theories or counterclaims. Instead, the Motion serves a more administrative task of *narrowing* the defenses that will be relevant to adjudicating the full merits of the case, as well as providing additional factual context for said defenses in direct response to the allegations of the operative Complaint. Unlike Tradeshift's requested amendments, BuyerQuest's Motion does not require re-opening

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  discovery, thereby preserving the trial date currently set in this matter.  Tradeshift does not make
2  any meaningful argument of prejudice to the contrary, as BuyerQuest's amendments provide
3  Tradeshift clarity regarding the likely defenses for trial.  Therefore, the Court should permit
4  BuyerQuest's amendments.

5        **B.**      **BuyerQuest Has Demonstrated the Requisite Diligence to Support a Showing**
6              **of Good Cause**

7        Tradeshift contends that BuyerQuest has failed to demonstrate the requisite good cause to
8  amend the operative Scheduling Order under Rule 16.  Specifically, Tradeshift asserts that
9  BuyerQuest knew of all factual allegations and potential defenses prior to the August 31, 2020
10 amendment deadline.  *See* ECF 117 at 14.  However, as explained in its Motion, BuyerQuest's
11 counsel (substituted after the deadline to amend pleadings in the Scheduling Order) worked
12 diligently to conduct fact discovery in a timely manner and then reevaluate the relevance of its
13 asserted defenses in light of the information learned.  The proposed affirmative defenses are the
14 result of this marshaling of evidence, in an effort to eliminate unnecessary defenses and allow
15 this matter to proceed on the merits.  Good cause therefore exists.

16       Tradeshift's arguments are inaccurate and defy logic.  First, Tradeshift asserts that
17 BuyerQuest is obligated to explain why "its prior counsel could not have reasonably met the
18 August 31 deadline to amend its Answer."  ECF 117 at 14.  Tradeshift cites no support for this
19 remarkable assertion, as this is not a requirement under the Rule 16 analysis.  Instead, Plaintiff
20 cites two cases for the argument that a substitution of counsel "is not sufficient to excuse delay."
21 *Id.*  These cases do not support denying BuyerQuest's request for amendment in this matter.  In
22 the first cited case, *Sterling Sav. Bank v. Poulsen*, the Court determined a change in counsel's
23 *strategy* did not excuse delay in considering defendant's request to amend to add *counterclaims*,
24 but did not hold that a change in counsel entirely was not a valid consideration.  No. 12-01454
25 EDL, 2013 WL 12173596, at *4 (N.D. Cal. Apr. 25, 2013).  Here, the requested amendments do
26 not represent a change in strategy or add additional counterclaims.  Rather, BuyerQuest seeks to
27
28

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 2 -
REPLY BRIEF IN SUPPORT OF BUYERQUEST'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S
COMPLAINT
CASE NO. 3:20-cv-01294-RS

refine its viable defenses to the allegations in the Complaint.[1]  In the other cited case, *Quan v. San Francisco Police Dep't*, the court denied plaintiff's motion to amend the complaint to add new allegations, in part, because of the undue delay and prejudice to defendants.  *Quan v. San Francisco Police Dep't*, No. C 10-01835 MEJ, 2011 WL 2470477, at *6 (N.D. Cal. June 21, 2011).  Again, BuyerQuest does not seek to add additional claims or theories of liability.[2]  These cases are inapposite to the Motion before this Court.

Next, Tradeshift asserts that BuyerQuest did not identify any specific facts that it learned following the deadline to amend pleadings.  *See* ECF 117 at 14-15.  Notwithstanding the fact that BuyerQuest's substituted counsel entered the matter while fact discovery was ongoing (*see* ECF 42-44), the additional facts and available defenses are evident on the amendments themselves.  *See* ECF 109, Exhibit A.  Indeed, Tradeshift is well aware of these facts as it later argues that BuyerQuest should not be permitted to supplement its affirmative defenses with additional facts, while also arguing that the amendments would be futile without these additional facts.  ECF 117 at 17-21.

Under Tradeshift's theory, a defendant must have all viable affirmative defenses solidified in responding to the Complaint, or otherwise explain why it did not.  This is not the legal standard for the party opposing amendment to meet its burden.  Tellingly, Tradeshift cites to no relevant support for its assertion that specific facts must be included in a motion to amend under either Rule 15 or Rule 16.

Regardless, as evident in its motion, BuyerQuest could not uncover the full set of facts underlying the proposed amendments until after it had the opportunity to conduct discovery.  Indeed, the parties stipulated multiple times to continue the discovery period.  *See* ECF 60, 81.  Even now, Tradeshift seeks to obtain unilateral discovery in pursuit of substantively new and unpled theories of liability well after the Complaint was filed, undermining its own argument that BuyerQuest was aware of all the defenses available to it within one month of the Complaint

---

[1] Ultimately, the *Poulsen* court found insufficient prejudice to Plaintiffs and granted leave to amend the Answer.  *Id.* at *6.
[2] Unlike Plaintiff's motion, which does add new allegations and theories of liability.

- 3 -

REPLY BRIEF IN SUPPORT OF BUYERQUEST'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS

1 filing. *See* ECF 104. It is evident that factual issues and questions remained until the close of fact discovery, precluding Tradeshift's argument this Motion is delayed. Once fact discovery closed and BuyerQuest had the opportunity to evaluate the factual record, it timely sought leave to amend.

Therefore, good cause exists for amendment under Rule 16.

### C.   Tradeshift Is Not Prejudiced by the Proposed Amendments

Tradeshift superficially argues that it will be prejudiced by the proposed amendments because it claims that many of the facts included in the amendments were known to BuyerQuest "since the inception of the cause of action." ECF 117 at 7. In support of this sweeping conclusion, Tradeshift argues that because BuyerQuest was "intimately involved in the implementation of the Smucker project" and has a joint defense agreement with Smucker, BuyerQuest necessarily "had more knowledge about the relevant facts of its defenses than Tradeshift." *Id.* In short, Tradeshift's sweeping and unsupported conclusions as to when BuyerQuest learned of the viability of these changes is there only argument for undue delay, and any resulting prejudice.

To the contrary, Tradeshift simply cannot show that BuyerQuest were aware of these defenses earlier, or otherwise intentionally delayed bringing them. Nor can it show that any additional discovery would be required regarding these proposed amendments, or that the factual allegations in the amendments do not flow directly from the factual allegations in the Complaint. Even if BuyerQuest could have been more diligent in filing its motion—which BuyerQuest disputes—any such delay alone does not satisfy Tradeshift's burden of demonstrating prejudice under Rule 15. *See, e.g.*, *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981).

#### 1.   *Leave to Amend Under Rule 15 Should be Freely Given*

Rule 15(a) "reflects an underlying policy that disputes should be resolved on their merits, and not on the technicalities of pleading rules." *Advanced Cardiovascular Systems v. Scimed Life Systems*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997). Therefore, in accordance with the explicit language of Rule 15(a), the "court must be very liberal in granting leave to amend[.]" *Id.*

- 4 -
REPLY BRIEF IN SUPPORT OF BUYERQUEST'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

(citing multiple Ninth Circuit authorities).  In furtherance of this policy of deciding cases on the merits, justice requires permitting the proposed amendments.  *See* FED.R.CIV.P. 15(a).

### 2. *BuyerQuest's Objection to Tradeshift's Untimely Contention Interrogatories Do Not Demonstrate Prejudice*

In support of its argument of prejudice, Tradeshift again attempts to re-litigate a discovery dispute that is already resolved.  During fact discovery, Tradeshift issued an interrogatory to BuyerQuest on January 18, 2021 asking it to "identify each affirmative defense it intended to rely on and any facts in support thereof." ECF 117 at 15; ECF 117-4.  BuyerQuest properly objected and replied that this was a premature contention interrogatory as discovery was ongoing.  ECF 117-4.  BuyerQuest reserved the right to supplement its response "upon completion of discovery" and after it had the full opportunity investigate and develop its theories and defenses.  *Id.*  Tradeshift did not move to compel an immediate answer to this untimely request.  *See* Docket, *passim*.

Tradeshift now argues, without support, that BuyerQuest exercising its right to supplement its response to a contention interrogatory somehow demonstrates it withheld information.  This requires the pretzel logic that a reservation of right to supplement an interrogatory after further discovery is evidence that the party had the information at the time the reservation was asserted.  To the contrary, BuyerQuest was well within its right to wait until the close of discovery to determine its pertinent defenses and make the subsequent disclosures.  *See, e.g., In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, No. C 08-1930 MMC (JL), 2009 WL 1771368, at *7 (N.D. Cal. June 19, 2009) ("Neither Fed.R.Civ.P. 33(a)(2) nor applicable case law requires [a party] to answer the contention interrogatories until [requesting party] has produced the information necessary for them to do so.").  A party may supplement its responses to contention interrogatories any time before the pre-trial conference, and BuyerQuest expressly reserves that right.  *See* FED.R.CIV.P 33(a).

Now, upon the close of discovery, BuyerQuest attempts to refine its affirmative defenses and provide facts supporting these defenses, to Tradeshift's benefit.  This cannot be construed as

BuyerQuest concealing this information prior to the close of discovery, as it was not obligated to respond to a contention interrogatory in January 2021. Tradeshift therefore cannot support its allegation of delay or prejudice by pointing to this interrogatory, or to inappropriate questions to BuyerQuest's 30(b)(6) witness. *See* ECF 117 at 5.[3] Tradeshift's repeated requests for the very information BuyerQuest now seeks to provide demonstrates that there is no prejudice in allowing the proposed amendment. Tradeshift cannot both decry the need for this information and then assert prejudice when it is timely provided to them.

Therefore, Tradeshift cannot demonstrate undue delay or prejudice in providing these proposed amended affirmative defenses and the factual bases for each.

### 3. *The Proposed Amendments All Are Based on Facts Present in the Pleadings or Disclosed in Discovery*

Next, Tradeshift asserts that it will be prejudiced in that it did not have an opportunity to conduct discovery on the proposed amendments. *See, e.g.* ECF 117 at 15. This argument is unavailing because all of the factual bases provided in the proposed amendments are either present in the Complaint or original Answer or otherwise the product of discovery already conducted.

To demonstrate prejudice, the opposing party must demonstrate "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Thelen Reid & Priest LLP v. Marland*, No. C 06-2071 VRW, 2007 WL 9812746, at *1 (N.D. Cal. Mar. 16, 2007) (quotations omitted). If the new affirmative defenses are based on the same facts supporting Plaintiff's claim, leave to amend is proper, even if fact discovery is closed. *See, e.g. Chrimar Sys. Inc v. Cisco Sys. Inc*, No. 13-CV-01300-JSW, 2016 WL 1623922, at *3 (N.D. Cal. Apr. 21, 2016).

As discussed in BuyerQuest's motion, the proposed amendments are not factually distinct from the underlying claims or substantially expand the issues for trial. All the affirmative defenses are framed by *Tradeshift's* claims. Moreover, with the limited exception of Justification

---

[3] *See also,* ECF 99 at 3-4 (Magistrate Judge Hixson finding Tradeshift's efforts to pose legal contention questions to 30(b)(6) lay witness improper).

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 6 -
REPLY BRIEF IN SUPPORT OF BUYERQUEST'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS

and Privilege, all affirmative defenses were present in the original Answer.  *See* ECF 37; *and* 109, Exhibit A.  Tradeshift had ample opportunity to explore the bases for defenses to its claims in discovery, which it did.  As a result of this discovery, BuyerQuest now seeks to make clear the factual support for the previously pled affirmative defenses.  This cannot be the basis for a valid claim of prejudice.

### *4.     The Affirmative Defense of Justification and Privilege are Inherent in Tradeshift's Allegations*

In kind, the additional affirmative defense of Justification or Privilege is derived directly from Tradeshift's allegations—demonstrated by the developed fact record—and therefore cannot be deemed a surprise or otherwise prejudicial.  To prove the claim of tortious interference with contract, Plaintiff must demonstrate that the interference was done "either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification."  *Savage v. Pac. Gas & Elec. Co.*, 21 Cal. App. 4th 434, 449 (1993) (*quoting Herron v. State Farm Mut. Ins. Co.*, 56 Cal. 2d 202, 205 (1961)).  Therefore, any claim for tortious interference with contract includes an inquiry into whether the defendant's conduct giving rise to the claim "is improper or not." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1056 n. 3 (9th Cir. 2008) (citing Restatement (Second) of Torts § 767).  Exploring the alleged acts and underlying motivations has unequivocally been the subject of discovery from the start.

In the Complaint, Tradeshift expressly alleges that BuyerQuest "disparaged Tradeshift," "misrepresented the capabilities of Tradeshift and its products," "caused program delays and disruptions that reflected poorly" on Tradeshift with the intent to interfere with the Smucker Services Agreement.  Complaint at ¶ 37.  The parties subsequently conducted discovery on whether these alleged communications were designed to interfere with the Agreement, and whether any such communications were improper or made in bad faith.  Therefore, any facts and circumstances supporting a defense of justification or privilege are inherent in Tradeshift's own allegations, as they are essential to the analysis as to whether Tradeshift can demonstrate its claims.  To the extent that Tradeshift now alleges that it would have conducted discovery into

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 7 -

whether BuyerQuest's actions were done by "appropriate means" (see ECF 117 at 17), this inquiry already was relevant and at issue to support its own claim and factual allegations in the Complaint. The asserted prejudice through need for additional discovery does not comport with the content of the proposed amendments.

Tradeshift will not be unduly prejudiced by the Court granting leave to amend BuyerQuest's Answer. Because it cannot show prejudice, any delay in seeking to impose the affirmative defenses in question cannot form the basis of denial of the Motion.

### D. The Proposed Amendments are not Futile

Finally, Tradeshift argues that the amended affirmative defenses of Justification and Privilege, Set Off, and Limitation of Liability would be futile. "A proposed amendment is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Collaboration Props. v. Tandberg ASA*, 2007 WL 205065, at *2 (N.D. Cal. Jan. 25, 2017) (internal quotation marks omitted). Here, the proposed amendments clearly presents a set of facts that, if proven, would constitute a valid and sufficient defense to Plaintiff's claims.

#### 1. *The Viability of Justification or Privilege Defenses Are Questions of Fact Not Subject to Dismissal or a Futility Argument*

For the affirmative defenses of Justification and Privilege, Tradeshift argues that the proposed factual bases for this defense "fails to identify any societal interest to be protected" or that BuyerQuest fails to allege that it was acting to "protect" its interest. ECF 117 at 18-19. As Tradeshift's own cited cases make clear, these argumentative conclusions rely on elements to consider in determining the viability of these defenses, not pleading standards. In other words, Tradeshift's arguments only amount to questions of fact that are not appropriate for these defenses. *See, e.g., O'Brien as Tr. of Raymond F. O'Brien Revocable Tr. v. XPO CNW, Inc.*, 362 F. Supp. 3d 778, 785–86 (N.D. Cal. 2018) ("[t]he question of privilege is whether the person's conduct was fair and reasonable under the circumstances, which is a question of fact to be determined by the jury."); *Freed v. Manchester Serv., Inc.*, 165 Cal. App. 2d 186, 190–91,

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

331 P.2d 689 (1958) ("[There is] no precise formula or standard by which a defendant's conduct is to be evaluated in order to determine whether it was justified. The courts and legal writers often speak in terms of a 'balancing of interests.'").

Because of this balance of interest, and resulting questions of fact, these affirmative defenses are valid and enforceable.

### 2. *Tradeshift's Potential Double-Recovery Renders Unjust Enrichment and Set Off Viable Affirmative Defenses*

Tradeshift also asserts that BuyerQuest's affirmative defense of Unjust Enrichment and Set Off would be futile. ECF 117 at 19. In the proposed amendment, BuyerQuest points out that Tradeshift seeks damages against both BuyerQuest and Smucker for the cancellation of the same agreement. ECF 109, Exhibit A. BuyerQuest rightly points out that Tradeshift's claim for damages does not include any amount recoverable under this entirely separate action and any such double recovery is not permitted. *Id.* Should Tradeshift recover in the related action, either through judgment or extrajudicial resolution, any money owed by BuyerQuest as damages to the same agreement necessarily must be reduced.

Therefore, this is a viable affirmative defense.

### 3. *The Limitation of Liability Affirmative Defense Is Valid*

Finally, almost as an afterthought, Tradeshift asserts that the affirmative defense invoking the Limitation of Liability clause in the BuyerQuest-Tradeshift Agreement fails to meet the pleading standard of *Iqbal*, citing only a case where an amended *complaint* was dismissed. ECF 117 at 20. Again, the proposed affirmative defense does not pose the same risk of harm as would new allegations and/or claims in an amended complaint. The limitation of liability defense was included in the Original Answer, providing Tradeshift ample notice and opportunity to conduct discovery on this defense. *See* ECF 37 at 8 ("Plaintiff's claims for relief are barred and/or limited, including statutory damages, to the extent prohibited by the contracts between Plaintiff and Defendant . . . .").

///

REPLY BRIEF IN SUPPORT OF BUYERQUEST'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS

Regardless, and contrary to Tradeshift's arguments, BuyerQuest references the exact provision in the Agreement—which forms the basis of Tradeshift's own breach of contract claim—that applies to this defense, appropriately and unambiguously titled "Limitation of Liability." ECF 109, Exhibit A.  Tradeshift therefore asks this Court to dismiss an affirmative defense based on a clause in its own contract on the basis that it does not have adequate notice under the *Iqbal* standard.  This position is illogical on its face.

BuyerQuest has asserted from the beginning that the agreement in question contains enforceable limitations on potential liabilities, and this constitutes a valid affirmative defense.[4]

## **CONCLUSION**

For the foregoing reasons, BuyerQuest respectfully requests that this Court grant leave to file the proposed Amended Answer and Affirmative Defenses.

Respectfully submitted,

Dated: June 29, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Craig J. Mariam
Anthony D. Phillips
Josh D. Bradus
Attorneys for Defendant BuyerQuest, Inc.

---

[4] *See, e.g.*, *NavCom Tech., Inc. v. Oki Elec. Indus. Co.*, No. 5:12-CV-04175-EJD, 2014 WL 991102, at *14 (N.D. Cal. Mar. 11, 2014), *aff'd sub nom. NavCom Tech., Inc. v. Oki Elec. Indus. Co, Ltd.*, 756 F. App'x 682 (9th Cir. 2018) (denying request to dismiss enforceable Limitation of Liability provision).

- 10 -

REPLY BRIEF IN SUPPORT OF BUYERQUEST'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:20-cv-01294-RS